

**FILED**

OCT 2 4 2023

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

SHARON ROSE ZLATKIN

PEGGY J. ZLATKIN

Case: 1:23-cv-12693
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 10-24-2023
CMP ZLATKIN, et al v. Butman Township, et al (tt)

                    Plaintiffs,                          Hon. Thomas Lamson Ludington

vs.    No.


                                                        MagistrateJudge: Patricia T. Morris


BUTMAN TOWNSHIP, Gladwin County Michigan,  Supervisor Township Board Members

GLADWIN COUNTY located in and existing by virtue of the State of Michigan and operating

under the entity, Gladwin County, and all Commissioners of Gladwin County

JOSHUA M. FARRELL, individually and in his capacity

as a Judge of the Michigan 80th District Court;

ELIZABETH M. POST, individually and in her capacity as 80th District Court Magistrate


1

**INCONSISTENT PAGE NUMBERS**



UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

**FILED**

OCT 2 4 2023

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

SHARON ROSE ZLATKIN

PEGGY J. ZLATKIN

Case: 1:23-cv-12693
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 10-24-2023
CMP ZLATKIN, et al v. Butman Township, et al (tt)

                    Plaintiffs,                         Hon. Thomas Lamson Ludington

vs.    No.

                                                        MagistrateJudge: Patricia T. Morris


BUTMAN TOWNSHIP, Gladwin County Michigan,  Supervisor Township Board Members

GLADWIN COUNTY located in and existing by virtue of the State of Michigan and operating

under the entity, Gladwin County, and all Commissioners of Gladwin County

JOSHUA M. FARRELL, individually and in his capacity

as a Judge of the Michigan 80th District Court;

ELIZABETH M. POST, individually and in her capacity as 80th District Court Magistrate

1

**INCONSISTENT PAGE NUMBERS**

STEVEN WORPEL, individually and in his capacity as 80th District Court Magistrate

ROBERT LEE, individually and as a Trooper in the

Michigan State Police;

JUSTIN RONALD HENDERSON,  individually and

as a Trooper in the Michigan State Police;

JAMES MAVEAL, JR., individually and in his capacity as under the color of law

Purported Gladwin County Animal Control Officer;

AARON MILLER, individually and in his capacity as

Gladwin County Prosecuting Attorney,

NORMAN  E. GAGE, individually and in his capacity as

Gladwin County Assistant Prosecuting

Attorney;

VICKI SUE CHICKERING, individually and in her capacity as

Senior Field Staff Veterinarian, Michigan Department of

Agriculture and Rural Development and

GINA COON, Certified Electronic Operator and

Court Recorder of the Michigan 80th District Court,

Rebecca Kreisher attorney working for IDC Karen Moore, individually

Karen Moore (A.k.A Karen Willing) attorney ,

Owner IDC,

2

Jointly and Severally, Defendants.

_____/

Sharon Rose Zlatkin & Peggy J. Zlatkin *in pro se*

c/o 2699 Dutcher Road

Gladwin , Michigan 48624

 email: peggyz7412@gamil.com

(989) 387-6577

_____

_____

**There is no other civil action between these parties arising out of the same transaction or**

**occurrence as alleged in this Complaint pending in this Court nor has any such**

**action been previously filed and dismissed or transferred after having been assigned**

**to a judge that Plaintiff SHARON ZLATKIN  and Plaintiff PEGGY ZLATKIN is**

**aware of ,  or any other civil action, nor does  Plaintiff knows of any other civil**

**action not between these parties, arising out of the same transaction or occurrence**

**as alleged in this Complaint.**

_____

3

**PLAINTIFF'S COMPLAINT & DEMANDS FOR TRIAL BY JURY**

**NOW COMES** Plaintiff SHARON ZLATKIN jointly with Peggy Zlatkin in this instance
lawsuit on their own behalf, and their complaint against the above defendants states as
follows and declares: That the amount in controversy exceeds the sum of ONE
HUNDRED THOUSAND DOLLARS (100,000), exclusive cost, interest.
[Jurisdiction and Venue]

1.    At all times relevant to this lawsuit, Plaintiff SHARON ZLATKIN & PEGGY ZLATKIN
(herein "Plaintiff") were a resident of the Township of Butman, County of Gladwin, State
of Michigan.

2.    Plaintiffs bring this lawsuit against all the named and unnamed Defendants.

3.    This course of action arose in the Township of Butman, County of Gladwin , State of
Michigan

This Honorable Court has jurisdiction over this action under pursuant to 28 USC 1331 and 28
U.S.C 1343 for violations of Plaintiff's protection under the Fourteenth , First , Fourth ,
Fifth, Sixth, Seventh and Eighth Amendments to the and enforcement there pursuant to
Title 42 United States Code 1983 and Michigan State law , Michigan State Constitution
And Constitution of the United States seeking damages for violations of the clearly
established constitutional rights of Plaintiffs . This court also has supplemental
jurisdiction over related class under 28 U.S.C. 1367.

4.    Defendants are agents or employees of the State of Michigan or of Gladwin County,
to wit:

4

**Defendant Butman Township Gladwin County Michigan** is a Township within Gladwin

County Michigan and is a municipality having  more authority , powers than the county,

and can adopt police powers ordinances.  A county cannot enforce township, city, or

village ordinance, that enforcement must be the responsibility  of the respective

municipality. " Holding that municipalities and local governments are "persons' ' who

may be sued under Title 42 & United States Code section 1983 for Constitutional

deprivation resulting from policies, practices and customs  and officials, lack of

jurisdiction and authority. Any and all other entities  or individuals ( Federal and State) to

be named as Defendants upon discovery, who either instructed, advised,conspired,

cooperated, or directed in any all of the defendants, and or acted at the direction of or in

collaboration with any and all of the other Defendants, named and /or unnamed,and were

and remain actors that encroached upon Plaintiff's Constitutional rights and enter onto her

farm and enter into her home.

**Defendant Gladwin  County** is a county government and is an extension of the state

government of the State of Michigan. "The Commissioners are the governing body and

policy -making body for the County Government. While Michigan law prescribes many

of its power, duties and responsibilities through statute's,  the elected  Board of

Commissioners is in charge of  development and approval of County policies , through

customs, practices, procedures , resolutions and ordinances that serves the County, 80th

district court through appointed boards and elected officials and commissioners ."

Holding that municipalities and local governments are "persons" who may be sued under

5

Title 42 & United States Code section 1983 for Constitutional deprivation resulting from policies, practices and customs and officials, lack of jurisdiction and authority. Any and all other entities or individuals ( Federal and State) to be named as Defendants upon discovery, who either instructed, advised,conspired, cooperated, or directed in any all of the defendants, and or acted at the direction of or in collaboration with any and all of the other Defendants, named and /or unnamed,and were and remain actors that encroached upon Plaintiff's Constitutional rights and enter onto her farm and enter into her home.

**Defendant/Respondent**, unnamed State Troopers are officers, directors, and commanders of the Michigan State Police, and /or acting in concert therein, and who acted as law enforcement officers for and on the behalf of the executive and administrative branch of the State Government, and at all times relevant to the facts and circumstances described in this complaint, acted at the direction of or in collaboration with any and all other Defendants, named and unnamed and were and remains an arm of the State Government.

**JOSHUA M. FARRELL**, an elected public entity or agent acting in his office capacity, individually as the Chief Judge of the Michigan 80th District Court in all respects as regards this case acting under color of state law. Chief District Court Judges appoint Magistrates and are responsible to supervise the Magistrates. As Chief Judge Joshua Farrell is responsible for all Court records for the 80th District Court of Gladwin County.

**ELIZABETH M. POST**, individually and public entity or an official acting in her official capacity and agent. At times pertinent the court administrator and Attorney Magistrate is and at times pertinent was, the Court Administrator and

6

Attorney-Magistrate of the Michigan 80th District Court in all respects as regards this case acting under color of state law and under the direction of Chief Judge Joshua Farrell.

**STEVEN WORPEL** Attorney -Magistrate of the Michigan 80th District Court in all respects as regards this case  individually, acting under color of state law and under the direction of Chief Judge Joshua Farrell.

**ROBERT LEE individually and** is a Trooper in the Michigan State Police;  in all respects as regards this case acting under color of state law.  An agent for the State of Michigan is an unelected and unaccountable strong arm of the state, "state police" force in every sense of the term, acts as a law enforcement branch for and behalf of the executive branch of the state government, at all times to the facts and circumstances described in this complaint , acted at the direction of or in collaboration with any and all of the other defendants , named or unnamed and who were remain an arm of the executive branch of government.

 **JUSTIN RONALD HENDERSON individually and**  is a Trooper in the Michigan State Police;  in all respects as regards this case acting under color of state law . An agent for the State of Michigan is an unelected and unaccountable strong arm of the state, "state police" force in every sense of the term, acts as a law enforcement branch for and behalf of the executive branch of the state government, at all times to the facts and circumstances described in this complaint , acted at the direction of or in collaboration with any and all of the other defendants , named or unnamed and who were remain an arm of the executive branch of government.

7

**JAMES MAVEAL, JR**. is the Purported Gladwin County Animal Control Officer; in all
respects as regards this case acting  individually, under color of state law.  Defendant
James Maveal reports directly to the Gladwin County Board of Commissioners.  Acting
as an  Animal Control Officer, individually, and as an agent for Gladwin County,
unelected official. Acting as a deputy but is NOT under the Sheriff Department.

**AARON MILLER** is Gladwin County Prosecuting Attorney for the 80th District Court;
in all respects as regards this case  individually,acting under color of state law. An elected
official, agent, for Gladwin County and a public entity acting in his office capacity.

**NORMAN  E. GAGE** is Gladwin County Assistant Prosecuting Attorney for the 80th
District Court; in all respects as regards this case individually,acting under color of state
law. As an unelected official in his capacity for Gladwin County.

**VICKI SUE CHICKERING** was, at the relevant times pertinent, Senior Field Staff
Veterinarian, Michigan Department of Agriculture and Rural Development acting under
color of state law. Agent of Gladwin County. Individually and as an agent , a public entity
,Senior Field Staff Veterinarian, Michigan Department of Agriculture and rural
Development.

 **GINA COON**  is a Certified Electronic Operator and Court Recorder of the 80th District
Court; in all respects as regards this case acting under color of state law. She is
subordinate to defendants Farrell and Post .Gladwin County, Gladwin, Michigan.
Individually and a public entity /or unelected official acting in her office as CEO.

8

**Rebecca Kreisher Attorney** (P63993) individually,  and as an agent of Indigent Services. Attorney for Gladwin County. Working with Karen Moore private Law firm IDC.

## INTRODUCTION

**NOW COMES** Plaintiff SHARON ROSE ZLATKIN, & PEGGY ZLATKIN in pro se against the above defendants, Any and all other entities or individuals ( Federal and State)to be named as Defendants upon discovery, who either instructed, advised, conspired with, cooperated with, or directed any and all of the other defendants, and or acted at the direction of or collaboration with any and all of the other Defendants , named and unnamed , and who were and remain actors that encroached upon Plaintiff's Constitutional rights and enter onto their farm.

## COMMON FACTUAL ALLEGATION

1.    Plaintiff Sharon Zlatkin is a single female, age 44, Plaintiff Peggy Zlatkin  is a registered nurse .

2.    On August 8th, 2015 , Plaintiff Sharon Zlatkin & Plaintiff Peggy Zlatkin  purchased, on land contract, a 187 acre farm located at 2699 Dutcher Road, Butman Township, Gladwin County, Michigan. We made that our residence. Plaintiffs  had farm livestock and dogs. Plaintiffs operated a small business enterprise, training other peoples' dogs and giving free to Veterans dogs for PTSD.  The farm was devoted to pasture and hay fields for the sustenance of large animals and to obtain cash flow for other animals.

.3.The Zlatkin farm, within the  curtilage is a red brick house,white garage,  chicken coop,  hip roof red barn, run-in shed, workshop and other outbuildings, is located on the southside

9

of Dutcher Road, at 2699 , in Butman Township. The 187 -acre farm, viewed from the south , is a rectangle with the right corner chipped out.

4. The Zlatkins' immediate neighbor to the west, across a 40 -acre pasture from the Zlatkins buildings, is William Roggow residence, and across the road is James Augustine.

5. Immediately after Plaintiffs moved in and on a continuance ever since, the Zlatkins have been subject to animosity and discrimination by these neighbors. This animus can be illustrated by the following some examples but not limited to just these there are many other examples

6. In the spring of April &  May 2016 the Zlatkins noticed James Augustine patrolling up and down Dutcher road in his golf cart approximately 10-15 times per day conducting surveillance of their farm, sitting in front of their house for several hours at a time watching the Zlatkin s.

7. James Augustine watched the comings and goings of the Zlatkins  and on occasion he drove up on the driveway and made puerile gestures at Sharon. There was bad portentous trouble  with the neighbors immediately after the Zlatkins took possession of the farm in September 2015.

8 .October 30, 2019 James Augstine was caught trespassing and admitted to having taken down around 36 ac. of fencing . Not prosecuted for destruction of property. MCL&50.381.  Report was made to the Sheriff Department. This was a pattern of non enforcement of the law by the Sheriff Department, Prosecutor Miller and Assistant Prosecutor Gage.They knew who the lawbreakers were and did nothing.

9.  William Roggow and James Augustine's neighbors have  trespassed, destroyed fences around our farm. We have been followed, stalked, and have surveillance on Plaintiffs , along with their family members who live within less than a mile from our home . William Roggow and James Augustine have spread rumors in the community and defamed the Zlatkins.

10

10. Prosecutor Miller and Assistant Prosecutor Gage refused to prosecute them. This non actionable selective prosecution produced distinctive inequalities. But prosecuted Plaintiff Sharon Zlatkin like a bolt of lightning for when accused of trespassing

11. Sharon had a right of way for moving a sign with the value of $6.50. Sharon moved the sign so it would not damage the hay equipment. Plaintiff Sharon Zlatkin was fingerprinted and mug shots were taken of her by the Gladwin County Sheriff Department. Plaintiff Sharon Zlatkin was being prosecuted for larceny and just two days before the trial.

12. Prosecutor Miller dropped the charges. This is just one example of unequal protection under the law. There are many others that can be given. This selective prosecution and this orchestrated campaign of official harassment against Plaintiff Sharon Zlatkin has been out of sheer malice.

(A) Dogs on our farm have been killed by ethylene glycol (anti-freeze) poisoning. We do not keep antifreeze on our premises. Our horses, it is our belief, were also poisoned. Plaintiffs called Sheriff Shea but no one would investigate.

(B) We have been subjected to organized stalking and complained, but defendants Miller and Gage have ignored our plight. This systemic multiplayer campaign of organized stalking represents a human rights violation. Organized stalking violates multiple laws including the United States Constitution.

(C) In June 2016 Defendant James Maveal came to the farm and noticed that Plaintiff had a litter of German Shepherd puppies. Defendant James Maveal demanded one of them, threatening to seize the entire litter and the mother of the pups if she didn't give him one. (.18 U.S.C. & 873)

(D) Defendant James Maveal told Plaintiff Sharon Zlatkin that he would charge her with

11

animal cruelty if she didn't give a puppy to him. Plaintiff Sharon Zlatkin caved in to
Defendant James Maveal extortion ,she wanted a kennel license, which depended on
James Maveal approval.[ Deposition of Sharon Zlatkin ,pp 123-124. ]

(E)  Defendant James Maveal had commenced working for Gladwin County as an animal
control officer in 2010. He was hired by Gladwin County Commissioners.There was
never a Gladwin County Animal Control Ordinance  to have an animal shelter/animal
control officer.

(F)  Citations were  being prosecuted under state criminal law as a misdemeanor.[ James
Maveal Deposition ,pp124]

In May 2013 Gladwin county enacted a local Animal Control Regulations , Ordinance
2013-001. That ordinance provided for issuing citations as county civil infractions.


**COUNT ONE:**

**Deprivation of Rights under Color of Law Title 18, chapter 13 section 241 & 242**


13. In 2017 began a pattern of citations being made by the complaints of William Roggow that
was the foundation of giving citations to Plaintiff Sharon Zlatkin  on a **fictitious
Ordinance  2013-001. After a court hearing on case # 1414 James Maveal told
Plaintiff that she should stop farming and go back down state , that the farm should
be given back to Robyn Huber (who sold the farm on land contract )and" if you
don't do as I say I'll make sure you don't own an animal again. I will see that you
have nothing." [Sharon Zlatkin deposition pg.95]**

12

14.  Defendant James Maveal, Jr. cited Plaintiff Sharon Zlatkin five times for violation of a
     Gladwin County illegal Ordinance 2013-01  citations numbers
     1441,1414,1450,1454,1455 .

15. A county ordinance that didn't exist but  Defendants Aaron Miller and Norman Gage
    continued to prosecute Plaintiff Sharon Zlatkin  on this non-existent purported
    ordinance, until it was disclosed that they were doing so under an un- applicable law, and
    had to dismiss the charges. But promised that they would look to find another avenue to
    charge Plaintiff Sharon Zlatkin .  At that time the Plaintiffs were not aware that
    unauthorized purported Ordinance 2013-001 never had lawful existence.

16.   In the spring of May 2017 Plaintiff Sharon Zlatkin was confronted by defendant James
      Maveal, Jr. in the parking lot of the Gladwin County Courthouse who said, **"You don't
      belong here.  You should go back to where you came from. I'm going to make it my
      business to see that you do. I promise you will end up with nothing , I will get you .  I
      will get you to lose all of your horses and your farm".This willful, callus,
      indifferences has been a pattern of Defendant James Mavael of a person who was
      hired by the Gladwin County Commissioners.**

**17. The misconduct which had been obvious which shows the lack of training and
     demonstrated that training does not meet acceptable standards within a law
     enforcement environment and within a community . This was and has been a failure
     to train.**

18.  Defendant James Maveal, Jr. cited Plaintiff Sharon Zlatkin  on state statute four times for
     animals running at large based upon the complaints of  the only witness William Roggow.

13

William Roggow has stated on video tape that Plaintiff Sharon will "go to jail" and he
will "see it" that she would go to jail.

19. Defendants Miller and Gage prosecuted Plaintiff Sharon on those tickets until it was apparent
that the charges were manufactured by William Roggow The charges were dismissed
*nolle prosequi.*

20.   Driving past 919 South River Street in Gladwin there is a  sign on a building that says:
"Gladwin County Animal Shelter".   It would be easy to conclude that this is an agency
of the government of Gladwin County.

21. *Physically* it exists, but has no lawful existence. **That is because Gladwin County Board**
**of Commissioners had never created an Ordinance for a animal shelter/animal**
**agency/animal control.   The Commissioners created this government agency as an**
**illegal body.**

22. Michigan Compiled Laws section 287.289a—called the "Dog Law of 1919"—says that a
"board of county commissioners may by **ordinance** establish an animal control agency
which shall employ at least one animal control officer. "

The agency is given the power to enforce the state dog law in that county. While section 29a
authorized counties to establish animal control agencies and hire  at least one animal
control officer, the Statue is clear it must be by an **ordinance.**

23. A FOIA request by Plaintiff Peggy Zlatkin  recently requested a copy of the Gladwin County
ordinance  that had  established an animal control shelter.  In response,  Mr. Mark Justin,
Gladwin County Administrator, wrote, on February 6th, 2023, "...**your request for the**

14

ordinance created by the commissioners to have an animal shelter in Gladwin

County, Michigan is denied since this record does not exist. Civil counsel for the

county has recently gone through all of the contents for all of the ordinances for the

county and there are no ordinances relating to this request."

24. Nevertheless citations were written against Plaintiff Sharon Zlatkin on an ordinance

that never existed and was never adopted by Butman Township.

25. The property at 919 S. River Street employs two people to operate an animal control force.

Those employees, presently James Lee Maveal and Krystal Moore(A.K.A Krystal Worpel) are

being paid to be Animal Control Officers for "Gladwin County Animal Shelter" by taxed

dollars even though such an agency of the county government does not legally exist.

26. James Maveal began the job of "animal control"May 2010. James Maveal's wife , Laura

Brandon Maveal was until 2021, the Gladwin County Clerk (part of her job was to

oversee the Circuit Court Court.) November 3 , 2017 a lawsuit was filed against James

Maveal for  malicious prosecution. Defendant James Maveal wife Laura Brandon Maveal

was in charge of organizing the proceedings.

The daughter-in-law of William Roggow was the secretary of the Judge of those proceedings.

During those proceedings James Maveal claimed that under the illegal purported

Ordinance 2013-001 he had authority to write citations. Summary disposition was

granted by the trial court Judge and the court of appeals. Both courts were not aware of

this illegal unauthorized Ordinance 2013-001.

27. James Maveal associate, Krystal Moore(A.K.A. Krystal Worpel) has no county car, she is

"confined to the office." Krystal's Moore brother is 80th District Court Magistrate Steven

15

R, Worpell who has the power to sign warrants . He did sign a warrant on November 4, 2020 to raid our farm.

28 . James Maveal and Krystal Moore were sworn as deputies by the Gladwin County Sheriff .

29. The Sheriff never explicitly stated what he made them a deputy of or described their duties which is required. Both James Maveal and Krystal Moore must be under the direction of the sheriff, MCL 51.70.

30. James Maveal and Krystal Moore are not part of the Sheriff Department . Gladwin County Commissioners provide James Maveal a pick-up truck that has a dog box in the bed which says on its side, "**Gladwin County Animal Control" but there is a Sheriff's badge emblazoned** on the door of the cab.

*31. One* would think that if James Maveal drove up on your property he was part of the Sheriff's department with a gun on his hip ,sheriff's badge emblazoned on the truck with the same lights on the truck as a police vehicle. The same color of uniform as the Sheriff Department deputies and wearing a protective vest. That Defendant James Maveal was from the sheriff's department.

32. **Neither Defendant James Maveal nor Krystal Moore are MCOLE certified ( Michigan Commission on Law Enforcement) per Mark Justin administrator of Gladwin County**, James and Krystal belong to a union , UAW Local 1974.

33. James Maveal and Krystal Moore do not have any direct superior to whom they report on a daily basis.

34. The chain of command above them is Karen Moore (A.K.A Karen Willing) Chair of Board of Commissioners and the Board of Commissioners, the very same entity that never created the

16

animal control agency. Owner of private company IDC while being a Gladwin Commissioner.

35. **James Maveal admits he is, "...kind of a rogue police officer."[ under oath in deposition]**
**James Maveal has nobody supervising him or Krystal Moore.**

36. **There are no written policies , procedures, customs, descriptions of duties, authority**
**for an animal control officer to adhere to.**

37. **There is no job description of an Animal Control Officer for Gladwin County.**

38. **There are no policies of the Board of Commissioners that could be vigorously enforced**
**for Animal Control Officers." The de facto government agency created a de facto**
**officer under color of an appointment or even by election to that office but whose**
**lawful and legal tidal or authority is defective". Norton v Shelby County 118 U.S.**
**425(1886),**

**Dounes v Bidwell 182 U.S. 214(1901), Yick Wo v Haapkins 118 U.S. 386(1886)**

39. In December 2017, James Maveal changed court documents without having a trial and made
Plaintiff Sharon Zlatkin " responsible " for citations that he wrote against her, citation
numbers 1441,1414,1450,1454,1455  under the purported Ordinance 2013-001.

40. James Maveal made himself  the judge, prosecutor, and the executioner.

41. **James Maveal has also admitted that he has changed documents that have been filed in**
**the court**.[ under oath in deposition] 18 U.S.C. Code 1506.

42. When Defendant James  Maveal issues a citation or "ticket" for a violation of some animal
welfare law, he signs it on behalf of "Gladwin County Animal Control."

43. Since there is no such legal entity,there was no office known to law;  all the citations  James
Maveal issued therefore are without authority should be void.

17

44. As well as fines or other sanctions imposed by Defendant James Maveal or Krystal Moore. All animals confiscated by him or caused to have been seized is an unlawful act since he has no jurisdiction/authority.

Titles/ownership of animals adopted from there may be voidable.

45. The purported "Gladwin County Animal Control" does not legally authorize Defendant James Maveal to take, steal, confine or otherwise seize any livestock or dogs.

46. What Gladwin County has is an unlawful animal control agency/shelter. A draft of an ordinance doesn't make it a law."Ordinance 2013-001" was never signed by the clerk of the county, not signed by the chair commissioner, and it is Plaintiff's information/belief that it was **never** published in the newspaper.

47. Gladwin County Commissioners, Prosecutor Miller, Assistance Prosecutor Gage, Sheriff Shea , Judge Joshua Farrell, and Magistrate Post , Magistrate Karen Willing (A. K.A Karen Moore), Magistrate Post , Gladwin County Commissioners and Butman Township knew or should have known that purported "Ordinance 2013-001" never legally existed but still continued to prosecute Plaintiff Sharon Zlatkin .

48.. Sharon Zlatkin received around 5 citations under this illegal unauthorized perported "Ordinance 2013-001".

Gladwin County created de facto animal control officers and government agency.( Norton v Shelby County 118 U.S.425 (1886) de jure, de facto, public functionary,usurpation,delegation, ratification. No government agency can ever create a de facto office.)

49. James Maveal has **NO** jurisdiction / authority in Gladwin County or in Butman Township.

18

Section 287.1102 "Animal Control Office" means an animal control officer as described in sections 29a and 29b of the Dog law of 1919 PA 339, MCL 287.299c.

50. November 4th, 2020 at around 9:15 a.m. Plaintiff Sharon was alone in her home , her mother had just left to go to Tractor Supply in Houghton lake.

60. When a mob of unknown people approximately 100 strong with the lead vehicle was the Michigan State Police . This was an organized group of law enforcement vehicles; with a procession of cars, vans and animal haulers like a plague of locusts swarmed into the barnyard.

70. It was so frightening there were no words that could describe what Sharon Zlatkin was feeling.

71. This group of around 100 people moved immediately , swiftly and scattered all over inside the Zlatkins home,barns, stables, kennels,and chicken coop, seizing the animals and loading them into vans, trucks and trailers. This was a deliberate pre-planned and well orchestrated raid

72. Defendants James Maveal, Gladwin County The others are unknown people from around the County or from other counties..

73. This was not an investigation, this was deliberate mobbing and a terrorist activity. Defendant James Maveal never went to the Sheriff Shea for an investigation after receiving the complaint on or around October 25, 2020 of an alleged animal abuse.

74. Defendant James Maveal instigated the call to the Michigan State Police on or around October 26,2020.

75. Defendant James Maveal Gladwin County purported Animal Control Officer, colluded with

19

willfully and wantonly organize all of the following who participated in the raid November 4, 2020 , Senior Field Staff Vicky Chickening, Michigan Department of Agriculture and Rule Development, RuAnn Hicks of Roscommon, Catherine Lemunyon of Standish, Michigan Arena Animal Control, Beth Wellman Midland Humane Society,Officers from Saginaw, Animal Control Officers from Bay City, and Missaukee County Humane Society , Dr Jan Pol Veterinarian, Raymond Evans, Nicole Rayce, Aden Yoder, and Lenon Wheeler, Jenny Lanvers, Lee Zielinski, Nicole Rayce acting willfully and wantonly in concert jointly with Defendant James Maveal.

Defendant James Maveal ingated other raids on Plaintiff Sharon Zlatkin and used the MSP for these raids several times prior to November 4, 2020 which were unfounded.

76 .Plaintiff Sharon Zlatkin could hear the animals screaming in pain and Plaintiff Sharon Zlatkin was unable to see what was happening to them. Plaintiff Sharon Zlatkin believed that the animals were being darted especially after seeing a gun that is used for shooting darts to immobilize animals.

77. Plaintiff Sharon Zlatkin demanded to see the warrant, Defendant Trooper Lee flashed a piece of paper out of his pocket at Plaintiff Sharon Zlatkin and stated "you don't need to see it" and put it back in his pocket. Plaintiff Sharon Zlatkin at no time gave consent to search and seizure of property.

78. Plaintiff Sharon Zlatkin was allowed to make a phone call . Plaintiff Sharon Zlatkin called her mother. Letting her know of the ongoing raid.

79. Plaintiff Sharon Zlatkin was told that no one was going to be "arrested" today, MSP was only there to investigate a complaint.

20

80. Plaintiff Sharon Zlatkin was told to stay in one spot or they would "show her " what they meant if she moved as they put their hand on their gun. Plaintiff Sharon Zlatkin was under guard by two MSP officers with guns on their hips. Sharon was not free to go. Sharon demanded to see the warrant for her arrest , MSP or no other law enforcement department ever produced one. Plaintiff Sharon Zlatkin was never offered food,water, or even a bathroom break for over 8 hours.

81. Plaintiff Sharon Zlatkin's mother arrived at the farm at approximately around 10:25 a.m. Upon her arrival she demanded to see the warrant, but no officer could produce one. Plaintiff Peggy Zlatkin and sister had to remain in the car and were not free to go . They too were under arrest by MSP .

82. There are currently pending in the Michigan 80th District Court five manufactured misdemeanor animal-at-large tickets based upon the complaints of William Roggow and defendant Defendant James Maveal that had started in August 2018.
Plaintiff had no knowledge of these alleged complaints that started on August 15, 2018, August 18, 2018, August 25,2018 .

83. On September 18, 2018 , William Roggow called the Sheriff office and said that "he just wanted to document that he has a pending court case with his neighbor Zlatkins .

84. September 19th, 2018 was the start of the trial ."
It is the Zlatkins belief that this was a pay back for taking Roggow and Augistein to court.

85. No citations were given face to face notice, no appearance notice sent, nothing in the mail, and nothing posted on the door about their alleged " animals running at large citations"

21

against Plaintiff Sharon Zlatkin.

86.  Prosecutor Aaron Miller in November of 2018 put out a warrant on Plaintiff Sharon
     Zlatkin arrest.

87.  For 10 months, Plaintiff Sharon Zlatkin had no knowledge of these allegations of animals
     running at large citations.

88.  Around or thereabout June 30, 2019 William Roggow started the same pattern of
     requesting citations against Plaintiff Sharon Zlatkin.

89.  Again, manufacturing charges of animals running at large. The Zlatkins were deeply
     shocked , surprised , upset and petrified. July 17,2019 Sharon was arraigned on the
     manufactured citations  accompanied by her attorney.

90.  Mr. Yousif G. Yatoma (p80627) who stated in court "We actually do not know what the
     charges are. We have not received a copy of the complaint or the citations, or anything in
     this matter." Case numbers 19-1511-SM,18-1971-SM, and 18-1972-SM. Then again
     Before Elizabeth M. Post (p77830) Attorney Magistrate

91. On September 5,2019 Before Elizabeth M. Post (77830)For PreTrial Arraignment Attorney
     Mr.Yousif G. Yatoma made an appearance for Sharon.Case numbers 19-1576-SM,
     19-1626-SM Under FOIA there are no documentations of these citations to have been
     enforced.

See below.

**GLADWIN COUNTY BOARD OF COMMISSIONERS**

**Office of the County Administrator**

401 West Cedar Avenue

Gladwin, Michigan 48624

Phone (989) 426-4821    Fax (989) 426-4281

mjustin@gladwincounty-mi.gov

## RESPONSE TO FOIA REQUEST

September 14, 2023

Peggy Zlatkin via email

Dear Ms. Zlatkin,

This notice is in response to your email dated 9/14/2023 directed to me, requesting information under
the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*

*"This is a FOIA request for any and all documents from August 2018-September 2019*
*for  any state civil infraction that  prosecuting attorney Aaron Miller approved in writing*
*the issuance of the citations for animals running at large against Sharon Zlatkin 2699*
*Dutcher Rd, Gladwin, MI 48624"*

23

Your request is denied due to the fact that these documents do not exist.  While you have requested

these documents in previous FOIA requests, I have again consulted with the Prosecutor's office

on this current request and received the following response: "I have reviewed our records

and we have **no record** of documents from August 2018-September 2019 for any state

civil infraction that prosecuting attorney Aaron Miller approved in writing the issuance of

the citations for animals running at large against Sharon Zlatkin 2699 Dutcher Rd,

Gladwin, MI 48624."

Regards,

Mark Justin
Gladwin County Administrator
mjustin@gladwincounty-mi.gov
(989) 426-4821

92.    Plaintiff Sharon Zlatkin has been prosecuted, warrants for her arrest have been issued on

these citations that have no documentation.

93. Rearrangement on April 26,2021  and a cash bond placed against Plaintiff Sharon Zlatkin in

the amount of around $275,000 cash on citations that don't exist by Defendant Prosecutor

Aaron Miller, Defendant Judge Joshua Farrell, and Prosecutor Norman Gage.

94.    These  prevaricators who have openly expressed their goal to run Plaintiff Sharon Zlatkin

out of Gladwin County and put her in jail.  Defendant Karen L. Moore,  (Also AKA

Karen Willing) who was then  a Magistrate under defendant Joshua M Farrell, signed and

issued two of the warrants against Plaintiff Sharon Zlatkin.

95.    Karen Moore is the  Board Chair Commissioner and owner of IDC who  provided Rebecca

Kreisher as Plaintiff Sharon Zlatkin public defender .

24

96.     Rebecca Kreisher  works for IDC Karen Moore  private company was to have defended
        Plaintiff Sharon Zlatkin under IDC contract with Gladwin County.

97.     Defendant(Then) Magistrate Moore  ( A.K.A.Karen Willing) also signed and issued a
        Search Warrant with respect to Plaintiff Sharon Zlatkin animals and farm on June 25th,
        2018 . Which was unfounded.

98. On December 16th, 2020 a Complaint was filed in the 80th  District Court, Case no. 20-1743
        FY charging Plaintiff Sharon Zlatkin & Plaintiff Peggy Zlatkin with a
        felony—Abandoning/Cruelty to 25 or More Animals in Violation of MCL
        750.50(4)(e)—and four misdemeanor counts. This stems from a raid on the farm on
        November 4th, 2020. [See details in Count VI below.]

**99. Defendant BUTMAN TOWNSHIP** has no ordinance for animal control/or animal agency.
        Making Butman Township an unrestricted township for having animal's.

**99   .BUTMAN TOWNSHIP** has never contracted with Defendant Gladwin County for
        service's for animal control/agency.

**100.   Defendant BUTMAN TOWNSHIP** has never made Defendant  Gladwin County by
        resolution their agent for any Services.  There has never been any legal agreement for
        contractual services between Defendant Butman Township and Gladwin County.  There
        is no formal legal agreement entered to have Defendant Gladwin County for Animal
        Control services or police .The prerequisite to have a County ordinance  for a Township
        is an adoption of that ordinance, paying for services by line item.

101 .There are no documents that show a list of services that Defendant Gladwin  County is
        providing to  Defendant Butman Township.

102 .There is no contract that Gladwin County Sheriff Department is contracted with Defendant Butman Township for any Services.

103. There are no documents showing Butman Township has paid Gladwin County for service's that have been provided.

104. Defendant Butman Township has no lined item payments to Gladwin County Sheriff Department for services.

105. Defendant Butman Township has no documents of resolutions for the past 15 years that makes Defendant Gladwin County Michigan an agent for Defendant Butman Township for services for animal control/shelter and services for police or for the Gladwin Sheriff Department or has called upon the Michigan State Police for services.

Defendant Butman Township allowed the illegal government agency Gladwin County Animal Shelter to come onto the private property of Plaintiff Sharon Zlatkin and Plaintiff Peggy Zlatkin. DefendantButman Township has been collecting taxes for an illegal government agency purported "Gladwin County Animal Shelter".

James Maveal had no authority to call orchestrate a raid February of 2017, June 2018, and November 4, 2020 with the Michigan State Police

There was no adoption 2013-001 by Butman Township of any ordinance for animal control officers to enter into Butman Township that gave James Maveal authority or jurisdiction.

There was never a legal ordinance for a shelter/ animal control. Defendant James Maveal masqueraded as law enforcement officer with no oversight by Defendant's GladwinCounty, Gladwin County Commissioners, no policy's,no customs, no job description, and no ordinance. Monell v Department of Social Services 436

26

U.S.658(1978)

Under the color of law.

106.**TOWNSHIP ORDINANCES ACT 246 of 1945**

**41.181**

*"The township **shall** enforce the ordinances and state laws. If state laws are to be enforced, a township **shall have a law enforcement unit or may by resolution appropriate funds and call upon the sheriff** of the county in which the county is located, the state police or another enforcement agency to provide special police protection for the township.  The sheriff department, state police or other enforcement agency shall , **if called upon** , provide special police protection for the township and enforce local township ordinances to the extent that township funds are appropriated for the enforcement.  **Special township deputies appointed by the sheriff shall be under the jurisdiction of and solely responsible to the sheriff."***

107.   Defendant James Maveal had no jurisdiction or authority in Butman Township.

108.   Defendant James Maveal had No authority to write citations under any state statute against Plaintiff Sharon Zlatkin.

109.   Defendant James Maveal had No authority to call the Michigan State Police to raid our home November 4, 2020.

110.   Defendant James Maveal had no authority to collude, willfully and wantonly to organize a mob to terrorize the  animals and Plaintiffs.

112.   Defendant James Maveal is not just another ordinary person off the street. He was created

27

by Defendants Gladwin County Commissioners who provided Defendant James Maveal a truck with the insignia emblem of the sheriff's office on the door, dog box in the back of a truck, and a gun on his hip. A uniform that looks like a police officer with a badge number 01.

113. Defendant James Maveal is under the direction of the Defendant Gladwin County Commissioners not the sheriff department. That James Maveal reports strictly to  Karen Moore (A.K.A Karen Willing) Chair Board of Commissioners

114. *County Boards of Supervisors ; M.C.L 46.11(j).  The statues limit county ordinance making authority from four different categories; quote*

   *(1) "Must be related to "county affairs" ( e.g., internal operations of the county such as ordinances about county-owned land, buildings, facilities)*

   *(2) Cannot contravene state law.*

   *(3) Cannot interfere in local affairs(e.g., what city, village or township ordinances may require).*

   *(4) Lack of general police power . This limitation is not found above , but rather , is the absence of state statute that delegated such authority to county government.  No statute specifically gives county commissions a general grant of authority to regulate or pass ordinances to protect the "health,safety,and welfare" of the population.  Such statutes do exist for cities,villages, and townships.*

   *(5) Michigan local governments, including counties, have only the powers conferred upon them by the Michigan Constitution or state statutes.   Alan v Wayne County , 388 Mich 210, 245,200 NW2d 628 (1972)*

28

*(6) Municipalities (township.city, village) can adopt an ordinance of the county and then contract with the county for enforcement services."*

115. Defendant Gladwin County has no contracts for services with Defendant Butman Township

- Defendant Butman Township has no adoptions of ordinances, no contracts or resolutions making Defendant Gladwin County their agent.

116. Plaintiffs have been deprived of Plaintiffs rights. Under the color of law, Fourth Amendment, Fourteenth Amendment . The Sixth Amendment, The right to privacy. False arrest. Warrantless unlawful search. Equal Protection violation of Constitution rights under the Fourth and Fourteenth Amendment of the United States Constitution Pursuant to 42 U.S.C. 1983 as to The Individuals in Their Official Capacities.

117. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions ,actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies

[Violations of Constitutional            Rights]

118. United States Code of Law Title 18, chapter 13 section 241 & 242

Deprivation of rights under the color of law

119. Sharon Zlatkin substantive and procedural due process, she was deprived of her rights and
entitlements .

120. WHEREFORE< Plaintiffs respectfully request that this Honorable Court enter judgment in
Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS
($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the
allegations contained in paragraphs 1-120 of Plaintiffs Common Allegations , word for
word and paragraph for paragraph, as fully herein.

**COUNT II**

**PROBABLE CAUSE**

121. Fourth Amendment to the Constitution of the United States of America

"No warrant shall be issued but upon PROBABLE CAUSE" This action is brought pursuant to
42 U.S.C. 1983 against Defendants know and unknown in their official capacities; as
agents and individually for the purposeful denying Plaintiff's Constitutional rights under
due process in violation of Equal Protection Clause of the Fourteenth Amendment and
the Fourth Amendment to the United States Constitution.

**WARRANTED UNLAWFUL SEARCH**

**122. November 4, 2020 at around 1:29 a.m. EST The local news had placed on the wire
"STATE POLICE INVESTIGATES ANIMAL CRUELTY IN GLADWIN
COUNTY" by Ann Williams 100.5 , 790 Newsradio WSGW.**

**7 1/2 hours before [the raid] the "Investigation". Plaintiffs Sharon Zlatkin  and Plaintiff
Peggy Zlatkin while sleeping in their beds when they  were accused of animal abuse**

**before the "Investigation " took place.**

123. A report was made to Defendant James Maveal on or around October 25th ,2020 that
Plaintiffs had 150-300 dogs.

124. There was no investigation.

125. Defendant James Maveal went straight to the Michigan  State police in West Branch,
Michigan. Approximately around 9 to10 days passed before the raid took place.

126.November 4th , 2020  at around 9:15 a.m. Plaintiff Sharon Zlatkin was alone in her home ,
her mother had just left to go to Tractor Supply in Houghton lake. When a mob of
unknown people around 100 strong enter on to the farm. The lead vehicle was the
Michigan State Police and a well organized group of law enforcement vehicles, a
procession of  cars, vans and animal haulers  came into the barnyard like a plague of
locusts.

127. It was so frightening there were no words that could describe what Plaintiff Sharon Zlatkin
was feeling. This group of unknown people around or about 100 moved immediately and
swiftly into our  house ,barns, garage, stables, kennels,and chicken coop, seizing the
animals and loading them into vans, trucks and trailers.

128. This was intentionally, pre-planned and well orchestrated.  Plaintiff Sharon Zlatkin could
hear the animals screaming in pain and  Plaintiff Sharon Zlatkin was unable to see what
was happening to them. Plaintiff Sharon Zlatkin believed that the animals were being
darted especially after seeing a gun that is used  for shooting darts to immobilize animals
and later saw a picture of a person with a hypodermic needle in her hand.

129. Plaintiff Sharon Zlatkin animals were  darted and injected with drugs, so  much so they

31

were unable to stand.

130. They were stunned and loaded into vehicles , and vans,  animal haulers to carry them away.

131.   Defendants James Maveal, Gladwin County purported  Animal Control Officer, colluded with and willfully organize all of the following  who participated in the raid  November 4, 2020 , Senior Field Staff Vicky Chickening, Michigan Department of Agriculture and Rule Development, RuAnn Hicks of Roscommon, Catherine Lemunyon of Standish, Michigan Arena Animal Control, Beth Wellman Midland Humane Society,Officers from Saginaw, Animal Control Officers from Bay City, and Missaukee County Humane Society , Dr Jan Pol Veterinarian, Raymond Evans, Nicole Rayce, Aden Yoder, and Lenon Wheeler, Jenny Lanvers, Lee Zielinski, Nicole Rayce  acting willfully and wantonly in concert jointly with Defendant James Maveal.

132. And  others are unknown people from around the County. This was not an investigation, this was deliberate mobbing .

Defendant James Maveal had instigated raids on Plaintiff Sharon Zlatkin several times, he went to West Branch Post of Michigan State Police January 2018, June 25, 2018, complaints were "unfounded" and then  November 4, 2020 .

133. The Michigan State Police was under the direction and leadership of Defendant Trooper Robert E. Lee . Which started the search November 4, 2020 around 9:15 a.m. Defendant Trooper Robert E. Lee announced that he had a warrant and barged into the house.

134. Plaintiff Sharon Zlatkin demanded to see the warrant, and she asked for her attorney to be present. ( Sharon Zlatkin had a court appointed attorney on  October 26, 2020, attorney Rebecca Kreisher)

135. Defendant Trooper Robert E. Lee flashed a piece of paper out of his pocket at Sharon and stated "you don't need to see it" and put the paper back into his pocket, not allowing Plaintiff Sharon Zlatkin to read the warrant.

136. Plaintiff Sharon Zlatkin believed Defendant Trooper Robert E. Lee stood aside during the subsequent search. Attorney was not provided and not called. Sharon Amanda Rights were not read to her.

137. In reality , the officers hadn't sought a warrant. Defendant Trooper Robert E. Lee **LIED** about having a search warrant..

138. Michigan State Police came searching for the fruits and instrumentalities of a crime.

"Based upon this false assertion the officers possessed a search warrant cannot be voluntary and must be invalid." Bumper -v- North Carolina 391 U.S. 543 (1968)

People v Mullaney , 104 Mich App. 787 (1981) This would be grounds to deny summary judgment under Federal Rule 12b(6) on 42 U.S.C. 1983 Hadley v Williams 368 F. 3d 747 (7th Cir. 2004)

138. Plaintiff Sharon Zlatkin was allowed to make a phone call . Plaintiff Sharon Zlatkin called her mother. Letting her know of the ongoing raid.

139. An officer put a hand on Plaintiff Sharon's shoulder and instructed Sharon Zlatkin, "Come out of the house with us." Officers escorted Plaintiff Sharon Zlatkin a few yards to a point next to a tree in the front yard with a large rock.

140. Plaintiff Sharon Zlatkin was told to stay in one spot or they would "show her" what they meant if she moved , putting their hand on their gun . Plaintiff Sharon Zlatkin was under guard by two MSP officers with guns on their hips. Plaintiff Sharon Zlatkin was not free to go. Plaintiff

33

Sharon Zlatkin demanded to see the warrant for her arrest, MSP or no other law enforcement ever produced one. Sharon never received food, water, or offered a bathroom break for around 8 hours.

141. Peggy Zlatkin arrived at the farm at approximately 10:25 a.m.Upon Peggy's arrival she demanded to see the warrant, but no officer could produce one , there was none to be had. Sharon Zlatkin remained by the tree, Peggy and her other daughter had to remain in the car and were not free to go . Plaintiffs Sharon & Peggy Zlatkin were told there weren't going to be any arrest" today" MSP was only  there  to" investigate" a complaint.

142. They too were under arrest by MSP. They also were never offered any food or water for approximately 7 hours.

143. There was never any aggression displayed by the Zlatkins towards anyone either verbally or physically.

144. The detention of the Zlatkins while the premises were searched is a significant restraint on their liberty. This was a seizure of their person and cannot be supported by probable cause

This was a false arrest; there was no probable cause for the Zlatkin family to have been arrested , other than to bar the Zlatkins resistance to the unconstitutional search and seizure of their  property. Zlatkins were restrained without legal justification or without any color of legal authority.

144. This is depriving Plaintiff Sharon Zlatkin,  her mother and sister civil rights and deprivation of civil rights  under color of law, in violation of Title 18, United States Code Section 242. There were no warrants at the time of detainment.

34

145. Defendant Trooper Lee left the farm almost immediately upon the arrival of Plaintiff'sSharon mother. Trooper Lee and Trooper Henderson left the farm at approximately 10:35 a.m. This was the illegal warrantless unlawful search and seizure . **This was an unconsented search.**

    (a) There were no exigent circumstances that could justify warrantless entries onto and into Plaintiffs curtilages of their property.

    (b) There are no exigent circumstances that could justify warrantless entries such as being in hot pursuit of a felon, imminent destruction or removal of evidence, the threatened escape by a suspect, or safety of the public, police officer or a person's residence.

    ( c) There is no arguably doctrine to have permitted around 100 unknown people to invade and mobbed Plaintiffs home,barnes and curtilage. The intrusion of around 100 people was a substantial invasion of privacy on the Zlatkins.

    *"The Fourth Amendment protects against "unreasonable searches and seizures broadley speaking and an nonconsensual intruded beyond areas where uninvited people are not expected, This warrant applies to civil as well as criminal searches" Sildal v Cook County, 506, U.S. 56 , 66-67 n.11,113 S.Ct.538 (2)LED 2d 486 (1978)*

    *Michigan v Tyler 436 US 499, 504-05, 98 Ct. 1942, 56L Ed 2d 486 (1978)*

146. The search was not based on probable cause. Not authorized by a warrant. Nor justified by exigent circumstances. The information thus obtained illegally could not be used to support the search issued November 4, 2020 at 11:51 a.m. The evidence obtained pursuant to the search warrants must be suppressed.

35

## THE SEARCH WARRANT

147. The search warrants were signed by Magistrate Steven Worpell of the 80th district court. .

148. Defendant Trooper Robert E. Lee returned to the farm on or **around 4:30 p.m.**

   **approximately 6 hours later(6) .**

149. Defendant Trooper Lee returned to the farm. With two warrants.

150. Defendant Trooper Lee gave Peggy Zlatkin a copy of two Search Warrants. One was

   timed stamped "11-4-20:11:51a.m. (in the left hand corner of the page) and the other was

not time stamped. Two sheets GLADWIN CO PA" and captioned "80" District Court case No.

   32-3533-20".

151. These warrants were not even issued until **After** the raid began and animals were seized and

Peggy, Sharon and Cece were arrested.

152. Trooper Lee **LIED** saying he had a search warrant when he came onto the property. **There**

**was NO WARRANT** when the search began , and the seizure was executed ; immediately

seizing the animals.

153. It is required that the warrant be signed by a neutral magistrate absent exigency even where

   supporting probable cause is overwhelming.

154. Cognitively Magistrate Steven Worpel abandoned his judicial neutral and detached

   function; he is the brother of Krystal Moore (A.K.A. Krystal Worpel).

155. Krystal Moore who is employed by Gladwin County and works as an animal control

36

officer at the Gladwin County Animal Shelter.

"Duly appointed magistrate who happens to be connected to law enforcement may not constitutionally issue warrants," Vance v North Carolina,432 F2d 984 (CA y,)(1970)

156. These Warrants were signed by Magistrate Steven Worpel JR 80th District Court , Gladwin, Michigan.

157. Both warrants were signed by Magistrate Steven Worpel **BUT** bears no time of the signing of his signature It says it is based upon, '...the attached affidavit..." of "Trp. Robert Lee III" and commands a copy of the warrant, "...with an affidavit attached...' must be left with the person from whom the property was taken. Plaintiff Peggy Zlatkin was not given a copy of any affidavit.  Michigan law regarding search warrants requires that the warrant must either state the grounds or the probable or reasonable cause for its issuance or have attached to it a copy of the affidavit,  MCL 780.651. It must be issued **BEFORE** the search and seizure.

158. All Plaintiff Peggy Zlatkin received were one-page of each  warrant, no affidavits, and the pages they served indicated each is page 4 of 5 pages.. What is on the other four pages was not disclosed and **NEVER** given( only to be discovered 50 days later).

159. The affidavit for the search warrant, which was discovered , was reviewed by Assistant Prosecutor Norman E. Gage and attested to by Magistrate Worpel.  Plaintiff's information and  belief  the time-stamp "GLADWIN COUNTY PA" means "Gladwin County Prosecuting Attorney" and indicates the time defendant Norman Gage reviewed and approved it. Hence the actual warrant itself was issued by Magistrate Worpell subsequently.

37

Trooper Lee also removed a SIM card from a cell phone, seized it and took it away.

160. As the mob pillagers left around 4:30-5:00 p.m. Defendant Trooper Robert E. Lee gave a carbon copy tabulation to Peggy Zlatkin of what they took that was extremely hard to read.

161. They took no cats nor any of the old geese. They stole half of a pallet of 50-pound dog food bags; "You won't need these anymore," Sharon Zlatkin was told by Trooper Robert E. Lee.

162. .The Michigan State Police under the leadership of Defendant Trooper Lee was in charge of the November 4th, 2020 search and seizure.

163. It was a deliberate and intentionally pre-planned and well-orchestrated operation[1].  In collusion were Defendant James Maveal who colluded with  Senior Field Staff Vicky Chickening, Michigan Department of Agriculture and Rule Development, RuAnn Hicks of Roscommon, Catherine Lemunyon of Standish, Michigan Arena Animal Control, Beth Wellman Midland Humane Society,Officers from Saginaw, Animal Control Officers from Bay City, and Missaukee County Humane Society , Dr Jan Pol Veterinarian, Raymond Evans, Nicole Rayce, Aden Yoder, and Lenon Wheeler, Jenny Lanvers, Lee Zielinski, Nicole Rayce  acting willfully and wantonly in concert jointly with Defendant James Maveal.

163. Defendants Aaron Miller and Norman Gage, Gladwin County prosecuting Attorney and Assistant prosecutor respectively, obtained search and seizure warrants from the court **AFTER** the fact.

---

[1]  Except they did not get a warrant beforehand.

164. The warrants were based upon searches and evidence seized which exceeded permissible bounds .

165.. The search and seizures were done in violation of Plaintiff Peggy and Sharon Zlatkin rights under the 4th Amendment to the U. S. Constitution applied to the states via the 14th Amendment,

166. On December 16th 2020, defendant Aaron Miller filed a Felony Information in case no. 20-1743-FY charging Plaintiff Sharon Zlatkin & Plaintiff Peggy Zlatkin with a felony; Abandoning/Cruelty to twenty-five or more animals and four misdemeanors; burial of three animals and kennel facility violations. A Felony Complaint was issued.

167.This Complaint was based upon alleged evidence gathered during the November 4th 2020 raid by defendants Troopers Robert Lee, III and Justin Ronald Henderson and others with no warrant.

**WARRANT REQUIREMENT**

168. Fourth Amendment to the Constitution of the United States guarantees to the people the right to be "secure in the persons, houses, papers, and effects, against unreasonable searches and seizures." ID Similarly, the Michigan Constitution guarantees that"the person, houses, papers, possessions, electronic data or electronic communications shall issue without describing them, nor shall probable cause, supported by oath or affirmation." Const 1963, art1 , 11. Absent a compelling reason, Michigan courts must construe Const 1963, 1, 11 "to provide the same protection as that is secured by the Fourth Amendment." People v Collins ,438 Mich 8,25; 475 NW2d 684(1991)

39

169."A search within the meaning of the Fourth Amendment 'occurs when an expectation of privacy that is prepared to consider reasonable is infringed" "People v Jones ,279 Mich App 86 .91;755 NW2d 244(2008) ,. quoting United States v Jacobsen, 466 U.S. 109, 113; 104 S Ct 1652;80 L Ed 2d 85(1984).

170. Fourth Amendment of the United States Constitution protects people from unreasonable searches and seizures and states that warrants will not be issued without probable cause, supported by affidavits that **describe in DETAIL the place that will be searched and the things that will be seized**. There were no details of  great **particularity**, **no description** of the livestock to be seized or the place specifically described where they were to be seized from , no specifically describing what dogs are to had been seized and no description of the dogs,the barns on the property are not described in detail. **The animals were seized WITHOUT HAVING A WARRANT.**

171. The Michigan Constitution contains a similar provision that has been construed as providing the same protections as the Fourth Amendment.

172. The warrants were overly broad.The language of the warrants does not describe in detail and does not describe the things to be seized. Does not describe the kind of animals that had to be seized.

173. **Neutral and Detached Magistrate**

A magistrate who issues a search warrant MUST be " neutral and detached" this is a

requirement rooted in the United States Constitution and Michigan Constitution. Chadwick v City of Tampa 407 U.S. 345,350,1972; People v Payne,424 Mich 475,482-483,Const 1963 art3 &2

Magistrate Steve Worpel is the brother of Krystal Moore (A.K.A. Krystal Worpel)

174.  Krystal Moore works at the  purported Gladwin County Animal Shelter as an purported Animal Control officer who took seven dogs from the  Plaintiffs home.

175. Plaintiffs respectfully requested moves in limine to suppress  that all of the alleged evidence supporting the criminal and civil complaints , charges and forfeiture be done subsequence to 9:15 a.m. November 4, 2020 was tainted by the unlawful  warrantless search , seizure , and biased magistrate in violation of Plaintiff's Sharon Zlatkin  and Plaintiff Peggy Zlatkin rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and cannot be used for Deprivation of Plaintiffs rights. Under the color of law. Fourth Amendment, Fourteenth Amendment . The Sixth Amendment,

The right to privacy. False arrest. Warrantless unlawful search.

Due Process of law.

176. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions  against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under

41

Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies

Defendants were at all times relevant to this action under the color of law within their scope of appointment or as elected officials. 18 U S Code 242 title 18 U.S.C.1940 352 March 4, 1902 Ch . 177. At all times relevant time individual Defendants were acting pursuant to their scope of appointment using the power of their office to justify their actions.

[Violation Plaintiffs resserts and re-alleges each and every allegation contained in paragraphs. as fully set forth herein.ations of Constitutional Rights]This violation was caused by conduct by all actors alleged in this count.

178. WHEREFORE< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of TWO HUNDRED THOUSAND DOLLARS ($200,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.121-178


## COUNT III—DENIED EFFECTIVE ASSISTANCE OF COUNSEL—6th and 14th AMENDMENTS


179.On October 26th, 2020 Rebecca Kreisher, JD (P63993) was appointed by defendant Magistrate Elizabeth M. Post (P77830) to represent Plaintiff Sharon Zlatkin because she

42

could not afford her own lawyer.

180. Plaintiff Sharon Zlatkin believes defendant Post acted upon information provided by former magistrate Defendant Karen L. Moore, (AKA Karen Willing) who is president and consultant manager of Indigent Defense Consultants, P. C., who has a contract with Gladwin County to provide defense attorneys to clients who cannot afford an attorney.

181. Defendant Moore also is a Gladwin County Chair Commissioner.

Defendant Kreisher does not display any expertise in criminal law or procedure.

(a)     Defendant Rebecca Kreisher's only contact with Plaintiff Sharon Zlatkin in October 2020 was around a four-minute telephone conversation. Sharon Zlatkin was never notified by Rebecca Kreisher to show up for court November 24, 2020. For file numbers:18-1971,18-1972-19-1511,19-1576-,19-1626. was never notified by phone, mail, email, text messages.

The prosecutor didn't show for the pretrial . Judge Joshua Farrell was acting as an prosecuting attorney and the judge. At that moment of time Rebecca Kreisher could have made a motion to have all charges dismissed. But she continues requesting to have a show cause against her own client Plaintiff Sharon Zlatkin.

(b) On April 26, 2021 was to have been a trial for Civil forfeiture of the animals. Plaintiff Sharon Zlatkin was never notified by phone, mail, email, text messages that on April 26th, 2021 the misdemeanor cases Files #18-19718-1972,19-1511,19-1576-19-1626 would be called for re-arraignment and other criminal charges. (Sharon Zlatkin had already been arraigned on those misdemeanor charges July 17, 2019 and those manufactured misdemeanor charges file # 18-1971,18-1972,19-1511,19-1576,19-1626

43

were set to be dismissed by Prosecutor Miller September 26, 2019  which is time stamped and was filed in the court by Prosecutor Miller.

 Ms Kreisher knew or should have known about the dismissal of the misdemeanors.  She had the court file also Prosecutor Miller, Assistant Prosecutor Gage and Judge Joshua Farrell knew or should have known) because Ms. Kreisher was present in the courtroom via Zoom April 26, 2021.

(b)Plaintiff Sharon Zlatkin had no knowledge that Defendant Rebecca Kreisher was appearing on zoom nor did Plaintiff Sharon Zlatkin know that she was being arranged on any criminal charges.

( c) Plaintiff Sharon Zlatkin was blindsided by Defendant Judge Joshua Farrel , Defendant Prosecutor Miller, Defendant Assistance Prosecutor  Norman Gage and Defendant Rebbeca Kreisher.  First a criminal proceeding  took place then it  became civil forfeiture proceeding.

 This was willful, callous, deliberate  indifference of Plaintiff Sharon Zlatkin constitutional  rights to an attorney before the criminal proceedings. Plaintiff Sharon Zlatkin believes that all these actors conspired together.

(d)      On  April 26, 2021 Defendant Rebecca Kreisher and Plaintiff Sharon Zlatkin had no conversation prior to the cases being called and were not allowed any off-camera ZOOM conference time in which to confer, in violation of Michigan Supreme Court Administrative Order No. 2020-08 and Michigan Trial Courts Virtual CourtroomStandards and Guidelines Standard B 1. Ms. Kreisher did not object to this nor request off-Zoom conference time.

44

(e)     She did not object to the excessive bail of $275,000 cash.

(f)     She did not file a motion to reduce the bail.

(g)     She did not move to quash the warrants made after-the-fact of the November 4th, 2020 unlawful search and seizures.

(h)     She did not move to suppress evidence obtained as sequellae of the illegal warrants made after-the-fact of the November 4th, 2020 search and seizures.

(i)     Ms. Kreisher did not object to, or move to exclude, evidence obtained as sequellae of the warrants made after-the-fact of the November 4th, 2020 search and seizures.

(i)     She does not comply with the Minimum Standards for Indigent Criminal Defense Services as promulgated by Michigan Indigent Defense Commission and approved by the Michigan Department of Licensing and Regulatory Affairs; Standards 1, 2, 3, 5, 7 and 8.

182. Defendant Magistrate Elizabeth M. Post knew or should have known that Defendant Rebecca Kreisher would not be effective as counsel for Plaintiff Sharon Zlatkin but intentionally appointed her to represent me nonetheless.

183. Plaintiff Sharon Zlatkin has thus been deprived of the effective assistance of counsel in violation of the 8th and 14th Amendments to the U. S. Constitution as a result of the conduct alleged above in this Count. Plaintiff's Sharon Zlatkin rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and for Deprivation of Plaintiff rights. Under the color of law, Fourth Amendment, Fourteenth Amendment . The Sixth Amendment, The right to privacy. False arrest. Warrantless unlawful search.

184. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights. As a direct results of Defendants unlawful actions, actions

45

against Plaintiffs as described herein , which constitute a violation of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies

[Violations of Constitutional                Rights]

Sharon Zlatkin Constitution rights have been violated.This violation was caused by conduct by all actors alleged in this count.

185. **WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs 179-185 of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.re-allege here all of the allegations made above.179-185

**COUNT IV—EXCESSIVE BAIL—8th and 14th AMENDMENTS**

186.Defendants Maveal, Miller and Gage have since November 4th 2020 cited Plaintiff Sharon Zlatkin for five violations of MCL (Michigan Compiled Laws section) 433.12(2), for animals running at large, a misdemeanor. On October 26th, 2020 she requested a court-appointed attorney. Elizabeth M. Post (P77830), 80th District Court Attorney-Magistrate found she was sufficiently destitute to entitle her to a court-appointed attorney. Magistrate Post appointed Rebecca Kreisher (P63993) to represent Sharon Zlatkin on five of the tickets, case

46

numbers 18-1971, 18-1972, 19-1511, 19-1575 and 19-1626.

187.. Plaintiff Shaoron  was notified that on April 26th, 2021 there was to be a hearing in a civil matter: 80th

District Court Case No. 21-30211 GZ. This is a case in which the plaintiff is defendant Aaron Miller

seeking to deprive Sharon Zlatkin of her property rights to her animals. The hearing was on a motion

for the forfeiture of animals taken from her in the raid on November 4th, 2020  She attended via ZOOM

because of the COVID-19 restrictions.  No other case involving her was posted on Judge Farrell's

docket for that day.

Before taking up the civil case, Judge Farrell called the five misdemeanor cases for re- arraignment.

Ms. Kreisher, Sharon Zlatkin's appointed attorney, was there; she must have known the cases were

going to be called. She did not tell Sharon Zlatkin, Therefore  was unprepared and blindsided.The fines

stated for the tickets listed in paragraph (nine) above are $60 each.  Judge Farrell has set bail on

those tickets at $30,000 each, totaling $150,000.

188. Then also the felony case pending,case No. 20-1743 FY. The maximum fine for that case is $10,000.
. Judge Farrell has set bond in that case at $100,000.

The amount of bail is excessive. It deprives plaintiff Sharon Zlatkin of the unhampered preparation of her

defense, does not achieve any valid state interest, and serves only to inflict punishment prior to conviction.

Judge Farrell did not explain or justify any reason for setting bail in those amounts.

The bail also says Sharon Zlatkin restrained: "...not to purchase, possess or be responsible for the care of any

animal."  Animal husbandry is her trade, her livelihood.  This is an injunction: the Michigan District Courts do

not have equitable jurisdiction, MCL 600.8315,MCL766.13,MCL766.1 et seq,MCL 600.83(f). Judge Farrell

exceeded his jurisdiction.

189. Later that morning Judge Farrell granted the motion for forfeiture, thus stripping plaintiff Sharon Zlatkin of

the only assets she had.  The court record shows she could not afford an attorney. Judge Farrell set

excessive bonds intentionally and deliberately for the perverse purpose of getting her put in jail to

languish there while these unjustified cases are pending.

This a violation of the excessive bail clause of the 8th and 14th Amendments of the Constitution of the United

States of America caused by the conduct stated in this Complaint

## United States Constitution 8th Amendment

47

190. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Amendments of the U.S. Constitution and for Deprivation of Plaintiff rights. Under the color of law, Fourth Amendment, Fourteenth Amendment . The Sixth Amendment, The right to privacy. False arrest. Warrantless unlawful search.

191. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights. As a direct results of Defendants unlawful actions, actions against Plaintiff Sharon Zlatkin as described herein , which constitute a violation of Plaintiffs constitutional rights, Plaintiff Sharon Zlatkin has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. 192.To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies

[Violations of Constitutional                Rights]

This violation was caused by conduct by all actors alleged in this count.

193. **WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs of Plaintiffs Common Allegations , word for word

48

and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.186-193

## COUNT V—NO RECORD OF HEARING—14th AMENDMENT

194.    After the hearing on April 26th, 2021 Plaintiff Sharon Zlatkin sent her  sister, Celecia Zlatkin, to request a transcript of that public hearing for Plaintiff Sharon Zlatkin.

195.    Celicia spoke to defendant Gina Coon, Certified Electronic Operator and Court Recorder Linda Hawkins of the 80th District Court, who refused the request. Defendant Gina Coon said; "There is no audio of the hearing. There is no Zoom video to download." There is no record of the civil forfeiture and the criminal arraignment  of April 26,2021.  Linda Hawkins stated that she cannot make a verbatim record. No transcripts are able to be transcribed.

196.    The 80th District Court is a Court of Record of the State of Michigan, MCL 600.8101. All proceedings in the district court, except as otherwise provided by law or supreme court rule, shall be recorded. MCL 600.8331. And MCL 600.8635 requires that a transcript of trial or other proceedings in the District Court must be prepared and filed at the expense of the person ordering it if it has not already been filed, or unless the chief judge of the district court orders otherwise in an order filed in the case file.  Michigan Supreme Court Administrative Order No 2020-08 dated April 7th 2020 provides that due to the COVID pandemic, the Michigan Court of Justice may conduct business via Zoom or similar applications provided:

49

- any such procedures must be consistent with a party's Constitutional rights;
- the procedure must enable confidential communication between a party and the party's counsel;
- access to the proceeding must be provided to the public either during the proceeding or immediately after via access to a video recording of the proceeding, unless the proceeding is closed or access would otherwise be limited by statute or rule;
- the procedure must enable the person conducting or administering the procedure to create a recording sufficient to enable a transcript to be produced subsequent to the activity. MCR 6.104(E)(1) ensures that a verbatim record is made of the arraignment felony charges.

197. The Registers of Action for all the cases heard involving April 26, 2021 that day state: "Court Recorder Linda Hawkins, (CER 668)"

198. The chief judge has not ordered no recording be made or that the transcript, if there was one, be suppressed. Transcripts for April 26,2021 cannot be made.

198. Plaintiff Sharon Zlatkin has been deprived of her right to due process of law and a fair, impartial, public trial in violation of the 5th and 14th Amendments of the U. S. Constitution caused by the conduct alleged in this Count because defendants Farrell and Coon deliberately and intentionally discriminated against Plaintiff Sharon Zlatkin by not making a record of the proceedings in her particular cases April 26, 2021.

199. Defendants' having provided no transcript, are estopped to deny any of Plaintiff Sharon allegations about that hearing.

50

200. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  Under MCR 6.101 (E)(F) Arraignment Procedure: Judicial Responsibility There is no verbatim record.

"(F) Arraignment Procedure; Recording: A verbatim record must be made of the arraignment." There is no record of the civil or criminal proceedings that can be made verbatim..

201. As a direct results of Defendants unlawful actions, actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies

202. This violation was caused by conduct by all actors alleged in this count.

Sharon Zlatkin civil rights under this count have been violated.re-allege here all of the allegations made above.WHEREFORE< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs 194-202 of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.

51

**COUNT V -First Principles : Constitutional Matters Right to Present a Defense DENIED**

**THE  RIGHT TO BE HEARD—5th AND 14th AMENDMENTS**

203.    During the hearing on April 26th, 2021 each time Plaintiff Sharon Zlatkin tried to speak to

the Zoom host, presumably defendant Judge Joshua M. Farrell, muted me.

204.    During the hearing on Civil forfeiture April 26th, 2021  Sharon Zlatkin was not given the

fair opportunity to confront and cross examine the witnesses against her,  to dispute the

allegations being made against her or state her case in her own defense.

United States v Beauge 82

M.J. 157 (the right to cross-examine a witness for impeachment purposes has constitutional

underpinnings because of the right to confront witnesses under the Sixth Amendment and

the due process right to present a complete defense).

205.    At the conclusion of the hearing Defendant Judge Joshua Farrell approved the forfeiture

of all Plaintiff Sharon Zlatkin animals,  placed excessive bail of over $275,000 cash bond

on  the re-arraignment on the manufacturer citations of animals running at large , and

denied Plaintiff

Sharon Zlatkin the right to work in her trade (animal husbandry) and took away Plaintiff Sharon

Zlatkin property; all intentionally and deliberately with the purpose of to punish her

without having been given a  fair and impartial trial.

206. Judge Joshua Farrell **SIGNED HIS ORDERS** without trial at 8:46 a.m. on  April 26,2021;

then again at around 10:36 a.m. with a trial he gave his verbal order. Judge Joshua Farrell

had already made-up his mind. Sharon is **GUILTY**! Judge Joshua Farrell was not

impartial; his actions were no longer a Judicial act but an Individual act as his actions

52

represented his own  prejudice and his judicial position to enhance his private interest. Defendant Joshua Farrell lost his objectivity  This would be grounds to deny summary judgment under Federal Rule 12b(6) on 42 U.S.C.

207.    Plaintiff Sharon Zlatkin was deprived of her  liberty and property without due process of law, in violation of the 5th and 14th Amendments of the U. S. Constitution caused by the conduct alleged in this Count.

208..    Plaintiff Sharon Zlatkin was deprived of her right to an impartial trial and the equal protection of the laws, in violation of the 6th and 14th Amendments to the U. S. Constitution caused by the conduct alleged in this Count.

209. Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions, actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies Sharon Zlatkin Civil rights were violated.. This violation was caused by conduct by all actors alleged in this count.

re-allege here all of the allegations made above.

53

**WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs  of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.203-209

## COUNT VI—CIVIL FORFEITURE—NO JURISDICTION—5th and 14th AMENDMENTS

210..   On February 22nd 2021 defendant Aaron Miller filed a civil action against Plaintiff Sharon Zlatkin and Plaintiff Peggy Zlatkin entitled Complaint for Forfeiture, 80th  District Court Case No. 21-30211 GZ, claiming jurisdiction under MCL 750.50(3).

211    MCL 750.50(3) provides that if an animal is impounded pending the outcome of a criminal charge under MCL 750.50 and before final disposition of that charge, the court may issue an order forfeiting the animal to the impounding person.

212. Defendant Prosecutor Aaron Miller bases the jurisdiction for his civil complaint on the allegation that a criminal action, No. 20-1743 FY, charging Sharon with violation of MCL 750.50, was "currently pending" before the court.

213.   Under Michigan law a criminal complaint is not commenced by issuing a complaint and warrant alone; it is triggered when the defendant is afterwards arrested upon the warrant and bound over for trial.

214.   Plaintiff Sharon & Peggy Zlatkin have  never been arrested with respect to case no. 20-1743 FY and have never been bound over for trial.

54

215.   On April 26, 2021 attorney Rebecca Kreisher appeared for Plaintiff Sharon Zlatkin at the arraignment. That is the earliest date upon which the criminal case could have been "commenced."

216.   There was no criminal case "pending" back on February 21, 2021.

217.   Hence there was no jurisdiction to file the civil case. The filing was void.

218.   Therefore, Defendant Joshua M. Farrell did not have jurisdiction to enter the Order Forfeiting Animals on April 26th, 2021 before having a trial.

219.   Plaintiff Sharon Zlatkin was deprived of their rights and property without due process of law, in violation of the 5th and 14th Amendments of the U. S. Constitution caused by the conduct alleged in this Count.

Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiff constitutional rights. As a direct results of Defendants unlawful actions, actions against Plaintiff as described herein , which constitute a violation of Plaintiff constitutional rights, Plaintiff has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacy .

Under this count Sharon Zlatkin civil rights were denied.

This violation was caused by conduct by all actors alleged in this count.

55

220.    re-allege here all of the allegations made above.**WHEREFORE**< Plaintiffs respectfully

request that this Honorable Court enter judgment in Plaintiffs favor in an amount of

excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost,

interest. That Plaintiff incorporates by reference the allegations contained in paragraphs

of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully

herein. re-allege here all of the allegations made above.210-220


## COUNT  VII FALSE LIGHT & Stigma PlusProtection under the Fourteenth Amendment Media Relations

221.    Soon after the search and seizure of November 4th, 2020 defendant Trooper  Robert E.

Lee  announced before leaving the farm that everyone would know "who" Plaintiff

Sharon Zlatkin was.  That he  would be issuing a press release to  degraded and berated

Plaintiff Sharon Zlatkin as a " hoarder"  and " animal" abuser which was broadcast by

newspaper, radio, television and internet.

222. Trooper Robert E  Lee accused Plaintiff Sharon Zlatkin with animal abuse to exploit the

media in order to achieve maximum attainable publicly as an amplifying force multiplier

in order to reach his target audience (s)

inorder to reach his short term and long term goal. To put Sharon in jail.

This criminalization of Plaintiff Sharon Zlatkin  was done before having a trial. Thus

influencing a jury pool.

This was done through the internet,local TV stations ,  and radio with intent to intimidate,harass,

silence and threaten Plaintiff Sharon Zlatkin .

56

223.. As a result of the publications Plaintiff Sharon Zlatkin began receiving hate mail in the form of letters, telephone calls, messages spreading falsehoods and stalking on Facebook. One of the raiders, Beth Wilman of Midland Humane Society who took dogs from our farm, inferred on Facebook that Sharon Zlatkin had stolen the dog's from people. Our car was vandalized. It was humiliating, anguishing and terrorizing.

224. On December 1st, 2020 returning back to the farm from down state ; traveling northbound on I75 at about 9:44 p.m while Plaintiff Sharon Zlatkin was a passenger in the car being driven by Peggy Zlatkin .

225. A Michigan State Police vehicle approached their car , with sirens blaring and lights flashing came up on the driver's side at a very high rate of speed. The Michigan State Police Cruiser approached our vehicle on the driver's side and attempted a pivot bump to force us off the road.

226. We continued down I75 northbound once again approximately 20 minutes passed. Another Michigan State Police vehicle approached with lights flashing and sirens blaring on the driver's side of the Zlatkins car , that occurrence continued 4 more times before we reached the farm in Butman Township, Gladwin County.

227. Because of these occurrences we were so fearful of physical violence that we had to go into hiding. Plaintiffs feared for their lives and fled Michigan without being charged with a crime. . We were being hunted down by Michigan State Troopers.
Defendants induced terror and a high degree of overwhelming fear. Plaintiffs feared for their safety and the safety of our family.

228. There were no charges for our arrest on December 1,2020. Lyons 461U.S. at 101-02.

57

Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions, actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies. This violation was caused by conduct by all actors alleged in this count.

 Plaintiffs Sharon Zlatkin and Plaintiff Peggy Zlatkin are Seeking injunctive and declaratory relief against all defendants in this Count.

 re-allege here all of the allegations made above.**WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.221-228

### Count IX :The Right To Privacy  Fourth, First and Fifth Amendments

229 .Defendant James Maveal warned Plaintiff Sharon Zlatkin if she didn't leave Gladwin , She would suffer the consequences.

58

230. Defendant James Maveal employed Michigan State Troopers to effectively remove Plaintiff Sharon Zlatkin and Peggy Zlatkin from their home.

231. Defendant James Maveal employed Beth Wilman and other actors from the community [o]

who then published personal information of Plaintiff Sharon Zlatkin, her

address,location,description of what she looked like.

232. Plaintiffs personal knowledge, information and belief that all the Defendants collaborated

together to use the media to inspire hostile responses from the public to get attention ,

support and directly inspired the public outrage thus provoking hostile responses from the

media and the community. The Defendants received the attention and thus got political

support for their cause. Causing Plaintiffs traumatic emotional distress.

(1) Defendants induced terror at a high degree of overwhelming fear. Plaintiffs feared for

their lives, and safety due to doxxing that occurred on Facebook and other social media

outlets.

(2) This tactic worked; it ran Plaintiffs into exile and they became homeless.

(3) The benefits from the doxxing are that they collect donations and funds.

(4) They tried to make Plaintiffs lose their farm. Deprive Plaintiffs of their property.

232. This was used as a campaign as revenge for taking Defendant James Maveal to court for

malicious prosecution of writing manufactured citations. Defendant James Maveal kept

his promise "I will get you and you will have nothing when I am done". He accomplished

what he said he would do. James Maveal directed these people to come into and onto

Peggy and Sharon's property.

234. There is no arguably doctrine to have permitted around 100 unknown people to invade and

59

mobbed Plaintiffs home,barnes and curtilage. The intrusion of around 100 people was a substantial invasion of privacy on the Zlatkins. At the driveway there are signs that state "Private Property No Trespassing" before driving upon the curtilage of the farm. People v Pittman,211 Ill 2d at 521, Siebert,256 F3d at 661

*"The Fourth Amendment protects against "unreasonable searches and seizures broadley speaking and an nonconsensual  intruded beyond areas where uninvited people are not expected, This warrant applies to civil as well as criminal searches" Sildal v Cook County, 506, U.S. 56 , 66-67 n.11,113 S.Ct.538 (2)LED 2d 486 (1978)*

*Michigan v Tyler 436 US 499, 504-05, 98 Ct. 1942, 56L Ed 2d 486 (1978)*

235.Defendants actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions, actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies This violation was caused by conduct by all actors alleged in this count.

236.     re-allege here all of the allegations made above.

**WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in

60

Plaintiffs favor an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000)
in addition to cost, interest. That Plaintiff incorporates by reference the allegations
contained in paragraphs  of Plaintiffs Common Allegations , word for word and
paragraph for paragraph, as fully herein. re-allege here all of the allegations made above
225-236

## COUNT X—SUPPRESSION OF EXCULPATORY EVIDENCE—5th AND 14th AMENDMENTS

237..   In the Affidavit in Support of the felony complaint Defendant Trooper Justin Ronald
Henderson says, among other things, that "approximately half" of the animals were
malnourished, sickly and unhealthy.

238.   These allegations are allegedly supported by the opinion of defendant Vicki Sue
Chickering, DVM, Michigan State Department of Agriculture Senior Field Staff
Veterinarian.

239.   Prior to November 4th, 2020 Sharon fed the  animals well. For the animals that ate hay,
Plaintiff Sharon Zlatkin had harvested around 150 round bales of hay which were stored
in the hay fields at the farm.  The harvest provided hay for the cows, horses, sheep ,pigs
and goats.  There were no complaints about the livestock of malnutrition.  For the
chickens, and turkeys  there have been no complaints of malnutrition.

For the dogs Plaintiff Sharon Zlatkin provided copious amounts of dog food which
Sharon Zlatkin often purchased by the pallet.

The brands Plaintiff Sharon Zlatkin was feeding the dogs were  Sportmix, Old Glory,
Nunn Better and Retriever Brands .

240. At the time of the raid half a pallet of 50-pound dog food bags were stolen . "You won't need these anymore," Trooper Robert E Lee said to Sharon as he took bags of dog food to a squad car before leaving.

241. On January 13, 2021 the United States Food and Drug Administration (FDA) issued a recall of the Sportmix dog food and other brands.
Sharon had been feeding the dogs Sportsmix on a regular basis ; it was found to have been one of the brands contaminated with aflatoxin.

242. Old Glory, Nunn Better, and Retriever brands were also recalled either voluntarily or mandated by the FDA because they were contaminated with aflatoxin.

243.. Some of the symptoms of aflatoxin poisoning are: sluggishness or lethargy, loss of appetite, vomiting, yellow tint to eyes or gums, diarrhea and liver damage. Aflatoxin can accumulate in a dog's system over time causing delayed poisoning, and fatality.

245. The symptoms of aflatoxin poisoning illness were complained of by  defendants Lee, Henderson, Maveal, Miller, Gage and Chickering.

246. Plaintiff Sharon Zlatkin did not know that she could be feeding the dogs toxins . This was not done intentionally. All the purchases of dog food was from reputable feed stores.

247.  Sharon Zlatkin  horses  were fed hay and also a supplement called "Strategy" manufactured by Cargill.  That product was recalled from the stores later due to contamination with aflatoxin.

248. As a state licensed veterinarian defendant Dr. Chickering knew or should have known about the recalls.

249. It was her professional duty, before pointing the finger  at anyone guilty of animal

malnourishment, neglect or other crimes involving animals, to rule out other causes for the conditions she observed. Before any of the animals left the farm; Dr. Chickening never took any of the feed to be tested. She never explored any other avenue of possible diagnosis or cause. She never took vital signs of the animals. She never did any measurements of each animal or took their weights. She did no blood testing on site as a professional would do. No animals left the farm for immediate veterinarian emergency care. No animals went for necropsies.

Once the animals left the farm they went to unknown people and conditions. Sharon cannot be held responsible for the animals once they were seized.

250.   Sharon's inadvertent and unknowing feeding aflatoxin-contaminated foodstuffs to animals was the more likely cause for any symptoms that Dr.Chickering gave her opinion about. It would have been exculpatory evidence.

251.   In spite of the admissive allegation that only "approximately half" of the animals were not provided with sufficient amounts of food and water." The defendants seized and forfeited **ALL** of the animals. This is in violation of MCL 750.50(3) which speaks in the singular and allows only the seizure of each particular animal alleged to be in violation of MCL 740.50(2)(a).

252.   Dr. Chickering and Trooper Henderson intentionally and deliberately suppressed this exculpatory evidence which is a violation of Sharon right to a fair and impartial trial under the 5th and 14th Amendments to the U. S. Constitution, irrespective of the good faith or bad faith of the prosecution.

Defendant Judge Joshua M. Farrell muted me when I tried to testify about this. This

63

violation was caused by the conduct alleged in this Count.

253.   Defendants actions have been willful, callous, to the level of deliberate indifference of
Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions, actions
against Sharon as described herein , which constitute a violation  of Sharon constitutional
rights, Sharon has suffered injuries and damages including but not limited to loss of
reputation , fear of dying, potential loss of earnings and earning capacity, loss of career
opportunities, esteem in the community, mental and emotional distress and lost of
ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under
Federal law. To the extent that damages allowable and /or recoverable are deemed
insufficient to fully compensate or deter the Defendants , this court must order additional
damages to be allowed so as to satisfy any and all such inadequacies.

This violation was caused by conduct by all actors alleged in this count.

 Under this count Sharon Zlatkin Civil rights were violated.

**WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in
Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS
($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the
allegations contained in paragraphs  of Plaintiffs Common Allegations , word for word
and paragraph for paragraph, as fully herein. re-allege here all of the allegations made
above.237-253

## COUNT XI—EX PARTE COMMUNICATION—PARTY IN INTEREST TO JUDGE—5th AND 14th AMENDMENTS 28 U

## S. Code & 455 Cannon 2A JUDGE SHALL PERFORM

254.The duties of Judicial Office Impartially, Competently and Diligently

Cannon Rule 2.9 Ex Parte communications (b) the judge makes provision promptly to notify all other parties of the substance of the ex Parte communications and gives the parties an opportunity to respond.

**255. Michigan Rules of Professional Conduct Rule 3.5** (b) states that no lawyer shall seek to "communicate ex parte with a judge, juror, prospective juror, or other official concerning a pending matter, except as permitted by law.

Plaintiff Sharon Zlatkin substantive rights were violated.

256. The secret letter in the file of the 80th District Court regarding the cases against Plaintiff Sharon Zlatkin is an Ex Parte letter addressed to Defendant Judge Joshua M. Farrell. Defendant Judge Joshua Farrell secretly gave the letter to Prosecutor Aaron Miller, which ended up in the animal forfeiture case file. It was initiated by Defendant James Maveal, Jr., and stakeholders Kyle Musselman, Director, Missaukee Humane Society, Ruann Hicks, Director Roscommon County Animal Control and Beth Wellman, Director, Humane Society of Midland County.

It is dated February 4th, 2021. Plaintiff Sharon Zlatkin had no knowledge of this one sided communications that Defendant Judge Joshua Farrell and Prosecutor Aaron Miller had with James Maveal, Jr., and stakeholders Kyle Musselman, Director, Missaukee Humane

65

Society, Ruann Hicks, Director Roscommon County Animal Control and Beth Wellman, Director, Humane Society of Midland County with Defendant Judge Joshua Farrell.

257. The letter identifies these writers as persons who have been, "...entrusted with..." some of the animals seized in the November 4th ,2020 raid at our farm.

258. The letter comments on the evidence as being, "...adequate photo and video evidence to bring the case to a proper conclusion."

259. Plaintiff Sharon Zlatkin never received any photo or video evidence, by the prosecutors or Defendant Judge Joshua Farrell .

260. The letter whines that their facilities do not have adequate resources to care for the seized animals.

261. They ask Defendant Judge Joshua Farrell to grant the pending motion to forfeit the animals and end with the plaintive plea; "Please help us help them."

262. Plaintiff Sharon Zlatkin was not aware of this letter until her sister found it in the court file. It had not  been disclosed.

Defendant Judge Joshua Farrell did exactly what the letter requested him to do on April 26,2021 at the Civil forfeiture trial except that **Defendant Judge Joshua Farrell GRANTED the order at 8:46 a.m. BEFORE** having a trial/hearing that was scheduled at 10:30 a.m. on April 26, 2021. Hearing/trial started at 10:36 per Linda Hawkins. Defendant Judge Joshua Farrell knew/or should have known that the warrants signed by Magistrate Steve Worpel were biased, not neutral nor detached. Defendant Judge Joshua Farrell continued with the Civil forfeiture. Magistrate Steve Worpel was at one time Judge Joshua Farrell clerk. Judge Farrel knew him well.

263.   The judge's actions were done in complete absence of all jurisdiction.

Defendant Judge Joshua Farrell engaged in egregious, willful, maliciously deprivation of

Plaintiff Sharon Zlatkin property without due process of law violating the Fifth and

Fourteenth Amendments.These violations of these rights in these amendments give rise to

cause of actions both against State judges under Title 42 U.S. 1983 , 28 U.S.Code 455.

Under the color of law of the State of Michigan,West v Atkins,487 U.S.42 ,48(1998);

Gibson v Public Safety Div. Of State Police,411,F. 3d ,427,433(3d Cir 2005)

264.   Plaintiff Sharon Zlatkin alleges that the prosecutor and judge in this case totally lacked

subject matter jurisdiction and therefore pursued this prosecution and presided over this

prosecution without any legal authority as individuals  acted unconstitutionally and

trespassed on the Constitution of the United States and the Constitution of Michigan.

The U.S. Supreme has stated that "No state legislature or executive or judicial officer can

war against the Constitution without violating his undertaking to support it" Cooper v

Aaron 358 U.S.1,78 S. CT. 140(1958)

265.   Any judge who does not comply with his oath to the Constitution of the United States

wars against that Constitution and engages in acts in violation of the Supreme law of the

land. The judge is engaged in Acts of treason. If a judge does not comply with the

Constitution, then his orders are void, in re Sawyer , 124 U. S.200 (1888), "he / she is

without jurisdiction, and he / she has engaged in the acts of treason."

"Any justice, judge,or magistrate judge of the United States SHALL disqualify himself in

any proceeding in which his impartiality might reasonably be questioned."

267.   This ex parte communication to a judge by parties with financial stakes in the outcome is

67

a violation of Plaintiff Sharon Zlatkin rights to a fair and impartial trial, in violation of Plaintiff Sharon Zlatkin rights under the 5th and 14th amendments to the U. S. Constitution; caused by the conduct alleged above in this Count.

268. The website: **gladwincountyanimal.com confirms** that Defendant James Maveal and Krystal Moore have "relationships" with local judges , Magistrates and Prosecutors. Any "relationships" would be Ex Parte communications.

269. **These relationships go  even one step further:**

(1)  Plaintiff's information and belief that Rick Grove , Gladwin County Commissioner is the **(brother-in-law to defendant James Maveal**) who is on the animal shelter board.

(2)  **Krystal Moore (A.K.A Krystal Worpel) brother is Magistrate Steven Worpel** who signed the warrant 11/4/2020 for the search and seizure of our farm.

(3)  Defendant James Maveal and Krystal Moore work as purported animal control under the direction of Karen Moore (A.K.A Karen Willing, Karen Murray, Karen McCurcheon) chairperson of the board of Commissioners of Gladwin County. Also is an attorney and former Magistrate of 80th district court that signed numerous seizures warrants and warrants to arrest plaintiff Sharon's Zlatkin 2917-2019.

270. **Karen Moore (private law firm is responsible for appointing council to represent indigent defendants).**  It is the information and belief that **Defendant James Maveal wife Laura Brandon Maveal works for Karen Moore law firm, she was the former County clerk, former County interim administrator and works for Karen Moore private law firm and have access to the indigent criminal cases.**

271. There is no way that a defendant can be represented zealously when the County employees

and relatives are communicating ex parte with Magistrates , Judges and Prosecutors.

Commissioner Karen Moore, Chair of Board of Commissioners determines the fate of every indigent criminal defendant via her private law firm that contracts with the Gladwin County 80th district court, plus 7 other local counties regarding appointing Indigent Defense and managing the cases of Defendants.

272.   These relationships contravene the Anti-Nepotism Policy of Michigan Supreme Court Administrative Order No. 2016-5.

273   .Defendant's actions have been willful, callous, to the level of deliberate indifference of Plaintiffs constitutional rights.  As a direct results of Defendants unlawful actions, actions against Plaintiffs as described herein , which constitute a violation  of Plaintiff's constitutional rights, Plaintiffs has suffered injuries and damages including but not limited to loss of reputation , fear of dying, potential loss of earnings and earning capacity, loss of career opportunities, esteem in the community, mental and emotional trauma and lost of ordinary pleasures of life. Pursuant to 42 U.S.C. & 1983 Defendants are liable under Federal law. To the extent that damages allowable and /or recoverable are deemed insufficient to fully compensate or deter the Defendants , this court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

 This violation was caused by conduct by all actors alleged in this count.Under this count Sharon Zlatkin Civil rights were violated.

274.  re-allege here all of the allegations made above.WHEREFORE< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) in addition to cost,

interest. That Plaintiff incorporates by reference the allegations contained in paragraphs Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.254-274

### COUNT XII—CIVIL CONSPIRACY 18 USC 241

275.   Krystal Moore is a sister of Magistrate Steven Worpell . Karen L. Moore recommended the appointment of Steven Worpell as magistrate to replace her as magistrate. She is chair of the board of Gladwin County Commissioner and involved in selection of counsel for indigent defendants.

276..   Defendant James A. Maveal, Jr. is married to Laura Brandon-Maveal, the former County Clerk of Gladwin County. Defendant Aaron Miller was, previously when in private practice, the personal attorney for Laura Brandon-Maveal.

277.   Defendants James Maveal, Gladwin County purported Animal Control Officer, colluded with wantonly and willfully organized all of the following who participated in the raid November 4, 2020 , the co- conspirators are as following: Trooper Robert E. Lee, Trooper Henderson, Senior Field Staff Vicky Chickening, Michigan Department of Agriculture and Rule Development, RuAnn Hicks of Roscommon, Catherine Lemunyon of Standish, Michigan Arena Animal Control, Beth Wellman Midland Humane Society,Officers from Saginaw, Animal Control Officers from Bay City, and Missaukee County Humane Society , Dr Jan Pol Veterinarian, Raymond Evans, Nicole Rayce, Aden Yoder, and Lenon Wheeler, Jenny Lanvers, Lee Zielinski, Nicole Rayce acting in concert jointly with Defendant James Maveal. James Maveal warned Plaintiff Sharon Zlatkin if she didn't leave Gladwin County she would suffer the consequences.

70

Defendant James Maveal employed Michigan State Troopers to effectively remove Plaintiff Sharon Zlatkin and Peggy Zlatkin from their home.

279.  Defendant James Maveal employed Beth Wilman and other actors from the community [o] who then published personal information of Plaintiff Sharon Zlatkin, her address, location,description of what she looked like.Soon after the search and seizure of November 4th, 2020 defendant Trooper  Robert E. Lee  announced before leaving the farm that everyone would know "who" Plaintiff Sharon Zlatkin is.  That he  would be issuing a press release to  degrade and berate Plaintiff Sharon Zlatkin as a " hoarder" and " animal" abuser which was broadcast by newspaper, radio, television and internet.

280.  Trooper Robert E  Lee accused Plaintiff Sharon Zlatkin with animal abuse to exploit the media in order to achieve maximum attainable publicly as an amplifying force multiplier in order to reach his target audience (s)in order to reach his short term and long term goal. To put Sharon in jail.

281.  This criminalization of Plaintiff Sharon Zlatkin  was done before having a trial. Thus influencing a jury pool. This was done through the internet,local TV stations ,  and radio with intent to  intimidate,harass, silence , and threaten  Sharon Zlatkin.  This  placed  her life in imminent danger.

.282.  As a result  of the publications Plaintiff Sharon Zlatkin began receiving hate mail in the form of letters, telephone calls, messages spreading falsehoods and stalking on Facebook. One of the raiders, Beth Wilman of Midland Humane Society who took dogs from our farm, inferred on Facebook that  Sharon Zlatkin had stolen the dog's from people.

283. Plaintiffs personal knowledge, information and belief that all the Defendants collaborated

71

together to use the media to inspire hostile responses from the public to get attention ,
support and directly inspired the public outrage thus provoking hostile responses from the
media and the community.

All defendants named herein have conspired among themselves and others[2] to deprive
Plaintiff Sharon Zlatkin  & Plaintiff Peggy Zlatkin of their constitutional rights to
property, liberty , privacy and peaceful life.

284.    The actions alleged in Counts I through XII above are all overt acts done in furtherance
of this conspiracy.

285..   The named defendants are jointly and severally liable for the acts done in furtherance of
the conspiracy by any of the conspirators, irrespective of whether they actively
participated in it or the extent by which they may have benefitted from it.

286..   As a result of this collusive conspiracy and overt acts Plaintiff Sharon & Peggy Zlatkin
have been deprived of property, liberty, privacy,and peaceful life.

This violation was caused by conduct by all actors alleged in this count.

re-allege here all of the allegations made above.

**WHEREFORE**< Plaintiffs respectfully request that this Honorable Court enter judgment in
Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS
($100,000) in addition to cost, interest. That Plaintiff incorporates by reference the
allegations contained in paragraphs  of Plaintiffs Common Allegations , word for word
and paragraph for paragraph, as fully herein. re-allege here all of the allegations made
above.275-286

---

2

72

**[Vindication.— 42 USC 1983]**

287..   Plaintiff Sharon Zlatkin has been willfully, deliberately and intentionally discriminated

against and targeted by all the defendants because they perceive because of her last name

is Jewish; a lesbian and because Plaintiff Sharon Zlatkin is a single woman  and is

without children. Sharon is a protective class with learning disorder trying to eke out a

living raising and training animals on a farm in Gladwin County.  This was elder abuse at

the highest level against Peggy Zlatkin. Her food was stolen.

288..   42 USC 1983 allows claims alleging the "deprivation of any rights, privileges, or

immunities secured by the Constitution and federal laws to be brought in the federal

courts.

289..   The above allegations are all against "persons" who "acted under color of state law"

within the meaning of 42 USC 1983.

300..   The conduct complained of in these allegations caused Plaintiff Sharon & Peggy Zlatkin

to have been deprived of federally protected rights.

301.   The actions of defendants Robert Lee, Justin Ronald Henderson, James Maveal, Jr., Vicki

Sue Chickering and Gina Coon could not reasonably have been thought to be consistent

with our rights which they have violated.

302..   Plaintiff Sharon & Peggy Zlatkin have standing to seek vindication for those deprivations

pursuant to 42 USC 1983 and this court can assert supplemental jurisdiction over the

State of Michigan courts, agents and employees under

73

42 USC 1367.WHEREFORE< Plaintiffs respectfully request that this Honorable Court enter judgment in Plaintiffs favor in an amount of excess of ONE HUNDRED THOUSAND DOLLARS ($100,000) for each count , in addition to cost, interest. That Plaintiff incorporates by reference the allegations contained in paragraphs of Plaintiffs Common Allegations , word for word and paragraph for paragraph, as fully herein. re-allege here all of the allegations made above.286-302

**DAMAGES**

303.. As a proximate result of the acts and omissions of all the defendants and co-conspirators I have sustained damages as follows:

(a)property, to wit: lost of reputation which we will never recover from,valuable equipment stolen, clothes stolen, money stolen, pilgers that ran sack our home taking all of our electronics,dogs belonging to Sharon and to others who entrusted them to Sharon care, livestock and fowl,

    (b) Sharon has been deprived of liberty and privacy interests, and driven into homelessness, living in her car.

(c) Peggy and Sharon mental anguish, humiliation, privacy, peaceful life,impairment of reputation and fear.

(d) Sharon Extreme aggravation of pre-existing mental stress.

304. Sharon & Peggy request to be awarded punitive damages to both Plaintiffs because of the oppressive conduct, and bullying of Sharon by the defendants and co-conspirators.

**RELIEF REQUESTED**

Plaintiff's request that this Honorable Court grant us relief as follows:

A.     Order and enjoin that all actions in the State Courts of Michigan by these defendants or anyone acting as their agents or employees, or persons acting in concert with them, against Sharon Zlatkin shall be stayed all pending proceedings actions against Plaintiff Sharon until the outcome of this case including any and all court proceedings and depositions are concluded.

B.     Rule that the search and seizure warrants alleged in Count II were defective, order that the warrants be quashed and that the searches and seizures done on November 4th 2020 without warrants were illegal, unauthorized,unlawful and void.

C.     Hold that all evidence seized, and sequellae thereof, subsequent to 9:00 a.m. on November 4th ,2020 be excluded under the exclusionary rule as "fruit of the poisoned tree' doctrine; and order defendant Judge Joshua M. Farrell dismissed all the charges against Sharon in the 80th District Court .

That on each count the Defendants are made responsible for their actions and that each count is awarded not less than $100,000 to pay Sharon Zlatkin and Peggy Zlatkin compensatory damages for actual losses, peaceful life, mental anguish, humiliation, impairment of reputation and punitive damages in such amount as shall be determined by a jury

D.     In the alternative, if the warrants are not quashed, then:

75

(1)     This court ordered defendant Judge Joshua M. Farrell to void my bail.

(2).     Appoint a competent, experienced and zealous criminal law defense attorney to represent Sharon Zlatkin .

(3)     Void the proceedings that occurred on April 26th, 2021 for which no record  can be produced verbatim.

(4)     Order that in any future proceedings, by Zoom or otherwise, that an attorney is able to have time out to discuss with clients any issues that may arise.

(5)     Order that any reports, opinions or conjecture heretofore made by defendant Dr. Chickering be suppressed and that in any future opinions she must rule out all other plausible exculpatory causes before opining on the culpability of any person.

(6)     Order the defendants Aaron Miller and Norman Gage to *nolle prosequi* all misdemeanor and felony charges against me and dismiss the civil action for forfeiture of animals with prejudice.

(7)     Order defendant Judge Joshua M. Farrell to recuse himself from any further cases against any members of our family and that this case be moved to a different jurisdiction.

E.     Order the defendants, jointly and severally, to restore to Sharon Zlatkin the animals taken on November 4th 2020 -or- with respect to any which have been destroyed or otherwise unable to be restored, to pay me for their monetary market value by way of equitable restitution.

F.     Adjudge that defendants Joshua M. Farrell, Elizabeth M. Post, Robert Lee, Justin Ronald Henderson, James Maveal, Jr., Vicki Sue Chickering ,Gina Coon, Gladwin County ,Commissioners  of Gladwin County and Butman Township shall be liable, jointly and

severally, to pay Sharon Zlatkin and Peggy Zlatkin compensatory damages for actual

losses, peaceful life, mental anguish, humiliation, impairment of reputation and punitive

damages in such amount as shall be determined by a jury and that none of the defendants

are granted summary judgment under Federal Rule 12b(6) on 42 U.S.C.


Date:  10/24/2023                                      Sharon Rose Zlatkin, pro se


Peggy Zlatkin , pro se

Date:.   10/24/2023

**JURY DEMAND**

Plaintiffs demand a trial by jury as to those issues so triable at law.


 Peggy J. Zlatkin                                      Sharon Rose Zlatkin, pro se


Date:10/.24 /2023
PRO SE NOTIFICATION

Plaintiffs  agree to provide the Clerk's Office with any changes to our  address where
        case-related papers may be served.  We  understand that my failure to keep a current
        address on file with the Clerk's Office may result in the dismissal of our case.
Date of signing: 10/__24 ,2023____.

Signature of Plaintiffs

Date of signing:___ 10/24/2023

77

10/_24_2023___

Signature of Plaintiff_____

_Plaintiff    Sharon Rose Zlatkin

Address   2699 Dutcher Road, Gladwin , Michigan 48624

Telephone:    (989)387-6577_____ . Email: peggyz7412@gmail .com


Printed Name of Plaintiff : Peggy J.  Zlatkin


Signature of Plaintiff_____

Date _____

Address 2699 Dutcher Road Gladwin Michigan 48624

Telephone: 989-387-6577

Email: peggyz7412@gmail.com

78

Date: _Oct 24, 2023_                          _Sharon Zlat / Peggy J Zlatk._
Sharon Rose Zlatkin, pro se
Peggy J. Zlatkin pro se

## JURY DEMAND

I demand a trial by jury as to those issues so triable at law.

Date: _Oct 24, 2023_                          _Sharon Zlat / Peggy J Zlatkin_
Sharon Rose Zlatkin, pro se
Peggy J. Zlatkin pro se

PRO SE NOTIFICATION

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _Oct 24, 2023_ , 20_23_.

Signature of Plaintiff _Sharon R Zlat / Peggy J Zlat_

Printed Name of Plaintiff _Sharon Rose Zlatkin   Peggy J. Zlatkin_

Address _2699 Pulcher Rd._

_Gladwin     MI     48624_

Telephone: _989 387 6577._ Email: _peggy-7412@gmail.com_
_989 387_
_0_

24

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes

                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☒ Yes
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same ☐ No
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: __Michigan 80th District Court_____

Case No.: _18-1971, 18-1972, 19-1571, 19-1575, 20- 1743FY & 21-30211

Judge: __Joshua M. Farrell_____

Notes :

JS 44 (Rev. 04/21)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Sharon Rose Zlatkin *Peggy J. Zlatkin*

**DEFENDANTS** *Gladwin County, ALL Commissioners*
Joshua M. Farrell, Elizabeth M. Post, Robert Lee, Justin R. Henderson, James Maveal, Jr., Aaron Miller, and others
*Steven Worpell Butman Township,*
*Karen moore, Rebecca Kreisher*

**(b)** County of Residence of First Listed Plaintiff   **Gladwin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Gladwin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*2699 Durcha Rd*
*Gladwin, MI 48624*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 1983
Brief description of cause:
Violations of 4th, 5th, 6th, 8th and 14th Amendments, U. S. Constitution

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
pro se   *Sharon Zlat*   *Peggy J Zlat*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____