UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN, et al.,

    *Plaintiffs,*

v.

BUTMAN, TOWNSHIP OF, et al.,

    *Defendants.*

Case No. 1:23-cv-12693

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

_____/

## ORDER DENYING PLAINTIFF PEGGY ZLATKIN'S MOTION FOR MARSHAL SERVICE ON REMAINING DEFENDANTS (ECF No. 7)

Now before the Court is Plaintiff Peggy Zlatkin's Motion for Marshal Service on Remaining Defendants. (ECF No. 7.) Since 1892, federal courts have possessed statutory power to authorize commencement of civil actions *in forma pauperis* (IFP). *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, allows indigent persons "to bring suit without pre-paying court fees, thus ensuring they have some meaningful access to the federal courts." *Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007) (citation omitted). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948), the United States Supreme Court held that one need not be "absolutely destitute" to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. "[T]he question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (upholding a denial of IFP status due to pension income). Assets may include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available

from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System,* No. 10-31, 2010 WL 502781, at *1, n. 1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123, 123-124 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend.'") (citation omitted).

Here, Plaintiffs paid the $402 filing fee in full at time of filing the Complaint. (ECF No. 1.) While Plaintiff's motion indicates both her and co-plaintiff are now "requesting the status *in forma pauperis,*" the motion fails to provide enough information to determine whether Plaintiff merits IFP status. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) ("We conclude that the district court did not abuse its discretion in denying IFP status after [the Plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information."). Where, as here, Plaintiff indicates that she "paid from her social security to file the complaint and mail out to defendants certified mail with return receipts" (ECF No. 7, PageID.111.) Plaintiff must provide further explanation of her finances so that this Court may properly decide whether Plaintiff is indigent for purposes of IFP status.

For these reasons, the Motion for Marshal Service on Remaining Defendants (ECF No. 7) is **DENIED.** While the Court may order the U.S. Marshals Service to serve the defendants without pauper status, Plaintiff would be responsible for payment of the fees incurred which would negate the purpose of her request.

**IT IS ORDERED.**

Date: November 27, 2023

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge