UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

        Plaintiffs,                      Case No. 1:23-cv-12693

v.                                             Honorable Thomas L. Ludington
                                                  United States District Judge

TOWNSHIP OF BUTMAN, et al.,

                                                   Honorable Patricia T. Morris
        Defendants.                United States Magistrate Judge
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' OBJECTIONS, OVERRULING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART DEFENDANT CHICKERING'S MOTION TO DISMISS, GRANTING IN PART DEFENDANT HENDERSON'S MOTION TO DISMISS, *SUA SPONTE* DISMISSING DEFENDANT FARRELL, AND *SUA SPONTE* DISMISSING COUNT XII AS TO ALL DEFENDANTS**

This matter is before this Court upon Magistrate Judge Patricia T. Morris's Report and Recommendation recommending that this Court grant in part two Defendants' motions to dismiss, *sua sponte* dismiss one Defendant on the basis of judicial immunity, and *sua sponte* dismiss one claim as to all Defendants. Plaintiffs Sharon and Peggy Zlatkin object to the R&R. As explained below, some of Plaintiffs' Objections will be sustained, and some will be overruled. Accordingly, portions of Judge Morris's R&R will be overruled, but it will be largely adopted.

I.

At the motion-to-dismiss stage, courts must accept as true the facts as pleaded in the plaintiff's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). However—and

importantly—legal conclusions within a complaint are "not entitled to the assumption of truth." *Id.* at 680. A summary of the factual assertions underpinning Plaintiffs' claims, as best this Court understands it, is as follows:

In August 2015, Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. ECF Nol. 1 at PageID.10. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." *Id.* Plaintiffs also had livestock on their farm. *Id.*

Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine.[1] *Id.* at PageID.11. These neighbors, according to Plaintiffs, "patrol" their property to surveil Plaintiffs' farm, closely watch Plaintiffs, and trespass onto Plaintiffs' farm to destroy property. *Id.* Plaintiffs also allege these neighbors "have spread rumors in the community and defamed" them. *Id.*

In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." *Id.* at PageID.9, 13. In response to the complaints, Defendant Mavel issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. *Id.* at PageID.13–14. After a court hearing in May 2017, Defendant Maveal told Sharon to stop farming, return the farm to its former owner, and "go back down state." *Id.* Plaintiffs allege Defendant Maveal told Sharon that, if she did not follow his advice, he would ensure she would never own an animal again and would end up with nothing. *Id.* at PageID.16.

In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about

---

[1] Neither neighbor is a defendant in this case.

Plaintiffs and their animals that resulted in "five manufactured misdemeanor animal-at-large tickets." *Id.* at PageID.22. A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest on the basis of those tickets. *Id.*; *see also id.* at PageID.9.

In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. *Id.* at PageID.20. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sherriff about the complaint, but instead contacted the Michigan State Police (MSP). *Id.* A few days later, on November 4, 2020, Plaintiffs allege that around 9:15 AM, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered Plaintiffs' farm with Defendant Mavel. *Id.* Those who were part of the "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop," seized Plaintiffs' animals, and loaded them into vans, trucks, and trailers. *Id.* Plaintiffs allege the animals were being "darted" to "immobilize" them. *Id.* at PageID.21.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—a MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. *Id.* Sharon called Peggy, and then an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." *Id.* at PageID.34. Sharon was not permitted to leave until the search concluded, and alleges she was guarded by two armed MSP officers during the entire search. *Id.* at PageID.22. When Peggy returned to the farm, Plaintiffs allege she was told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began. *Id.*

Some point after Peggy arrived, Defendants Lee and Henderson left. *Id.* at PageID.36. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E.

-3-

Gage, the County Prosecutor, and Defendant Magistrate Judge Steven Worpell. *Id.* at PageID.37–38. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized, nor described the property to be searched. *Id.* at PageID.41. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. *Id.* at PageID.39. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. *Id.* at PageID.57. Plaintiffs allege that Defendant Lee did just that, and "exploit[ed] the media in order to achieve maximum attainable publicity" to "put Sharon in jail." *Id.* According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon. *Id.* (cleaned up).

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County Prosecutor—filed a felony information charging Plaintiffs with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. *Id.* at PageID.40. Defendant Henderson submitted an affidavit in support of the felony complaint, stating that "approximately half" of the animals seized from Plaintiffs' farm "were malnourished, sickly[,] and unhealthy." *Id.* at PageID.62. Plaintiffs also note that Defendant Henderson's "allegations are allegedly supported by the opinion of [D]efendant Vicki Sue Chickering," a Michigan Department of Agriculture Senior Field Staff Veterinarian. *Id.* Plaintiffs aver that their dogs only *appeared* malnourished and sick because Plaintiffs unintentionally fed them contaminated food and allege that Defendant Chickering "knew or should have known" that the dogs were not *actually* malnourished and sick. *Id.* at PageID.63.

Sharon alleges she was not arraigned on these criminal charges until April 26, 2021. *Id.* at

PageID.50, 56. During the April 26, 2021 virtual hearing before District Judge Joshua Farrell, Plaintiff was represented by Defendant Rebecca Kreisher,[2] who Plaintiffs allege provided inadequate representation. *See id.* at PageID.43. In addition to arraigning Sharon on the criminal charges, the April 26, 2021 hearing also addressed the civil forfeiture of Plaintiffs' animals. *Id.* at PageID.50, 56. In that respect, Judge Farrell issued an order authorizing the forfeiture of the animals seized from Plaintiffs' farm on November 4, 2020. *See* ECF No. 34-2 at PageID.671. According to Sharon, every time she tried to speak during the virtual hearing, she was muted. ECF No. 1 at PageID.53. Plaintiffs allege "there was no jurisdiction to file the civil [forfeiture] case," so the forfeiture order was issued without jurisdiction. *Id.* at PageID.56. Notably, Plaintiffs also allege there is no recording or transcription of the April 26, 2021 hearing. *Id.* at PageID.50.

On October 24, 2023, Plaintiffs filed a complaint against Gladwin County, the Township of Butman, and 12 individual Defendants involved in the November 2020 search and subsequent criminal and civil-forfeiture proceedings involving Plaintiffs. ECF No. 1. Plaintiffs' Complaint alleges the following:

| Count | Claim | Defendants[3] |
|---|---|---|
| I | "Depravation of Rights Under Color of Law," 18 U.S.C. §§ 241 (conspiracy against rights) and 242 (depravation of rights) | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure, 42 U.S.C. § 1983 | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) |

---

[2] At some point in October 2020, Defendant Elizabeth M. Post appointed Defendant Rebecca Kreisher to represent Sharon related to complaints field against Sharon in between 2017 and 2019. *Id.* at PageID.43.

[3] Plaintiffs Complaint does not clearly identify which claims are brought against which Defendants. *See generally*, ECF No. 1. However, having fully reviewed Plaintiffs' Complaint, this Court has determined the relevant Defendants for each count based on the factual allegations Plaintiffs detail in each of their counts.

| | | |
|---|---|---|
| | | James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| IV | Eighth Amendment Excessive Bail | Joshua M. Farrell |
| V(1)[4] | No record of hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
| V(2) | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| VI | Depravation of property under the Fifth and Fourteenth Amendments | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| VII | "False Light," 42 U.S.C. § 1983 | Robert Lee |
| VIII | *N/A (does not exist)* | *N/A (does not exist)* |
| IX | "Right to Privacy," 42 U.S.C. § 1983 | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence," 42 U.S.C. § 1983 | (1) Joshua M. Farrelll; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
| XI | Fifth and Fourteenth Amendment "EX PARTE COMMUNICATION—PARTY IN INTEREST TO JUDGE" | (1) Joshua M. Farrell; (2) Aaron Miller |
| XII | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

Plaintiffs' Complaint was referred to Magistrate Judge Patricia T. Morris for full hearing and determination of all pretrial matters. ECF No. 5. *See also* 28 U.S.C. § 636(b) (authorizing magistrate judge to "hear and determine any pretrial matter pending before the court").

Plaintiffs lodge four counts against Defendant Chickering (Count I, Count II, Count X, and Count XII), and three counts against Defendant Henderson (Count II, Count X, and Count XII).

---

[4] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

On January 12, 2024, Defendant Chickering filed a motion to dismiss. ECF No. 22. One month later, Defendant Henderson did the same. ECF No. 34. Plaintiffs filed responses opposing both Defendants' motions, ECF Nos. 33; 40.

On April 25, 2024, Judge Morris issued a report (R&R), recommending this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58. Specifically, she determined that Count II against both Defendant Chickering and Defendant Henderson should be stayed under the *Younger* abstention doctrine, *see Younger v. Harris*, 501 U.S. 37 (1971), until the resolution of the state criminal case against Sharon, ECF No. 58 at PageID.1129–32. She also concluded that Counts X[5] and XII should be dismissed as to both Defendants, and Count I should be dismissed against Defendant Chickering.[6] *See generally* ECF No. 58. Additionally, Judge Morris recommended that Count XII should be "dismissed as to all [D]efendants" because there was no civil cause of action for the violations Plaintiffs alleged. *Id.* at PageID.1123. Judge Morris also recommended that Plaintiffs' Count IV, V(1), V(2), and VI be dismissed under the *Rooker Feldman* doctrine or, alternatively, judicial immunity.[7] *Id.* at

---

[5] Although on the final page of her R&R, it appears Judge Morris recommends that Count X be dismissed as to *all* Defendants, *see* ECF No. 58 at PageID.1138, the substance of the R&R only analyzed Count X as it related to Defendants Chickering, *see id.* at PageID.1119, and Henderson, *id.* at PageID.1137. Accordingly, to the extent the R&R might be construed as dismissing Count X against *all Defendants*, the R&R will be overruled. Count X will only be dismissed at this juncture as it relates to Defendants Chickering and Henderson.

[6] Although on the final page of her R&R, it appears Judge Morris recommends that Count I be dismissed as to *all* Defendants, *see* ECF No. 58 at PageID.1138, the substance of the R&R only analyzed Count I as it related to Defendant Chickering, *see id.* at PageID.1121–22. Accordingly, to the extent the R&R might be construed as dismissing Count I against *all Defendants*, the R&R will be overruled. Count I will only be dismissed at this juncture as it relates to Defendant Chickering.

[7] Notably, Judge Morris only addressed these counts because Defendant Chickering raised the issue of *Rooker Feldman* related to the civil forfeiture proceeding in her Motion to Dismiss, *see* ECF No. 22 at PageID.364–66, although it does not appear any of the Counts related to the manner or disposition of the underlying civil forfeiture *proceedings* were brought against Defendant Chickering. *See generally,* ECF No. 1 at PageID.47–57 (bringing Counts IV and V(2) against only

PageID.1123–32.

Plaintiffs filed 16 objections to Judge Morris's R&R, *see* ECF No. 63, which are now before this Court.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). And Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When a party objects to an R&R, the court must review *de novo* those portions of the R&R to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the R&R, then it may simply "state that it engaged in a de novo review of the record and adopts the [R&R]" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*,

---

Defendant Farrell, Count V(1) against Defendants Farrell and Coon, and Count VI against Defendants Farrell and Miller).

-8-

366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III.

This Court has reviewed Plaintiff's Complaint, ECF No. 1, Defendant Chickering and Henderson's motions to dismiss, ECF Nos. 23; 34, Plaintiffs' responses to those motions, ECF Nos. 33; 40, and Defendants' subsequent replies, ECF Nos. 38; 42, as well as all other pleadings filed on the docket. Having conducted this *de novo* review, this Court will now consider each of Plaintiffs' 16 Objections to the R&R. ECF No. 63.

### A.

At the outset, this Court will jointly address three objections which all challenge Judge Morris's recommendation that Defendant Farrell be dismissed from the case: Objection 2, Objection 12, and Objection 13. *See* ECF No. 63 at PageID.1203–05, 1220–26.

Objection 2 objects to Judge Morris's recommendation that Count IV should be dismissed as it relates to Defendant Farrell because Defendant Farrell did not file a motion to dismiss. ECF No. 63 at PageID.1203–05. Objection 12 similarly objects to Judge Morris's conclusion that all of Plaintiffs' claims related to the civil-forfeiture proceeding are barred by *Rooker Feldman* and her recommendation that Count IV be dismissed because Judge Farrell did not file a motion to dismiss. *Id.* at PageID.1220–22. And Objection 13 argues that Count V(2) should not be dismissed because the R&R misunderstands Plaintiffs' Claim and "advocates from the bench on behalf of" Defendant Farrell, who did not file a motion to dismiss. ECF No. 63 at PageID.1222–26.

Importantly, although Judge Morris did not cite the authority permitting a court to *sua sponte* dismiss particular claims against particular defendants, courts are permitted to do so for lack of subject matter jurisdiction under Civil Rule 12(b)(1). True, as Plaintiffs note, *see* ECF No. 63 at PageID.1205, as a general rule, courts "may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). But "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* And a plaintiff's claims against a judge based on their "performance of judicial functions" are "wholly devoid of merit," because judges are entitled to absolute immunity from such claims. *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1–2 (6th Cir. Aug. 2, 2022) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). Accordingly, these types of claims against judges may be *sua sponte* dismissed under Civil Rule 12(b)(1). *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *2.

Importantly, judicial immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity: a judge is not immune from suit for acts that are (1) not judicial in nature; or (2) performed in the absence of jurisdiction. *Id.*

Here, Sharon's allegations against Judge Farrell fall into two categories: (1) allegations related to the *criminal* charges against her; and (2) allegations related to the corresponding *civil* forfeiture proceeding. *See generally* ECF No. 1. Sharon does not allege that Defendant Farrell acted without jurisdiction in the criminal case. *See generally id.* And although Sharon alleges that

Defendant Farrell acted without jurisdiction in the civil forfeiture case, *see id.* at PageID.55, that is a *legal* allegation this Court need not accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (noting legal conclusions are "not entitled to the assumption of truth."). It appears from the facts alleged in Plaintiffs' Complaint, and the state-court record, that the civil-forfeiture case was initiated by the filing of a complaint on February 22, 2021, thus granting Judge Farrell jurisdiction over the civil-forfeiture complaint. ECF No. 58 at PageID.1128. Thus, Sharon has not shown that Judge Morris's legal conclusion—that "Defendant Farrell had jurisdiction to issue the forfeiture order and is entitled to immunity"—was erroneous. *Id.* Accordingly, Objections 2, 12, and 13 will all be overruled, and Judge Morris's R&R will be adopted to the extent it recommends that all claims against Defendant Farrell be dismissed according to Civil Rule 12(b)(1) on the basis of judicial immunity.

## B.

## Objection 1

Plaintiffs' first objection is that Judge Morris "totally ignored . . . the effect of the [e]xclusionary [r]ule on this case." ECF No. 63 at PageID.1200. But Plaintiffs' arguments about the exclusionary rule and the fruit of the poisonous tree doctrine were already presented to Judge Morris in Plaintiffs' responses to Defendants Chickering and Henderson's motions to dismiss. *See* ECF Nos. 33 at PageID.575–77; 40 at PageID.739–40. And a district court is "not obligated to reassess the same arguments presented before the Magistrate Judge" in the absence of any clear error in the magistrate judge's analysis. *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to

alert the court to alleged errors on the part of the magistrate judge."). Therefore, Objection 1 will be overruled.

### Objection 3

Plaintiffs' third objection is that Count I should not be dismissed "[s]imply [b]ecause Plaintiffs [m]islabeled it and [c]ited [t]wo [c]riminal [s]tatutes [t]hat [a]re [n]ot [t]he [o]perative [s]tatute [t]hat [c]ontrols [t]he [c]ase." ECF No. 63 at PageID.1206. Plaintiffs further assert that Judge Morris did "not mention anywhere in her" R&R that Plaintiffs' bring Count I under 42 U.S.C. § 1983. *Id.* at PageID.1207. Not so. Indeed, Judge Morris recites the correct legal standard for civil conspiracy *under § 1983* before analyzing the sufficiency of Plaintiffs' civil-conspiracy claim. *See* ECF No. 58 at PageID.1121. And Judge Morris's legal and factual conclusions are sound. Accordingly, Objection 3 will be overruled, but this Court will clarify that, as it relates to Count I, Judge Morris's R&R will only be adopted to the extent it dismisses Count I against Defendant Chickering. Thus, to the extent the R&R might be construed as dismissing Count I against *all Defendants*, the R&R will be overruled. Count I will only be dismissed at this juncture as it relates to Defendant Chickering.

### Objection 4

Plaintiffs' fourth objection asserts that dismissing "the Conspiracy Count" would be erroneous and argues that Judge Morris "cannot dismiss the whole count as to all defendants now." ECF No. 63 at PageID.1208–12. Plaintiffs then restate the same facts presented in their Complaint. *See id.* It appears this objection relates to confusion regarding whether Judge Morris was dismissing Count I against *all Defendants* or merely dismissing it as to Defendant Chickering. Although on the final page of her R&R, Judge Morris recommended Count I be dismissed as to *all* Defendants, *see* ECF No. 58 at PageID.1138, the substance of the R&R only analyzed Count I

as it related to Defendant Chickering, *see id.* at PageID.1121–22. So, as noted in this Court's analysis of Plaintiffs' Third Objection, to the extent the R&R might be construed as dismissing Count I against *all Defendants*, Plaintiffs' Objection will be sustained in part, and the R&R will be overruled in part. Count I will only be dismissed at this juncture as it relates to Defendant Chickering.

**Objection 5**

Plaintiffs' fifth objection argues that Judge Morris erred in recommending that Plaintiffs' Fourteenth Amendment due process claim against Defendant Chickering (Count X) be dismissed because *Brady v. Maryland* is inapplicable here. ECF No. 63 at PageID.1212–13. But Judge Morris's legal conclusion that Plaintiffs' "allegations amount to nothing more than the alleged knowledge they believe Defendant Chickering should have possessed, and the additional actions she *should* have undertaken before rendering her opinion," is legally sound. ECF No. 58 at PageID.1119. Indeed, Plaintiffs' claims do not rise to the level of a Fourteenth Amendment due process claim, so Objection 5 will be overruled and Count X will be dismissed as it relates to Defendant Chickering and Defendant Henderson.

**Objection 6**

Plaintiffs' sixth objection takes issue with Judge Morris's recommendation that Plaintiffs' Fourth Amendment claims be stayed pending the ongoing state criminal proceedings. *See* ECF No. 63 at PageID.1213–17. But the arguments Plaintiffs present in their objections merely reraise the arguments made to Judge Morris. *See* ECF Nos. 33 at PageID.577–80; 40 at PageID.742–46. And a district court is "not obligated to reassess the same arguments presented before the Magistrate Judge" in the absence of any clear error in the magistrate judge's analysis. *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v.*

*Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Therefore, Objection 6 will be overruled, and Judge Morris's R&R will be adopted to the extent it determines that Defendant Chickering and Defendant Henderson are *not* entitled to qualified immunity at this juncture and Count II (Plaintiff's Fourth Amendment claims) will be stayed.

**Objection 7**

Plaintiffs' seventh objection is that the R&R contained a factual error when it identified Plaintiffs as "former" Butman Township residents. ECF No. 63 at PageID.1217. As reflected by Plaintiffs' mailing address listed on their pleadings, *see* ECF No. 1 at PageID.4, it appears both Plaintiffs are current Butman Township residents. Accordingly, this objection will be sustained, though it does not affect any of the legal analysis or conclusions in Judge Morris's R&R.

**Objection 8**

Plaintiffs' eighth objection is that Judge Morris misstated their allegations against Defendant Moore in the background facts section. ECF No. 63 at PageID.1218. Upon review, it appears footnote 11 of Judge Morris's R&R mistakenly conflates Defendant *Karen* Moore and *Krystal* Moore. *See* ECF No. 58 at PageID.1097. For clarification, Defendant *Karen* Moore is a "former magistrate . . . who is president and consultant manager of Indigent Defense Consultants, P.C." and the Chair of the Gladwin County Commission. ECF No. 1 at PageID.44. And *Krystal* Moore—who is not a defendant in this case—is "the purported Animal Control officer" who works at "the purported Gladwin County Animal Shelter" and "took seven dogs from" Plaintiffs. ECF No. 1 at PageID.42.

Thus, Plaintiffs' Objection 8 will be sustained, and the R&R will be overruled to the extent it mistakenly conflates the identities of *Karen* Moore and *Krystal* Moore.

### Objection 9

Plaintiffs' ninth objection is that the R&R erred by not including the word "allegedly" when stating that the December 2020 criminal complaint was supported by the evidence collected by Defendants Lee and Henderson on November 4, 2020. ECF No. 63 at PageID.1218–19; *see also* ECF No. 58 at PageID.1098. But whether the "evidence" is referred to as "evidence" or "alleged evidence" does not alter the legal analysis or conclusions in Judge Morris's R&R and thus is not clear error. Accordingly, Objection 9 will be overruled.

### Objection 10

Like Plaintiffs' ninth objection, their tenth objection is that the R&R erred by not including the word "allegedly" when stating that Defendant Chickering offered opinions supporting Defendant Henderson's conclusion that the animals appeared malnourished and sick. ECF No. 63 at PageID.1219; *see also* ECF No. 58 at PageID.1098. But, again, whether Defendant Henderson's allegations were "supported" or "allegedly supported" by Defendant Chickering's opinions does not alter the legal analysis or conclusions in Judge Morris's R&R. Accordingly, Objection 10 will be overruled.

### Objection 11

Plaintiffs' eleventh objection argues that Judge Morris erred by applying the *Rooker Feldman Doctrine* to counts against Defendant Chickering that Defendant Chickering did not explicitly identify in her Motion to Dismiss. ECF No. 63 at PageID.1219–20. This objection also broadly alleges that Judge Morris erroneously converted Defendant Chickering's Motion to a Rule 56 motion for summary judgment. *Id.* at PageID.1220. Importantly, as this Court already noted, it

does not appear from the face of Plaintiffs' Complaint that any of the Counts related to the manner or disposition of the underlying civil forfeiture *proceedings* were brought against Defendant Chickering. *See* generally, ECF No. 1 at PageID.47–57 (bringing Counts IV and V(2) against only Defendant Farrell, Count V(1) against Defendants Farrell and Coon, and Count VI against Defendants Farrell and Miller). And Judge Morris did not convert Defendant Chickering's Motion to Dismiss, ECF No. 22, to a motion for summary judgment. True, Judge Morris took judicial notice of matters of public record, *see* ECF No. 58 at PageID.1128, 1130 n. 19, but district courts may properly consider the public record under Civil Rule 12 so long as the information considered is "central to the claims" contained within the plaintiff's complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). Accordingly, Objection 11 will be overruled.

### Objection 14

Plaintiffs fourteenth objection alleges that Judge Morris mischaracterized and omitted "necessary facts," ECF No. 63 at PageID.1226–27, about the "secret ex parte letter and secret ex parte communications" related to Count XI, *id.* at PageID.1227. True, Plaintiffs' Complaint included more contextual detail about the "secret letter" and its impact on the civil forfeiture complaint. ECF No. 1 at PageID.66. But Judge Morris's omission of these details in her factual summary is not clear error. These details were not relevant to the legal analysis within her R&R. Therefore, Objection 14 will be overruled.

### Objection 15

Plaintiffs fifteenth objection points out that the R&R includes an incorrect legal citation. *See* ECF No. 63 at PageID.1227–28, To the extent Plaintiffs note the source of a particular legal citation in the R&R is incorrect, their objection will be sustained. But, notably, although the quote Plaintiffs object to is cited incorrectly, *see* ECF No. 58 at PageID.1128 (attributing the source of a

quote to *In re Forfeiture of $53*, 178 Mich. App. 480, 496 (1989) incorrectly), it is a correct statement of the law. Indeed, the correct source of the quote Plaintiffs challenge is a more recent Michigan Court of Appeals case which *cited* the case the R&R incorrectly attributes the quote to. *See State v. Certain Real Prop.*, No. 192693, 1998 WL 1989498, at *1 (Mich. Ct. App. Oct. 30, 1998) (citing *In re Forfeiture of $53*, 444 N.W.2d 182 (1989)) ("there is no need even to commence a criminal prosecution in order for a civil forfeiture action to be brought."). Therefore, Objection 15 will be sustained to the extent it challenges this specific legal citation. Importantly though, the source of the legal proposition does not change the legal conclusion Judge Morris reached that commencing a criminal prosecution is not a prerequisite for initiating a civil forfeiture action.

**Objection 16**

Plaintiffs final objection is not a proper objection, and requests that Judge Morris disqualify herself from presiding over this case because her late husband was a Gladwin County Judge who presided over three earlier civil cases involving Plaintiffs. *See* ECF No. 63 at PageID.1228–29. If Plaintiffs still desire such relief, they may file a separate motion requesting it. Accordingly, Objection 16 will be overruled.

**C.**

In sum, the following objections will be sustained: Objection 7, Objection 8, and Objection 15. Objection 4 will be sustained in part, and the remaining objections will be overruled.

Accordingly, Judge Morris's R&R will be adopted in part and overruled in part. Judge Morris's R&R will be overruled in part to the extent that it (1) dismisses Count I as to all Defendants; (2) dismisses Count X as to all Defendants; (3) identifies Plaintiffs as "former" Butman Township residents; (4) conflates Karen Moore and Krystal Moore; and (5) mistakenly attributes a quote to the incorrect case.

The remaining portions of the R&R will be adopted. Accordingly, the following table illustrates the status of Plaintiffs claims against Defendants after this Opinion and Order:

| Count | Claim | Defendants | Status |
|---|---|---|---|
| I | Conspiracy to Deprive Rights Under Color of Law, 42 U.S.C. § 1983 | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Rebecca Kreisher; (9) Karen Moore | Live |
| II | Fourth Amendment Unlawful Search and Seizure, 42 U.S.C. § 1983 | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering | Stayed |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher | Live |
| V(1)[8] | No record of hearing under the Fifth and Fourteenth Amendments | Gina Coon | Live |
| VI | Depravation of property under the Fifth and Fourteenth Amendments. ECF No. 1 at PageID.55–57. | (1) Gladwin County; (2) Aaron Miller | Live |
| VII | "False Light," 42 U.S.C. § 1983 | Robert Lee | Live |
| IX | "Right to Privacy," 42 U.S.C. § 1983 | James Maveal Jr. | Live |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence," 42 U.S.C. § 1983 | (1) Robert Lee; (2) Justin Ronald Henderson; (3) James Maveal Jr.; (4) Norman E. Gage; | Live |
| XI | Fifth and Fourteenth Amendment "EX PARTE COMMUNICATION—PARTY IN INTEREST TO JUDGE" | Aaron Miller | Live |

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Objections, ECF No. 63, are **SUSTAINED IN PART**, to the extent Objections 7, 8 and 15 are sustained and Objection 4 is sustained in part.

---

[8] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

Further, it is **ORDERED** that Plaintiffs' Objections, ECF No. 63, are **OVERRULED IN PART**, to the extent that Objections 1, 2, 3, 5, 6, 9, 10, 11, 12, 13, 14, and 16 are overruled and Objection 4 is overruled in part.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 58, is **OVERRULED IN PART**, to the extent it (1) dismisses Count I as to all Defendants; (2) dismisses Count X as to all Defendants; (3) identifies Plaintiffs as "former" Butman Township residents; (4) conflates Karen Moore and Krystal Moore; and (5) mistakenly attributes a quote to the incorrect case.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 58, is **ADOPTED** in all other respects.

Further, it is **ORDERED** that Defendant Chickering's Motion to Dismiss, ECF No. 22, is **GRANTED IN PART** to the extent it seeks dismissal of Count I, Count X, and Count XII as they relate to Defendant Chickering.

Further, it is **ORDERED** that Defendant Chickering's Motion to Dismiss, ECF No. 22, is **DENIED IN PART** in all other respects.

Further, it is **ORDERED** that Defendant Henderson's Motion to Dismiss, ECF No. 34, is **GRANTED IN PART** to the extent it seeks dismissal of Count X and Count XII as they relate to Defendant Henderson.

Further, it is **ORDERED** that Defendant Henderson's Motion to Dismiss, ECF No. 34, is **DENIED IN PART** in all other respects.

Further, it is **ORDERED** that Count II, *see* ECF No. 1 at PageID.31–43, is **STAYED** pending the resolution of the criminal charges against Plaintiff Sharon Zlatkin pending in the 80th District Court of Gladwin County.

Further, it is **ORDERED** that Count XII is **DISMISSED** as it relates to all Defendants.

Further, it is **ORDERED** that Defendant Farrell is **DISMISSED** from the above-captioned case.

**This is not a final order and does not close the above-captioned case**.

Dated: July 24, 2024                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge