UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

               Plaintiffs,                          Case No. 1:23-cv-12693

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge
TOWNSHIP OF BUTMAN, et al.,

                                         Honorable Patricia T. Morris
               Defendants.             United States Magistrate Judge
_____/

**OPINION AND ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' OBJECTIONS, (2) OVERRULING IN PART AND ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT KREISHER'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF SHARON ZLATKIN'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND (5) DISMISSING CLAIMS AGAINST DEFENDANT KREISHER**

This case stems from a search of Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin's farm in Butman Township, Gladwin County, Michigan. The search resulted in officials seizing many of Plaintiffs' farm animals and prosecuting Sharon. On October 24, 2023, in addition to suing Gladwin County, Butman Township, and myriad public officials, Plaintiffs sued Defendant Rebecca Kreisher. Defendant Kreisher is an attorney appointed to represent Sharon in multiple cases before the search of Plaintiffs' farm, and the public defender appointed to represent Sharon in the criminal case brought after the search of Plaintiffs' farm. Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal representation and conspired to deprive Plaintiffs of their constitutional rights, in violation of 42 U.S.C. § 1983.

On March 21, 2024, Defendant Kreisher filed a motion for summary judgment. In response, Sharon filed a cross-motion for summary judgment. On May 7, 2024, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that this Court grant Defendant Kreisher's Motion,

deny Sharon's Cross-Motion, and dismiss Defendant Kreisher from this case with prejudice. As discussed below, Judge Morris's R&R will largely be adopted, Sharon's Cross-Motion will be denied, Defendant Kreisher's Motion will be granted, and Plaintiff's claims against Defendant Kreisher will be dismissed with prejudice.

**I.**

**A.**

In August 2015, Plaintiff Sharon Rose Zlatkin and her mother, Plaintiff Peggy Zlatkin, purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. ECF Nol. 1 at PageID.10. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm, "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." *Id.* Plaintiffs also had livestock on their farm. *Id.*

Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine.[1] *Id.* at PageID.11. These neighbors allegedly surveil Plaintiffs, "patrol" their farm, and trespass onto the farm to destroy Plaintiffs' property. *Id.* Plaintiffs also allege these neighbors "have spread rumors in the community and defamed" them. *Id.*

In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." *Id.* at PageID.9, 13. In response to the complaints, Defendant Mavel issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. *Id.* at PageID.13–14. After a hearing in May 2017, Defendant Maveal allegedly told Sharon to stop farming, return the farm to its former owner, and "go back

---

[1] Neither neighbor is a defendant in this case.

down state." *Id.* Plaintiffs further allege that Defendant Maveal told Sharon that if she did not follow his advice, he would ensure she would never own an animal again and lose everything. *Id.*

In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about Plaintiffs and their animals, resulting in "five manufactured misdemeanor animal-at-large tickets." *Id.* at PageID.22. A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest based on those tickets. *Id.*; *see also id.* at PageID.9.

In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. *Id.* at PageID.20. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sherriff about the complaint but instead contacted the Michigan State Police (MSP). *Id.* Plaintiffs allege that around 9:15 AM on November 4, 2020, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered Plaintiffs' farm with Defendant Maveal. *Id.*  The "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop" and seized Plaintiffs' animals, loading them into vans, trucks, and trailers. *Id.* Plaintiffs allege the animals were being "darted" to "immobilize" them. *Id.* at PageID.21.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—an MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. *Id.* Sharon called Peggy—who was not present at the farm when the "mob" allegedly stormed it—but an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." *Id.* at PageID.34. Sharon was not permitted to leave until the search concluded and alleges two armed MSP officers guarded her during the entire search. *Id.* at PageID.22. When Peggy returned to the farm, she was allegedly told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began. *Id.*

At some point after Peggy arrived, Defendants Lee and Henderson left. *Id.* at PageID.36. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E. Gage, a Gladwin County Prosecutor, and Defendant Magistrate Judge Steven Worpell. *Id.* at PageID.37–38. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized nor described the property to be searched. *Id.* at PageID.41. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. *Id.* at PageID.39. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. *Id.* at PageID.57. Plaintiffs allege that Defendant Lee did just that and "exploit[ed] the media" to "achieve maximum attainable publicity" to "put Sharon in jail." *Id.* According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon. *Id.* (cleaned up).

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County Prosecutor—filed a felony information charging only Sharon with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. *Id.* at PageID.40. Sharon alleges she was not arraigned on the felony charge until April 26, 2021. *Id.* at PageID.50, 56. Defendant Rebecca Kreisher—an attorney previously appointed to represent Sharon in five misdemeanor cases—was appointed to represent her for this felony charge and attended the April 26, 2021 virtual arraignment before Judge Joshua Farrell. ECF Nos. 43-3 at PageID.800–01; 49-1 at PageID.866; 1 at PageID.43. According to Sharon, she was muted whenever she tried to speak during the virtual arraignment. ECF No. 1 at PageID.53. And Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal assistance when representing

Sharon in the six criminal cases and conspired to deprive Plaintiffs of their constitutional rights. *See* ECF Nos. 49-1 at PageID.869–79; ECF No. 1 at PageID.45.

On October 24, 2023, Plaintiffs filed a complaint against Gladwin County, the Township of Butman, and 12 individual Defendants involved in the November 2020 search and subsequent criminal and civil-forfeiture proceedings involving Plaintiffs. ECF No. 1. Plaintiffs' Complaint alleges the following:

| Count | Claim | Defendants[2] |
|---|---|---|
| I | "Depravation of Rights Under Color of Law" | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| IV | Eighth Amendment Excessive Bail | Joshua M. Farrell |
| V(1)[3] | No record of hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
| V(2) | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| VI | Fifth and Fourteenth Amendment Depravation of Property | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| VII | "False Light" | Robert Lee |
| VIII | *N/A (does not exist)* | *N/A (does not exist)* |
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Joshua M. Farrelll; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal |

[2] Plaintiffs Complaint does not clearly identify which claims are brought against which Defendants. *See generally*, ECF No. 1. But having fully reviewed Plaintiffs' Complaint, this Court has determined the relevant Defendants for each count based on the factual allegations Plaintiffs detail in each of their counts.
[3] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

| | | Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
|---|---|---|
| **XI** | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | (1) Joshua M. Farrell; (2) Aaron Miller |
| **XII** | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

*See generally id.*

**B.**

This Court referred Plaintiffs' Complaint to Magistrate Judge Patricia T. Morris to determine all pretrial matters. ECF No. 5. On January 12, 2024, Defendant Chickering filed a motion to dismiss. ECF No. 22. One month later, Defendant Henderson did the same. ECF No. 34. Judge Morris issued a report (R&R), recommending this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58. On July 24, 2024, this Court adopted the R&R in large part. ECF No. 86. As a result, this Court (1) dismissed Counts I, X, and XII as they relate to Defendant Chickering because those counts failed to adequately state a claim against her, (2) dismissed Counts X and XII as they relate to Defendant Henderson because those counts failed to adequately state a claim against him, (3) stayed Count II based on the *Younger* abstention doctrine, *see Younger v. Harris*, 501 U.S. 37 (1971), until the state criminal case against Plaintiff Sharon Zlatkin is resolved, (4) *sua sponte* dismissed Defendant Farrell based on judicial immunity, and (5) *sua sponte* dismissed Count XII as it relates to all Defendants because 18 U.S.C. § 241 does not create a private cause of action. *See id.* PageID.1662–63. The following claims remain:

| Count | Claim | Defendants |
|---|---|---|
| I | Conspiracy to Deprive Rights Under Color of Law | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Rebecca Kreisher; (9) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| V(1) | No record of a hearing under the Fifth and Fourteenth Amendments | Gina Coon |
| VI | Fifth and Fourteenth Amendment Depravation of Property | (1) Gladwin County; (2) Aaron Miller |
| VII | "False Light" | Robert Lee |
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Robert Lee; (2) Justin Ronald Henderson; (3) James Maveal Jr.; (4) Norman E. Gage; |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | Aaron Miller |

## C.

Shortly after Defendants Chickering and Henderson moved to dismiss the claims against them, Defendant Kreisher—the attorney appointed to represent Sharon in six state criminal proceedings—moved for summary judgment. ECF No. 43. In relevant part, Defendant Kreisher argued that Plaintiffs' claims against her failed as a matter of law because she wasn't acting under the color of state law when she represented Sharon, an essential element of 42 U.S.C. § 1983 claims.[4] *See generally id.* Sharon responded to Defendant Kreisher's Motion for Summary

---

[4] Having difficulty discerning what claims Plaintiffs actually brought against her, Defendant Kreisher also argued that "to the extent Plaintiffs are alleging a theory of legal malpractice . . . against Kreisher, Plaintiffs' claim also fails as a matter due to the expiration of the statute of limitations." ECF No. 43 at PageID.788. But Plaintiffs clarified that they weren't bringing a malpractice claim, *see* ECF No. 49 at PageID.829, so that portion of the briefing is not relevant to this Opinion and Order.

Judgment and, in the same document, filed a cross-motion for summary judgment, arguing that Defendant Kreisher did act under color of state law when representing her and alleging that Defendant Kreisher's representation was deficient in several respects. ECF No. 49.

On May 7, 2024, Judge Morris issued an R&R addressing these motions. ECF No. 61. The R&R noted that Peggy did not join any of Sharon's pleadings on these motions and recommended that this Court dismiss all claims *Peggy* pursued against Defendant Kreisher as waived. *Id.* at PageID.1179. The R&R also admonished Sharon for violating Local Rule 5.1(e) when she filed a cross-motion and response in the same filing but did not strike the cross-motion. *See id.* at PageID.1173–74, n.2. Ultimately, the R&R concluded that nothing in the record supported that Defendant Kreisher acted under color of law in relation to Plaintiffs' claims. *Id.* at PageID.1183–84. So she recommended that this Court deny Sharon's Cross-Motion for Summary Judgment, ECF No. 49, grant Defendant Kreisher's Motion for Summary Judgment, ECF No. 43, and dismiss Defendant Kreisher from this case with prejudice. Plaintiffs objected.

**II.**

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

### III.

Plaintiffs lodge fifteen objections to Judge Morris's R&R.[5]  ECF No. 67. This Court has reviewed Plaintiff's Complaint, ECF No. 1, Defendant Kreisher's Motion for Summary Judgment, ECF No. 43, Plaintiff Sharon Zlatkin's "Answer, Counter Motion, [and] Brief in Response" to Defendant Kreisher's Motion, ECF Nos. 49, and all other pleadings on the docket. Having conducted this *de novo* review, this Court will address each of Plaintiffs' objections below.

### A.

### Objections 1 through 5 and 12

This Court will address objections one through five and twelve together.[6] These objections challenge the R&R's conclusion that Defendant Kreisher was not acting under color of state law while representing Sharon. ECF No. 67 at PageID.1354–62. Plaintiffs argue the R&R erred by:

1.  Overlooking their claim that MICH. COMP. LAWS § 780.989, enacted in 2013—which empowers a state commission, Michigan Indigent Defense Commission (MIDC), to promulgate standards for public defense services—placed Defendant Kreisher under the color of state law because MIDC's standards are state-promulgated rules that govern public defenders' conduct. *Id.* at PageID.1354–57. The crux of this argument is that all cases that the R&R relied on for the proposition that individual public defenders in Michigan do not

---

[5] At first glance, it appears Plaintiffs only filed fourteen objections to the R&R. *See* ECF No. 67 at PageID.1380 (labeling the last objection "OBJECTION No. 14"). But upon closer inspection, Plaintiffs lodged fifteen objections because they labeled two objections "OBJECTION No. 11." *Compare id.* at PageID.1374 *with id.* at PageID.1376. So this Court will refer to the second "OBJECTION No. 11" and the objections that follow as objections twelve through fifteen to reflect their accurate objection number.

[6] Objections two and five overlap, and objections four and twelve do, too, so this Court will address them at once, which is why this portion of the Opinion and Order may appear to only address four objections when it tackles six.

act under color of state law when representing clients preceded MICH. COMP. LAWS § 780.989's statutory scheme. *Id.*

2. Finding that Plaintiffs raised a municipal liability theory based on *Powers v. Hamilton Cnty. Public Defender Comm.*, 501 F.3d 592 (6th Cir. 2007), for the first time in response to Defendant Kreisher's Summary Judgment Motion and concluding that *Powers* does not apply. *Id.* at PageID.1357–58, 1361–62.

3. Stating that nothing in the record supports that Kreisher acted under color of state law. *Id.* at PageID.1358–59.

4. Ignoring Sharon's argument that Defendant Kreisher failed to comply with the MIDC's Minimum Standards for Indigent Criminal Defense Services, including those for client consultation. *Id.* at PageID.1359–61, 1376–77.

These objections lack merit.

Nothing in the record supports that Defendant Kreisher acted under color of state law when representing Sharon, so as the R&R concluded, Plaintiffs' ineffective assistance of counsel claim against Defendant Kreisher (Count III) fails as a matter of law. To state viable § 1983 claim, plaintiffs must allege (1) a person deprived them of a right secured by the Constitution or laws of the United States, and (2) the person acted under color of state law when depriving the plaintiffs of the right. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).

As the R&R correctly exposits, *see* ECF No. 61 at PageID.1180–84, public defenders do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding—as Defendant Kreisher did for Sharon—even when the state appoints or compensates them. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). The Sixth Circuit and this Court have routinely applied this rule to Michigan public defenders since MICH. COMP. LAWS § 780.989's enactment in 2013. *See, e.g.*, *Goodell v. Malkin*, No. 20-1862, 2021 WL 4050629, at *2 (6th Cir. July 26, 2021); *Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *3 (6th Cir. May 19, 2017); *Jenkins v. Young*, No. 2:23-CV-13188, 2024 WL 3297137, at *8 (E.D. Mich. July 3, 2024); *Hill v. Michigan*, No. 22-10631, 2022 WL 6184878, at *3, n.3 (E.D. Mich.

- 10 -

Oct. 7, 2022); *Peete v. Combs*, No. 4:17-CV-11652, 2017 WL 5732924, at *3 (E.D. Mich. Nov. 28, 2017). And in any event, the Supreme Court's decision in *Polk* and Sixth Circuit cases make clear that a state's regulation of attorneys' professional conduct doesn't make public defenders state actors. *See Polk*, 454 U.S. at 319 n.9; *see also Kenny*, 2017 WL 3613601, at *3 (citing *Stern v. O'Brien*, No. 84–3720, 1985 WL 14084, at *1 (6th Cir. Dec. 13, 1985)).

Further, as the R&R also correctly exposits, *Powers v. Hamilton Cnty. Public Defender Comm.*, 501 F.3d 592 (6th Cir. 2007) doesn't change the outcome here. In *Powers*, the Sixth Circuit distinguished between public defenders and the municipal public defenders' *offices* that employ them. *Id.* at 611–13. It concluded that although *Polk* precludes § 1983 claims against public defenders, it doesn't prevent claims against municipal public defenders' offices based on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *Id.* So *Powers* doesn't apply to Plaintiffs' ineffective assistance of counsel claims against Defendant Kreisher, who is an individual sued in her individual capacity, *see* ECF No. 1 at PageID.10—not municipal public defenders' office.

And the R&R did not err in ignoring Sharon's argument that Defendant Kreisher failed to comply with the MIDC's Minimum Standards for Indigent Criminal Defense Services, including those for client consultation. As explained above, these standards did not render Defendant Kreisher a state actor when she represented Sharon, so the R&R did not need to address Defendant Kreisher's compliance with the standards. At bottom, because the R&R correctly concluded that Defendant Kreisher was not acting under color of state law while representing Sharon, objections 1, 2, 3, 4, 5, and 12 will be overruled.

**Objection 6**

Plaintiffs' sixth objection is that the R&R overlooked the effect that *Tower v. Glover*, 467

U.S. 914 (1984), could have on their *conspiracy* claim against Defendant Kreisher (Count I).[7] *See*

ECF No. 67 at PageID.1363. To that end, Plaintiffs argue that, under *Tower*, Kreisher could

properly be classified as a "state actor" specifically for Plaintiffs' § 1983 conspiracy claims. *See*

*id.* at PageID.1363–68. Plaintiffs are correct that *Tower* held that public defenders act under color

of state law when they conspire "with state officials to deprive another of federal rights." 467 U.S.

at 920.

But Plaintiffs' conspiracy claim against Defendant Kreisher fails even considering *Tower*.

Plaintiffs must formulate § 1983 conspiracy claims with sufficient specificity, and vague and

conclusory allegations will not survive a summary judgment. *Moldowan v. City of Warren*, 578

F.3d 351, 395 (6th Cir. 2009). Plaintiffs' allegations that Defendant Kreisher conspired to deprive

them of constitutional rights are conclusory. Plaintiffs simply state that "Sharon believes that"

Defendants Farrell, Miller, Gage, and Kreisher "conspired together" to deprive her of her right to

effective counsel, *see* ECF No. 1 at PageID.45, and "all defendants . . . have conspired among

themselves and others to deprive [Plaintiffs] of their constitutional rights," *id.* at PageID.73. These

allegations are insufficient to withstand Defendant Kreisher's summary judgment motion and—

contrary to Plaintiffs' description—do not "smear the[] color" of state law onto Defendant

Kreisher's conduct, ECF No. 67 at PageID.1367. *See Moldowan*, 578 F.3d at 395 (granting

summary judgment on § 1983 conspiracy claim because plaintiff asserted only conclusory

---

[7] Presumably, the R&R did not address this issue because a prior R&R recommended dismissing the conspiracy claims entirely because Plaintiffs failed to plead it with specificity. *See* ECF No. 58 at PageID.1138. And the R&R at issue here refers back to the prior R&R. *See* ECF No. 61 at PageID.1173, n.1. But after the R&R at issue here was filed, this Court overruled the part of the prior R&R that recommended dismissing Count I for all Defendants because the prior R&R analyzed only Count I as it related to Defendant Chickering. *See* ECF 86 at PageID.1656–57.

allegations that defendants "conspired together" in violation of  § 1983); *See also Harcz v. Boucher*, 763 F. App'x 536, 541 (6th Cir. 2019) (dismissing § 1983 conspiracy against private and public actors); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 842 (N.D. Ohio 2009) (same).

So Plaintiffs' sixth objection will be sustained to the extent the R&R should have independently addressed Count I against Defendant Kreisher but overruled to the extent it argues that Count I survives Defendant Kreisher's Motion for Summary Judgement.

### Objections 7 and 14

Though at times unclear, Plaintiffs' seventh and fourteenth objections seemingly relate to the scope of the R&R's recommendations. Plaintiffs seventh objection asserts Sharon's Cross-Motion for Summary Judgment, ECF No. 49, should be dismissed without prejudice, not with prejudice, as the R&R recommends. ECF No. 67 at PageID.1368. Plaintiffs' fourteenth objection argues that this Court should not dismiss Peggy's claims against Defendant Kreisher because Defendant Kreisher's Motion for Summary Judgment applied only to Sharon's ineffective assistance of counsel claim (Count III). *Id.* at PageID.1378–80. Both objections will be overruled.

First, Sharon's Cross-Motion for Summary Judgment, ECF No. 49, was based on nonviable claims, so it will be denied as the R&R recommends. Further, because Defendant Kreisher's Motion for Summary Judgment, ECF No. 43, will be granted, Defendant Kreisher will be dismissed from the case with prejudice.

Second, Defendant Kreisher's Motion for Summary Judgment targeted all Plaintiffs' § 1983 claims—not just Sharon's. *See* ECF No. 43 at PageID.775 (requesting that this Court dismiss "this Complaint against Defendant Kreisher"); *see also id.* at PageID.783 ("*Plaintiffs* have failed to state a claim under 42 U.S.C. § 1983 . . . .") (emphasis added). And to the extent the Motion

focuses on Count III, it does so to direct the Court's attention to the specific allegations against Defendant Kreisher in Plaintiffs' labyrinthine Complaint. *See, e.g., id.* at PageID.773. Indeed, Plaintiffs do the same in their objections when discussing the allegations they contend supported their conspiracy claim against Defendant Kreisher. *See* ECF No. 67 at PageID.1364 ("Additionally, Count III, paragraph 181(c) (ECF No. 1, PageID.45) directly connects defendant Rebecca Kreisher with defendants Farrell, Miller, and Gage, all acting under color of law. This paragraph unambiguously states: ". . . Plaintiff Sharon Zlatkin believes that all these actors conspired together."). In the end, objections 7 and 14 will be overruled.

## Objection 8

In their eighth objection, Plaintiffs broadly assert that "throughout the 16 pages" of the R&R, the R&R contains "glaring" factual and legal errors. *See* ECF No. 67 at PageID.1373. But Plaintiffs do not identify any specific deficiencies in the R&R. Thus, Plaintiffs' eighth objection is improper and will be overruled for lack of specificity. *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

## Objection 9

Plaintiffs' ninth objection is that the R&R contained a factual error when it identified Plaintiffs as "former" Butman Township residents. ECF No. 67 at PageID.1374. Plaintiffs are current Butman Township residents. *See* ECF No. 86 at PageID.1658. So this objection will be sustained, though it does not affect any of the legal analysis or conclusions in Judge Morris's R&R.

## Objection 10

Plaintiffs' tenth objection is that the R&R contained a factual error when it stated that Sharon had "not . . . filed a reply to Kreisher's response (ECF No. 56)" when Judge Morris issued

the R&R. ECF No. 67 at PageID.1374. Although the docket entries' numbers appear out of order, according to the docket, the day before Judge Morris issued the R&R, Sharon filed a reply to ECF No. 56. *Compare* ECF No. 62 *with* ECF No. 61. So this objection will be sustained, though it does not affect any of the legal analysis or conclusions in Judge Morris's R&R.

## Objection 11

Plaintiffs' eleventh objection is that the R&R contained a factual error when it suggested that Peggy was criminally charged after the search of Plaintiffs' farm. *See* ECF No. 67 at PageID.1374. This discrepancy is understandable, though, as the R&R relied on a portion of Plaintiffs' Complaint stating, "On December 16[], 2020, defendant Aaron Miller filed a Felony Information in case no. 20-1743-FY charging Plaintiff Sharon Zlatkin & Peggy Zlatkin with a felony . . . ." ECF No. 1 at PageID.40. Indeed, in the objection, Plaintiffs admit that their Complaint contains this error, too. *Id.* at PageID.1375. Still, Plaintiffs emphasize that Peggy was, in fact, only involved in a civil forfeiture case, not a criminal case. *Id.* And aside from Plaintiffs' error in their Complaint, nothing in the record establishes that Peggy was criminally charged after her farm was searched. Given Plaintiffs' clarification, this objection will be sustained, though it does not affect any of the legal analysis or conclusions in Judge Morris's R&R.

## Objection 13

Plaintiffs' thirteenth objection is that the R&R contained a factual error when it stated that Sharon argued that "'throughout [Defendant] Kreisher's representation, she . . . failed to represent her in the civil matter.'" ECF No. 67 at PageID.1377 (quoting ECF No. 61 at PageID.1176). To that end, Plaintiffs submit that Sharon's allegations only relate to Defendant Kreisher's representation in *criminal* matters, not *civil* matters. *See id.* Although her allegations are sometimes unclear, Sharon never claimed Defendant Kreisher failed to represent her in a civil matter. *See*

*generally* ECF Nos 1; 49; 49-1. Rather, Sharon's pleadings allude to a civil forfeiture case in which she was a party and note that Defendant Kreisher wasn't her attorney in that case. *See, e.g.,* ECF No. 49-1 at PageID.866–71. So this objection will be sustained, though it does not affect any of the legal analysis or conclusions in Judge Morris's R&R.

### Objection 15

Plaintiffs' final objection is not a proper objection to the R&R because it doesn't address anything in the R&R—it requests that Judge Morris disqualify herself from this case because her late husband was a Gladwin County Judge who presided over three earlier civil cases involving Plaintiffs and may know some of the Defendants. *See* ECF No. 67 at PageID.1380–84. If Plaintiffs desire such relief, they may file a separate motion requesting it. Objection 15 will thus be overruled.

### B.

To recap, the following objections will be sustained: Objection 9, Objection 10, Objection 11, and Objection 13. Objection 6 will be sustained in part, and the remaining objections will be overruled.

Thus, Judge Morris's R&R will be adopted in large part. Judge Morris's R&R will be overruled in part to the extent it (1) identifies Plaintiffs as "former" Butman Township residents; (2) states Plaintiff Sharon Zlatkin hadn't filed a response to ECF No. 56 when the R&R was issued; (3) suggests that Plaintiff Peggy Zlatkin was criminally charged following the search of the farm; (4) states that Plaintiff Sharon Zlatkin argued that Defendant Kreisher failed to represent her in a civil matter; and (5) did not independently analyze Count I against Defendant Kreisher. The remaining portions of the R&R will be adopted, and Defendant Kreisher will be dismissed from

this case with prejudice. The following table illustrates the remaining claims after this Opinion and

Order:

| Count | Claim | Defendants |
|-------|-------|-----------|
| I | Conspiracy to Deprive Rights Under Color of Law | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| V(1) | No record of a hearing under the Fifth and Fourteenth Amendments | Gina Coon |
| VI | Depravation of property under the Fifth and Fourteenth Amendments. | (1) Gladwin County; (2) Aaron Miller |
| VII | False Light | Robert Lee |
| IX | Right to Privacy | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Robert Lee; (2) Justin Ronald Henderson; (3) James Maveal Jr.; (4) Norman E. Gage |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | Aaron Miller |

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Objections, ECF No. 67, are **SUSTAINED**

**IN PART**. Objections 9, 10, 11, and 13 are sustained in full, and Objection 6 is sustained in part.

Further, it is **ORDERED** that Plaintiffs' Objections, ECF No. 67, are **OVERRULED IN**

**PART**. Objections 1, 2, 3, 4, 5, 7, 8, 12, 14, and 15 are overruled in full, and Objection 6 is

overruled in part.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 61,

is **OVERRULED IN PART**, to the extent it (1) identifies Plaintiffs as "former" Butman Township

residents; (2) states Plaintiff Sharon Zlatkin hadn't filed a response to ECF No. 56 when the R&R

was issued; (3) suggests that Plaintiff Peggy Zlatkin was criminally charged following the search

of the farm; (4) states that Plaintiff Sharon Zlatkin argued that Defendant Kreisher failed to represent her in a civil matter; and (5) did not independently analyze Count I against Defendant Kreisher.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 61, is **ADOPTED** in all other respects.

Further, it is **ORDERED** that Defendant Kreisher's Motion for Summary Judgment, ECF No. 43, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff Sharon Zlatkin's Cross-Motion for Summary Judgment, ECF No. 49, is **DENIED**.

Further, it is **ORDERED** that Defendant Kreisher is **DISMISSED** from the above-captioned case **WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 15, 2025                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge