UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

           Plaintiffs,

v.

TOWNSHIP OF BUTMAN, et al.,

           Defendants.
_____/

Case No. 1:23-cv-12693

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING IN PART DEFENDANT GLADWIN COUNTY, ELIZABETH POST, STEVEN WORPEL, JAMES MAVEAL, JR., AARON MILLER, NORMAN GAGE, GINA COON, AND KAREN MOORE'S JOINT MOTION ON THE PLEADINGS, (3) GRANTING IN PART DEFENDANT ROBERT LEE'S MOTION TO DISMISS, (4) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (5) DISMISSING DEFENDANTS BUTMAN TOWNSHIP, GINA COON, ELIZABETH M. POST, AND KAREN MOORE**

This case stems from a search of Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin's farm in Butman Township, Gladwin County, Michigan. The search resulted in officials seizing many of Plaintiffs' farm animals and prosecuting Sharon. On October 24, 2023, Plaintiffs sued Gladwin County, Butman Township, and myriad public officials. Plaintiffs allege that Defendants violated their constitutional rights and conspired to deprive them of their constitutional rights, in violation of 42 U.S.C. § 1983. On October 26, 2023, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris.

On April 23, 2024, Defendant Robert Lee filed a motion to dismiss. On July 23, 2024, Defendants Gina Coon, Norman E. Gage, Gladwin County, James Maveal, Jr, Aaron Miller, Karen Moore, Elizabeth M. Post, and Steven Worpell filed a joint motion for judgment on the pleadings. Plaintiffs later sought to strike the latter Motion, arguing it was premature.

On February 4, 2025, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that the Motion to Dismiss and Motion for Judgment of the Pleadings be granted in part and Plaintiffs' Motion to Strike be denied. As discussed below, Judge Morris's R&R will be adopted.

**I.**

This case's underlying facts were summarized in a prior Opinion and Order:

> In August 2015, Plaintiff Sharon Rose Zlatkin and her mother, Plaintiff Peggy Zlatkin, purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. ECF Nol. 1 at PageID.10. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm, "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." *Id.* Plaintiffs also had livestock on their farm. *Id.*
>
> Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine. *Id.* at PageID.11. These neighbors allegedly surveil Plaintiffs, "patrol" their farm, and trespass onto the farm to destroy Plaintiffs' property. *Id.* Plaintiffs also allege these neighbors "have spread rumors in the community and defamed" them. *Id.*
>
> In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." *Id.* at PageID.9, 13. In response to the complaints, Defendant Mavel issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. *Id.* at PageID.13–14. After a hearing in May 2017, Defendant Maveal allegedly told Sharon to stop farming, return the farm to its former owner, and "go back down state." *Id.* Plaintiffs further allege that Defendant Maveal told Sharon that if she did not follow his advice, he would ensure she would never own an animal again and lose everything. *Id.*
>
> In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about Plaintiffs and their animals, resulting in "five manufactured misdemeanor animal-at-large tickets." *Id.* at PageID.22. A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest based on those tickets. *Id.*; *see also id.* at PageID.9.

In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. *Id.* at PageID.20. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sherriff about the complaint but instead contacted the Michigan State Police (MSP). *Id.* Plaintiffs allege that around 9:15 AM on November 4, 2020, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered Plaintiffs' farm with Defendant Maveal. *Id.* The "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop" and seized Plaintiffs' animals, loading them into vans, trucks, and trailers. *Id.* Plaintiffs allege the animals were being "darted" to "immobilize" them. *Id.* at PageID.21.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—an MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. *Id.* Sharon called Peggy—who was not present at the farm when the "mob" allegedly stormed it—but an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." *Id.* at PageID.34. Sharon was not permitted to leave until the search concluded and alleges two armed MSP officers guarded her during the entire search. *Id.* at PageID.22. When Peggy returned to the farm, she was allegedly told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began. *Id.*

At some point after Peggy arrived, Defendants Lee and Henderson left. *Id.* at PageID.36. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E. Gage, a Gladwin County Prosecutor, and Defendant Magistrate Judge Steven Worpell. *Id.* at PageID.37–38. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized nor described the property to be searched. *Id.* at PageID.41. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. *Id.* at PageID.39. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. *Id.* at PageID.57. Plaintiffs allege that Defendant Lee did just that and "exploit[ed] the media" to "achieve maximum attainable publicity" to "put Sharon in jail." *Id.* According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon. *Id.* (cleaned up).

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County

> Prosecutor—filed a felony information charging only Sharon with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. *Id.* at PageID.40. Sharon alleges she was not arraigned on the felony charge until April 26, 2021. *Id.* at PageID.50, 56. Defendant Rebecca Kreisher—an attorney previously appointed to represent Sharon in five misdemeanor cases—was appointed to represent her for this felony charge and attended the April 26, 2021 virtual arraignment before Judge Joshua Farrell. ECF Nos. 43-3 at PageID.800–01; 49-1 at PageID.866; 1 at PageID.43. According to Sharon, she was muted whenever she tried to speak during the virtual arraignment. ECF No. 1 at PageID.53. And Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal assistance when representing Sharon in the six criminal cases and conspired to deprive Plaintiffs of their constitutional rights. *See* ECF Nos. 49-1 at PageID.869–79; ECF No. 1 at PageID.45.

ECF No. 104 (citations in original, internal footnotes omitted).

On October 24, 2023, Plaintiffs sued Gladwin County, the Township of Butman, and 12 individual Defendants involved in the November 2020 search and subsequent criminal and civil-forfeiture proceedings involving Plaintiffs. ECF No. 1. Plaintiffs' Complaint includes the following claims:

| Count | Claim | Defendants |
|---|---|---|
| I | "Depravation of Rights Under Color of Law" | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| IV | Eighth Amendment Excessive Bail | Joshua M. Farrell |

| | | |
|---|---|---|
| **V(1)**[1] | No record of hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
| **V(2)** | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| **VI** | Fifth and Fourteenth Amendment Depravation of Property | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| **VII** | "False Light" | Robert Lee |
| **VIII** | *N/A (does not exist)* | *N/A (does not exist)* |
| **IX** | "Right to Privacy" | James Maveal Jr. |
| **X** | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Joshua M. Farrell; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
| **XI** | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | (1) Joshua M. Farrell; (2) Aaron Miller |
| **XII** | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

*See generally id.*

**B.**

This Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 5. On January 12, 2024, Defendant Chickering filed a motion to dismiss. ECF No. 22. One month later, Defendant Henderson did the same. ECF No. 34. Judge Morris issued a report (R&R), recommending this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58. On July 24, 2024, the R&R was adopted in large part. ECF No. 86. As a result, this Court (1) dismissed Counts I, X, and XII as they relate to

---

[1] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

Defendant Chickering because those counts failed to adequately state a claim against her, (2) dismissed Counts X and XII as they relate to Defendant Henderson because those counts failed to adequately state a claim against him, (3) stayed Count II based on the *Younger* abstention doctrine, *see Younger v. Harris*, 501 U.S. 37 (1971), until the state criminal case against Plaintiff Sharon Zlatkin is resolved, (4) *sua sponte* dismissed Defendant Farrell based on judicial immunity, and (5) *sua sponte* dismissed Count XII as it relates to all Defendants because 18 U.S.C. § 241 does not create a private cause of action. *See id.* PageID.1662–63.

Shortly after Defendants Chickering and Henderson moved to dismiss the claims against them, Defendant Kreisher—the attorney appointed to represent Sharon in six state criminal proceedings—sought summary judgment. ECF No. 43. Sharon responded to Defendant Kreisher's Motion for Summary Judgment and, in the same document, filed a cross-motion for summary judgment. ECF No. 49. On May 7, 2024, Judge Morris issued an R&R addressing these motions and recommending summary judgment in favor of Defendant Kreisher. ECF No. 61. On January 15, 2025, the R&R was largely adopted, and Defendant Kreisher was dismissed from the case. *See* ECF No. 104.

The following claims remained:

| Count | Claim | Defendants |
|---|---|---|
| I | Conspiracy to Deprive Rights Under Color of Law | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| V(1) | No record of a hearing under the Fifth and Fourteenth Amendments | Gina Coon |
| VI | Fifth and Fourteenth Amendment Depravation of Property | (1) Gladwin County; (2) Aaron Miller |
| VII | "False Light" | Robert Lee |

| IX | "Right to Privacy" | James Maveal Jr. |
|---|---|---|
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Robert Lee; (2) James Maveal Jr.; (3) Norman E. Gage |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | Aaron Miller |

*See generally id.*

**II.**

Amid the gust of dispositive motions, on April 23, 2024, Defendant Robert Lee filed a motion to dismiss for failure to state a claim. ECF No. 54. Three months later, on July 23, 2024, Defendants Coon, Gage, Gladwin County, Maveal, Miller, Moore, Post, and Worpell jointly moved for judgment on the pleadings.[2] ECF No. 82. Butman Township did not join either motion. *See generally* ECF Nos. 54; 82. Plaintiffs then sought to strike the latter Motion, contending that it was premature because the moving Defendants had yet to file an answer. ECF No. 94.

On February 4, 2025, Judge Morris issued an R&R addressing these motions. ECF No. 113. The R&R began by noting that Count II had previously been stayed under the *Younger* abstention doctrine. *Id.* at PageID.2004–05. From there, the R&R recommended denying Defendants' Motions to the extent they sought dismissal of Count II. *Id.* The R&R then properly rejected Plaintiffs' Motion to Strike, explaining that, even if the Motion for Judgment on the Pleadings was premature, the Court could construe it as a motion to dismiss. *Id.* at PageID.2005 (citing *Heggem v. Valvoline, LLC*, No. 1:23-CV-00584-JDA, 2024 WL 895151, at *3 (N.D. Ohio Mar. 1, 2024)).

---

[2] Defendant Farrell joined the motion, but he is not included in this discussion because he was entitled to judicial immunity and *sua sponte* dismissed. *See* ECF No. 86; *see also supra* Section I.

Next, the R&R turned to the merits. It recommended dismissing Count I—Plaintiffs' § 1983 conspiracy claim—as to all remaining Defendants, including Butman Township.[3] *Id.* at PageID.2008–09. The R&R reasoned that Plaintiffs' conspiracy claim is not pleaded with sufficient specificity and noted that several Defendants have already been dismissed on that basis. *Id.* The R&R likewise recommended dismissing Counts VI, X, and XI—Plaintiffs' deprivation of property, suppression of exculpatory evidence, and ex parte communication claims—reasoning that Defendants Miller and Gage were entitled to prosecutorial immunity and that Plaintiffs had failed to specify what exculpatory evidence Defendants Lee and Maveal allegedly withheld or how it affected any verdict. *Id.* at PageID.2009–12, 2015–17.

The R&R then addressed Counts V(1), IX, and VII. First, it found that Count V(1)—Plaintiffs' claim against Defendant Coon for allegedly failing to fulfill court reporter duties during a state proceeding—is barred by judicial immunity. *Id.* at PageID.2012–13 (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)). Second, the R&R concluded that Count IX—Plaintiffs' Fourteenth Amendment right to privacy claim against Defendant Maveal—should be dismissed because the release of Plaintiffs' address was not a plausible basis for the claim. *Id.* at PageID.2014–15 (citing *Lambert v. Hartmann*, No. 1:04CV837, 2006 WL 3833529, at *5 (S.D. Ohio Dec. 29, 2006), *aff'd sub nom. Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008)). Third, the R&R found that Count VII—Plaintiffs' state-law false light claim against Defendant Lee—is barred by Michigan's one-year statute of limitations. *Id.* at PageID.2017 (citing *Anderson v. Clinton Twp. Police Dep't*, No. 18-11291, 2020 WL 597688, at *8 (E.D. Mich. Jan. 3, 2020), *report and recommendation adopted*, 2020 WL 587019 (E.D. Mich. Feb. 6, 2020)).

---

[3] The fact that Defendant Butman Township did not join the relevant Motions does not prevent Court from *sua sponte* dismissing Count I as it relates to Defendant Butman Township. Indeed, the R&R and prior orders have placed Plaintiffs on notice that their § 1983 conspiracy claim was deficient for all Defendants. *See Doe v. Oberlin Coll.*, 60 F.4th 345, 352 (6th Cir. 2023).

In sum, the R&R recommended dismissing all claims against all Defendants except Count II because it was stayed under the *Younger* abstention doctrine. *Id.* at PageID.2018. Accordingly, the R&R recommended dismissing any Defendant not named in Count II. *Id.*

### III.

Judge Morris gave the Parties 14 days to object. *Id.* at PageID.2018–19. None did. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in the R&R, and as a result: (1) the R&R, ECF No. 113, will be adopted; (2) Plaintiffs' Motion to Strike, ECF No. 94, will be denied; (3) Defendant Lee's Motion to Dismiss, ECF No. 54, will be granted in part; (4) Defendants Coon, Gage, Gladwin County, Maveal, Miller, Moore, Post, and Worpell's Motion for Judgment on the Pleadings, ECF No. 82, will be granted in part; and (5) Defendants Butman Township, Coon, Post, and Moore will be dismissed from this case. Thus, only the following claim remains:

| Count | Claim | Defendants |
|---|---|---|
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpell; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |

### IV.

Accordingly, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 113, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiffs' Motion to Strike, ECF No. 94, is **DENIED**.

Further, it is **ORDERED** that Defendant Robert Lee's Motion to Dismiss, ECF No. 54, is **DENIED** to the extent it seeks to dismiss Count II.

Further, it is **ORDERED** that Defendant Robert Lee's Motion to Dismiss, ECF No. 54, is **GRANTED** in all other respects.

Further, it is **ORDERED** that Defendant Gina Coon, Norman E. Gage, Gladwin County, James Maveal, Jr, Aaron Miller, Karen Moore, Elizabeth M. Post, and Steven Worpell's Joint Motion for Judgment on the Pleadings, ECF No. 82, is **DENIED** to the extent it seeks to dismiss Count II.

Further, it is **ORDERED** that Defendant Gina Coon, Norman E. Gage, Gladwin County, James Maveal, Jr, Aaron Miller, Karen Moore, Elizabeth M. Post, and Steven Worpell's Joint Motion for Judgment on the Pleadings, ECF No. 82, is **GRANTED** in all other respects.

Further, it is **ORDERED** that Defendants Butman Township, Gina Coon, Elizabeth M. Post, and Karen Moore are **DISMISSED** from the above-captioned case **WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: February 20, 2025                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge