

UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

F I L E D
MAY 0 6 2025
CLERK'S OFFICE
DETROIT

SHARON ROSE ZLATKIN, and
PEGGY ZLATKIN,

     Plaintiffs,

vs.               No. 1:23-cv-12694
                 Hon. Thomas Lamson Ludington
                Magistrate Judge: Patricia T. Morris

TOWNSHIP OF BUTMAN, COUNTY OF
GLADWIN, JOSHUA M. FARRELL et al.
individually and in their official capacities   MOTION TO REMOVE MAG.
                 Judge Patricia T. Morris

Jointly and Severally, Defendants.
_____/

Sharon Rose Zlatkin,
Peggy Zlatkin, Plaintiffs *in pro se*
6632 Telegraph Road
Bloomfield Hills, MI 48301
(989) 387-6522
Peggyz412@gmail.com

Cummings, McClory
By; Haider A. Kazim (P66146)
Attorney for Defendants Gladwin, Farrell, Post, Worpell, Miller, Gage, Coon and Moore
125 Park St., Ste 300
Traverse City, MI 49684
(231) 922-1888/FAX (231) 922-9888
hkazim@cmda-law.com

Kaufman, Payton & Chapa

1

By: Frank A. Misuraca (P55643)
Attorney for Kreisher
30833 Northwestern Highway, Ste. 200
Farmington Hills, MI 48334
(248) 626-5000/FAX (248) 626-2843
famisuraca@kaufmanlaw.com

Foster Swift
By: Thomas R. Meagher (P32959) and
Mark T. Koerner (P66864)
Attorneys for Butman Township
313 S. Washington Square
Lansing MI 48933-2193
(517) 371-8100/FAX (517) 371-8161
tmeagher@fosterswift.com

Shelley M. McCormick (P80311)
Assistant Attorney General
Attorney for Lee and Henderson
MI Dept. of Attorney General
State Operations Division
P. O. Box 30754
Lansing, MI 48909
(517) 335-7573
McCormickS1@michigan.gov
 Danielle Allison-Yokum (P70950)
Attorney for Chickering
MI Dept. of Attorney General
Environment, Natural Resources & Agriculture Division
mailto:allisonyokomd@michigan.gov
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
allisonyokomd@michigan.gov

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN NORTHERN DIVISION

-------------------------------------------------------

                                            United States District Judge
                                            THOMAS L. LUDINGTON

                                            United States Magistrate Judge
   ….                                        Patricia T.Morris

SHARON ROSE ZLATKIN and
PEGGY ZLATKIN,
v
TOWNSHIP OF BUTMAN,et Al.,
Defendants
In re:
Case No. 1:23-cv-12693
Concurrence was denied by all Defendants Attorneys.

-----------------------------------------------------------

**MOTION TO REMOVE MAGISTRATE JUDGE PATRICIA MORRIS AND JUDGE THOMAS L.LUDINGTON VACATE all orders of Magistrate Judge Patricia Morris in this ongoing case ECF 117 and ECF 120**

NOW COMES Peggy Zlatkin and Sharon Zlatkin Pro Se by respectfully moves this Court pursuant to 28 U.S.C. § 455, Federal Rule of Civil Procedure 72, and the Local Rules of the Eastern District of Michigan (including Local Rules 7.1 and 72.1) for an order (i) removing Magistrate Judge Patricia Morris from any further oversight or decisions in the above-captioned matter and (ii) vacating Judge

1

Thomas Ludington's orders designating Magistrate Judge Morris to oversee any further motions in this case. In support thereof, the Movant states as follows:

I. INTRODUCTION

1. This motion arises amid serious concerns as to Magistrate Judge Patricia Morris's impartiality. Specifically, Movant contends that her continuing participation in this case raises a reasonable question as to whether her impartiality might be questioned by a reasonable person.

2. Moreover, Judge Ludington's orders assigning future motions to Magistrate Judge Morris further compound these concerns by entrenching her controversial involvement. Accordingly, Movant requests that this court vacate such orders and reassign any future filings to a neutral judicial officer.

II. ARGUMENT

A. Disqualification under 28 U.S.C. § 455

3. Under 28 U.S.C. § 455, "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Movant respectfully submits that the factual record in this case supports a finding that Magistrate Judge Morris's impartiality is, at the very least, open to question.  Magistrate Judge Patricia Morris failed to issue the

2

required scheduling orders.  The case was referred to Magistrate Judge Patricia Morris for the management and resolution of all discovery - related issues. Such orders are critical in ensuring that all parties, particularly pro se litigants, receive a fair and structured opportunity to present their case. Her inaction and lack of oversight from Judge Ludington has adversely impacted the fairness but also has unduly prejudiced the Plaintiffs by disrupting the orderly progress of this litigation and further undermining procedural fairness. Magistrate Judge Patricia Morris has procedurally frameworked and designed not to issue scheduling orders to obstruct Pro Se Plaintiffs to have the ability to prepare and present their case. Clearly erroneous judgement.  See United States v. McConney 728 F.2d 1195(9th Cir. 1984)

This action also clearly shows that Pro Se Plaintiffs never had  full access to the court by the way of not having issued scheduling orders .

Plaintiffs, appearing pro se, respectfully submit this complaint due to Magistrate Judge Patricia Morris's clearly erroneous failure to issue a scheduling order as required under Federal Rule of Civil Procedure 16(b). This omission has resulted in significant prejudice to the Plaintiffs, including an inability to conduct discovery, depose key witnesses, and adequately prepare their case for trial.   Magistrate Judge Patricia Morris decisions has been biased against Pro Se Plaintiffs since their filing of their complaint October 24,2023 and has favored the Defendants whom

3

Magistrate Judge Morris has known associations with in the 80th District Court of Gladwin County due to her late husband Judge Thomas Evans of the 55th Circuit Court of Gladwin County who served as the Circuit Court judge and was a prosecutor for Gladwin County.

Equitable injury is subject to the sound discretion of the District Court which "must into account judicial administrative interest as well as equities involved" Curtis -Wright Corp

v. Gen.Elec. Co. 446 U.S. 1,8 (1980).

4. In Williams v. Massey, this Court found that even arguments based on judicial decision-making present sufficient grounds to raise doubts as to impartiality when adverse rulings lead a reasonable person to suspect bias. Similarly, in Bromfield v. Bronx Lebanon Special Care Center, Inc., the Court rejected a motion seeking recusal absent a showing that judicial conduct created an appearance of bias. Finally, Klein v. Flamm recognized that allegations of bias, when supported by a pattern of controversial decision-making or conduct, warrant removal of the judicial officer.

5. Here, Movant contends that Magistrate Judge Morris's past rulings—and the manner in which she has conducted proceedings in this case—create a bona fide

4

risk that her impartiality can reasonably be questioned, thereby mandating her disqualification pursuant to 28 U.S.C. § 455.

B. Vacatur of Judge Ludington's Orders

6. Judge Ludington's orders assigning Magistrate Judge Morris not to oversee any further motions deprive Movant of a fair adjudication by cementing the involvement of a judicial officer whose impartiality is now in reasonable doubt.

7. Consistent with the authority vested in the district judge to review and modify magistrate judge rulings under Federal Rule of Civil Procedure 72 and in compliance with Local Rule 7.1, Movant respectfully asserts that Judge Ludington's orders are improper. Such orders not only undermine the appearance of judicial neutrality but also properly fall within the purview of adjustments by this Court.

8. Accordingly, Movant requests that the Court vacate Judge Ludington's orders and reassign all future motions to an alternative judicial officer to ensure a fair and impartial proceedings.

III. CONCLUSION

9. For the foregoing reasons, Movant respectfully requests that this Court:

(a) Remove Magistrate Judge Patricia Morris from any further oversight or rulings in this matter based on a reasonable question of her impartiality pursuant to 28 U.S.C. § 455; and

(b) Vacate Judge Thomas Ludington's orders assigning Magistrate Judge Morris to oversee any further motions in this case; and

(c) Grant such other and further relief as the Court deems just and proper.

( d) That Magistrate Judge Patricia Morris does not have any oversight on any motions that have been filed , Motion for Reconsideration ECF 117 and Motion for Summary Judgement ECF 120.

(e) That Magistrate Judge Patricia Morris has no further contact with any of the Defendants or their attorneys in this ongoing case.

Respectfully submitted,

Plaintiffs Pro Se

/s/Peggy Zlatkin

Peggy Zlatkin

/s/Sharon Zlatkin

Sharon Zlatkin

989-387-6577

peggyz7412@gmail.com

6

DATED: May 1, 2025

*Certificate of Service*

I hereby certify that on May 1, 2025, a copy of the foregoing Motion to Remove Magistrate Judge Patricia Morris and Vacate Judge Thomas Ludington's Orders was served on all counsel of record by mailing a copy to the court clerk office by the UNITED STATES POSTAL SERVICE pursuant to Local Rules 7.1 and 72.1.

/s/ Peggy Zlatkin

   Peggy Zlatkin

   989-387-6577

