## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

SHARON ROSE ZLATKIN and
PEGGY ZLATKIN,

      *Plaintiffs,*

*v.*

COUNTY OF GLADWIN, et al.,

      *Defendants.*

_____/

Case No. 1:23-cv-12693

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION ON PLAINTIFF PEGGY ZLATKIN'S MOTION FOR SUMMARY JUDGMENT (ECF No. 120), PLAINTIFFS PEGGY AND SHARON ROSE ZLATKINS' MOTION TO DISQUALIFY AND VACATE (ECF No. 121), AND PLAINTIFF PEGGY ZLATKIN'S MOTION TO STRIKE (ECF No. 133)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff Peggy Zlatkin's Motion for Summary Judgment (ECF No. 120) be **DENIED**, Plaintiffs Peggy and Sharon Zlatkin's Motion to Disqualify (ECF No. 121) be **DENIED**, and Plaintiff Peggy's Motion to strike certain pleadings (ECF No. 133) be **DENIED AS MOOT**. If adopted, the case will remain open with a stay in place as to Count II.

## II.    REPORT

### A.    Introduction

Plaintiff Sharon Zlatkin and her mother, Plaintiff Peggy Zlatkin, former

1

Butman Township residents, initiated this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1, PageID.5, 10, ¶¶ 1, 5). The case arises from the contested execution of a search warrant on property owned by Plaintiffs.

Before the Court are three motions: (1) Peggy's motion for summary judgment (ECF No. 120); (2) Peggy's motion to strike a response as untimely (ECF No. 133); and (3) Peggy and Sharon's motion to disqualify the Undersigned and vacate the order of reference (ECF No. 121). On April 28, 2025, Peggy filed a motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 120). On May 19, 2025, Defendants Robert Lee and Justin R. Henderson, both Michigan State Police Troopers, filed a response to Peggy's motion (ECF No. 122), which the remaining Defendants later joined. (ECF Nos. 123, 125). On June 12, 2025, Peggy filed a motion seeking to strike a Response filed by "Defendant Gladwin County, Miller, Gage, Worpell and Maveal" as untimely. (ECF No. 133). Peggy does not identify Plaintiff Sharon as a respondent, or a movant, in either of these filings, and only identifies herself as movant. (*See ids.*). On May 6, 2025, Sharon and Peggy filed a motion seeking to disqualify the Undersigned and to vacate the magistrate judge referral in this matter. (ECF No. 121). As will be explained, the Undersigned recommends that all three motions be denied.

**B.    Factual Background**[1]

The District Court has ruled that Plaintiffs' Fourth Amendment claim for Unlawful Search and Seizure against Defendants County of Gladwin, Steven Worpell, Robert Lee, Justin Ronald Henderson, James Maveal, Jr., Aaron Miller, Norman E. Gage, and Vickie Sue Chickering is the sole remaining issue in this case.[2] (ECF No. 116, PageID.2047).  With regard to this issue, on July 24, 2024, the District Court entered an Order adopting the Undersigned's Recommendation to stay proceedings as to Count II "pending the resolution of the criminal charges against Plaintiff Sharon Zlatkin pending in the 80th District Court of Gladwin County." (ECF No. 86, PageID.1664; *see* ECF No. 1 at PageID.31–43; ECF No. 58).

**C.    Legal Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists.  Fed. R. Civ. P. 56(a). In reviewing the motion, a court must view all facts and inferences in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears "the initial burden of

---

[1] The factual background and procedural history of this case were summarized in a recent Opinion and Order.  (ECF No. 104, PageID.1861–67).  Only those facts necessary to the resolution of the instant motions will be included in this Report and Recommendation.

[2] All claims have been dismissed with prejudice against Defendants Butman Township, Gina Coon, Elizabeth M. Post, and Karen Moore.  (ECF No. 116, PageID.2047).

showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted).  In making its determination, a court may consider the plausibility of the movant's evidence.  *Matsushita*, 475 U.S. at 587–88.  Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof.  *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993).  The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later.  10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998).  "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party."  *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D.N.J. 2010).  In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility.  *Id.* at 493.

And while a *pro se* party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.' " *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479–80. Instead, a court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, a court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**D.     Analysis**

Each of Plaintiffs' motions will be addressed in turn below.

**1.     Plaintiff Peggy's Motion for Summary Judgment**

Peggy now moves for summary judgment on Count II of the complaint.  (ECF No. 120; *see also* ECF No. 1).  Specifically, Peggy argues that she is entitled to judgment as a matter of law, that the stay which is currently in place should not apply to her claims, that her claims should be severed from those of Sharon, and that she is entitled to a calculation of damages.  (ECF No. 120, PageID.2164).  Peggy appears to recognize that the only remaining claims in this matter are those arising from Plaintiffs' allegations of Fourth Amendment violations as pleaded in Count II of the complaint and that a stay is currently in place as to Count II.  (ECF No. 120, PageID.2162).

**a.     The Stay**

In addition to the entry of summary judgment on Count II, Peggy moves to lift the stay of proceedings as to that count.  (ECF No. 86, PageID.1663).  Peggy has previously raised this argument and it has already been considered and denied by the District Court.  (ECF No. 40, PageID.744; ECF No. 63, PageID.1198; ECF No. 86, PageID.1663).  Specifically, in the context of reviewing objections, the District Court explained that:

> Plaintiffs' sixth objection takes issue with Judge Morris's recommendation that Plaintiffs' Fourth Amendment claims be stayed

> pending the ongoing state criminal proceedings.  *See* ECF No. 63 at
> PageID.1213–17.   But the arguments Plaintiffs present in their
> objections merely reraise the arguments made to Judge Morris.  *See*
> ECF Nos. 33 at PageID.577–80; 40 at PageID.742–46.

(ECF No. 86, PageID.1657).

Peggy argues that because she is not the subject of the state criminal charges

related to the search warrants at issue, her Fourth Amendment claims should be

exempt from a stay pursuant to *Younger*.  (ECF No. 120, PageID.2173).  In support

of her argument, Peggy cites *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975), in which

three separate corporations filed a complaint in district court, seeking a temporary

restraining order, preliminary injunction, and declaratory relief against a law

enforcement official, claiming that a local ordinance proscribing topless dancing

violated their First and Fourteenth Amendment rights.  *Id.* at 922.  In that case, state

criminal charges had only been filed as to one of the three distinct corporations.  The

*Doran* Court reasoned that "while respondents are represented by common counsel,

and have similar business activities and problems, they are apparently unrelated in

terms of ownership, control, and management.   We thus think that each of the

respondents should be placed in the position required by our cases as if that

respondent stood alone."  *Id.* 928–29.  However, in so holding, the Court noted that

"while the standard to be applied by the district court in deciding whether a plaintiff

is entitled to a preliminary injunction is stringent, the standard of appellate review is

simply whether the issuance of the injunction, in the light of the applicable standard,

7

constituted an abuse of discretion." *Id.* at 931–32.  Moreover, the Court specifically noted that "there plainly may be some circumstances in which legally distinct parties are so closely related that they should all be subject to the *Younger* considerations which govern any one of them." *Id.* at 928.  This appears to be such a case.

In *Doran*, each plaintiff was a distinct legal entity jointly contesting the local ordinance, and the facts as they pertained to each entity were related only so far as they were each a business that would potentially run afoul of the proscribed activities.  That is not the case in this matter.  Peggy and Sharon own the subject property together, their claim is based on identical actions, and the extent of their damages arising from the alleged Fourth Amendment violations varies only by degree, not by their nature or liability for the injury. The facts of their claims are inextricably linked.  Had Peggy owned a separate property which was also raided that same day under separate warrants for similar conditions, her argument may have fared better.  However, under the facts of this case, including the tight connection between the claims of both Plaintiffs, and the risk of interfering in a state court action as well as the risk of inconsistent judgments should the stay be lifted as to only Peggy, the Undersigned recommends that Peggy's motion to lift the stay of her Fourth Amendment claims be denied.[3]

---

[3] Defendants also argue that Peggy's motion to set aside the stay should be stricken because "it is improper to embed a motion to lift stay in a motion for summary judgment.  E.D.

b.      **Severance of Claims**

Peggy also requests that this Court sever her claims from Sharon's pursuant to Federal Rule of Civil Procedure 21.  (ECF No. 120, PageID.2175).  This rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  When considering a motion to sever claims, the Sixth Circuit has enumerated five factors for courts to consider:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

In this case, the claims are the same for both Plaintiffs, *i.e.*, that their jointly held property was unconstitutionally violated by a raid authorized by a defective warrant.  The questions of law and fact are identical, regardless which Plaintiff is the subject of the state criminal matter, because the warrant in question in that case

---

Mich. LR 7.1(i)."  (ECF No. 122, PageID.2221).  In view of the latitude afforded to *pro se* litigants, the Undersigned recommends denying the motion solely on the merits.

directly speaks to the central issue of Count II.  Prejudice could easily creep into this matter if the Court were to consider Peggy's claims before Sharon's criminal defense has had an opportunity to contest the very warrant on which Peggy now relies for summary judgment.  Moreover, Peggy has previously argued that severing this matter for two trials would not be just: "Peggy's claims do not qualify for abstention. Does defendant Henderson want to have two separate trials in two separate courts? That would be lucrative for the defense attorneys but would not be just."  (ECF No. 40, PageID.742).  There is simply no factor that leans in Peggy's favor to sever these claims.

Perhaps more to the point, the stay in this matter moots this motion.  The same *Younger* principles that require this matter to be stayed militate against severing Count II precisely to prevent inconsistent judgments and prejudice against the parties having to defend the same claims under two potentially different sets of evidence pending the outcome of the state matters.  The Undersigned therefore recommends that Peggy's motion for this matter to be severed be denied without prejudice, with leave to renew her motion once the stay is lifted.

### c.    Summary Judgment

Peggy argues that she is entitled to judgment as a matter of law as to Count II. For the reasons discussed immediately above, the Undersigned recommends that this motion be denied without prejudice because proceedings are currently stayed as to

Count II.  However, even if the Court were to lift the stay as to Peggy, her motion for summary judgment is due to be denied on the merits because there is a genuine issue of material fact as to whether a valid search warrant had been executed by the time of the raid.

Peggy argues that she is entitled to summary judgment on her Fourth Amendment violation claim because "[a]t the time of the entrance onto our farm and curtilage no warrant existed."  (ECF No. 120, PageID.2167).  Peggy bases this contention on the fact that a copy of one warrant bears a time stamp indicating a time of "11:51 a.m."  (*Id.* at PageID.2168; *see* ECF No. 34-1, PageID.661).  The affidavit in support of that search warrant mentions incidents that occurred "[o]n November 4, 2020 at approximately 9:00 a.m."  (ECF No. 34-1, PageID.663).  Accordingly, she posits that it is impossible for a valid warrant to have existed at the commencement of the raid, and thus that she is entitled to summary judgment.

However, the record contains another warrant which is supported by a substantially similar affidavit that lacks any of the facts alleged in the affidavit on which Peggy relies. (ECF No. 42-1, PageID.767).  Notably, this second affidavit does not bear a similar time stamp at the top, nor does the execution page bear indications of what time the search warrant was executed.  On the facts as they appear in the record, construed in the light most favorable to Defendants as the nonmoving parties, there is a genuine issue of material fact whether a valid search warrant had been executed by the time that law enforcement entered the subject property on November 4, 2020.  Accordingly, the Undersigned concludes that

even if the stay in this matter were to be lifted as to Peggy, her motion for summary judgment (ECF No. 120) is due to be denied on the merits.

### 2.   Plaintiffs' Motion to Remove Magistrate Judge Patricia T. Morris and Vacate Certain Orders

Plaintiffs jointly move for an order: "(i) removing Magistrate Judge Patricia Morris from any further oversight or decisions in the above-captioned matter and (ii) vacating Judge Thomas Ludington's orders designating Magistrate Judge Morris to oversee any further motions in this case."  (ECF No. 121, PageID.2198).

Plaintiffs move for the Undersigned Magistrate Judge to be disqualified under 28 U.S.C. § 455.  (ECF No. 121).  Plaintiffs argue that the Undersigned demonstrated bias "due to [her] clearly erroneous failure to issue a scheduling order as required under Federal Rule of Civil Procedure 16(b)."  (ECF No. 121, PageID.2200). Plaintiffs further question the Undersigned's impartiality because of "decisions biased against Pro Se Plaintiffs" and because she "has known associations with in the 80th District Court of Gladwin County due to her late husband Judge Thomas Evans of the 55th Circuit Court of Gladwin County who served as the Circuit Court Judge and was a prosecutor for Gladwin County."  (*Id.* at PageID.2201).

Section 455(a) provides that a "magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Plaintiffs also appear to rely on § 455(b)(1), which requires a magistrate judge to disqualify herself "[w]here [s]he has a personal

bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

facts concerning the proceeding[.]" *Id.* § 455(b)(1).

> The alleged bias or prejudice on the part of the judge must be personal, that is, directed against a party. *In re Cooper*, 821 F.2d 833 (1st Cir.1987); *United States v. Kelley*, 712 F.2d 884 (1st Cir. 1982). Additionally, the legal standard to be applied under sec. 455 is a reasonable man standard. When a motion is brought under sec. 455, the standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality toward a party might reasonably be questioned. *Trotter v. International Longshoremen's and Warehousemen's Union*, 704 F.2d 1141 (9th Cir.1983); *United States v. Greenough*, 782 F.2d 1556 (11th Cir. 1986). Further, under sec. 455, there is as much obligation for the judge *not* to recuse himself when the circumstances demonstrate that there is no occasion to do so as there is for him to recuse himself when there is reason to do so. *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

*Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F. Supp. 609, 610–11 (E.D. Mich. 1989)

(emphasis in original).

"When arguing bias, two sets of circumstances present grounds for a judge to

recuse herself: the 'Extrajudicial Source Factor,' and the 'Pervasive–Bias

Exception.' " *In re Byers*, 509 B.R. 577, 583 (Bankr. S.D. Ohio 2014) (internal

footnote omitted). To prevail under the Extrajudicial Source Factor, the moving

party "must demonstrate an alleged bias that 'stem[s] from an extrajudicial source

and result[s] in an opinion on the merits on some basis other than what the judge

learned from [her] participation in the case.' " *Id.* (quoting *Youn v. Track, Inc.*, 324

F.3d 409, 423 (6th Cir. 2003)). Meanwhile to prevail under the Pervasive-Bias

Exception, the moving party must demonstrate "on the basis of events occurring in

the course of the current proceedings . . . that those events display a deep-seated and high degree of antagonism or favoritism." *In re Haas*, 292 B.R. 167, 178 (Bankr. S.D. Ohio 2003).  Plaintiffs' motion contains elements arguing for disqualification under both.

Critically, "[j]udicial rulings and remarks not based on an extrajudicial source 'almost never constitute a valid basis' for recusal." *Id.* at 178–79 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  "[D]isqualification is warranted only when judicial rulings and remarks not based on extrajudicial sources rise to 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *Id.* at 179 (quoting *Liteky*, 510 U.S. at 555).

Plaintiffs argue that the absence of a scheduling order in this matter shows that the Undersigned is biased against them.  This is not so.  As has been discussed at length, the only remaining claim in this matter is Count II and there is a stay in place.  There has been no motion or argument before this Court that discovery should move forward despite the stay.  At present, were a scheduling order in place, it too would be subject to the stay.  This is not a valid basis for disqualification.

Plaintiffs' argument that the Undersigned is biased due to the career of Judge Evans is also insufficient. Judge Evans was never a party to this action, nor were any of the Undersigned's friends; if Judge Evans or any of the Undersigned's friends been a party, the Undersigned would have recused as has been done in other cases.

Aside from being a bare allegation without any showing of actual bias, this allegation ignores the additional level of review that a magistrate judges' decisions are generally subject to. "When [a magistrate judge] returns [her] report, including [her] findings and recommendations, the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations." *United States ex rel. Henderson v. Brierley*, 468 F.2d 1193, 1195 (3d Cir. 1972). Plaintiffs offer no facts or allegations that any extrajudicial factor has affected any element of these proceedings or that the District Judge was not ultimately free to enter his own rulings.

Ultimately, Plaintiffs have not persuaded the Undersigned that she has displayed "an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of [her] rulings or findings." *Liteky*, 510 U.S. at 557. The Undersigned thus recommends that the motion be denied as to its request for her disqualification. Similarly, because Plaintiffs have made no showing of any bias in this matter, the Undersigned further recommends that Plaintiffs' motion be denied to the extent that it seeks general vacatur of the order of referral. (ECF No. 5).

### 3. Motion to Strike Defendants' Late Response to Peggy's Motion for Summary Judgment

Peggy has also filed a motion seeking to strike a response to her motion for

summary judgment.  (ECF No. 120).  Peggy filed her motion for summary judgment on April 28, 2025.  (*Id.*).  On May 19, 2025, Defendants Justin Ronald Henderson and Robert Lee filed a response.  (ECF No. 122).  On May 27, 2025, Defendants Gina Coon, Joshua M. Farrell, Norman E. Gage, Gladwin, County of, James Maveal, Jr, Aaron Miller, Karen Moore, Elizabeth M. Post, and Steven Worpel filed a response by which they sought to join in the Response filed by Henderson and Lee. (ECF No. 125).  Because the May 27, 2025 response was filed more than 21 days after service of her motion for summary judgment, Peggy seeks to have this response stricken as untimely pursuant to Eastern District of Michigan Local Rule 7.1(d)(2). However, as discussed above, Peggy's motion for summary judgment is due to be denied because this matter is stayed, or in the alternative, because there remains a genuine issue of material fact.  Accordingly, Peggy's motion to strike the response should be denied as moot.

### E.   Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Peggy's Motion for Summary Judgment (ECF No. 120) be **DENIED**, Plaintiffs' Motion to Disqualify (ECF No. 121) be **DENIED**, and Peggy's Motion to Strike (ECF No. 133) be **DENIED AS MOOT**.

### III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin

14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 7, 2025                     S/PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge