UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

            Plaintiffs,            Case No. 1:23-cv-12693

v.                                         Honorable Thomas L. Ludington
                                                United States District Judge
TOWNSHIP OF BUTMAN, et al.,

                                                Honorable Patricia T. Morris
            Defendants.            United States Magistrate Judge
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFFS' OBJECTIONS, AND (3) DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE**

This case stems from a search of Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin's farm in Butman Township, Gladwin County, Michigan. The search resulted in officials seizing many of Plaintiffs' farm animals and prosecuting Sharon. On October 24, 2023, Plaintiffs sued Gladwin County, Butman Township, and a myriad of public officials. Plaintiffs allege that Defendants violated their constitutional rights and conspired to deprive them of their constitutional rights, in violation of 42 U.S.C. § 1983. On October 26, 2023, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris.

On January 15, 2025, Plaintiffs moved for leave to file an amended complaint. Judge Morris issued a report (R&R) recommending that this Court deny Plaintiffs' Motion without prejudice. Plaintiffs objected to the R&R. As explained below, the R&R will be adopted, Plaintiffs' Objections will be overruled, and their Motion for Leave to File an Amended Complaint will be denied without prejudice.

# I.

This case's underlying facts were summarized in a prior Opinion and Order:

> In August 2015, Plaintiff Sharon Rose Zlatkin and her mother, Plaintiff Peggy Zlatkin, purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. ECF No. 1 at PageID.10. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm, "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." *Id.* Plaintiffs also had livestock on their farm. *Id.*
>
> Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine. *Id.* at PageID.11. These neighbors allegedly surveil Plaintiffs, "patrol" their farm, and trespass onto the farm to destroy Plaintiffs' property. *Id.* Plaintiffs also allege these neighbors "have spread rumors in the community and defamed" them. *Id.*
>
> In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." *Id.* at PageID.9, 13. In response to the complaints, Defendant Mavel issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. *Id.* at PageID.13–14. After a hearing in May 2017, Defendant Maveal allegedly told Sharon to stop farming, return the farm to its former owner, and "go back down state." *Id.* Plaintiffs further allege that Defendant Maveal told Sharon that if she did not follow his advice, he would ensure she would never own an animal again and lose everything. *Id.*
>
> In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about Plaintiffs and their animals, resulting in "five manufactured misdemeanor animal-at-large tickets." *Id.* at PageID.22. A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest based on those tickets. *Id.*; *see also id.* at PageID.9.
>
> In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. *Id.* at PageID.20. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sheriff about the complaint but instead contacted the Michigan State Police (MSP). *Id.* Plaintiffs allege that around 9:15 AM on November 4, 2020, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered

Plaintiffs' farm with Defendant Maveal. *Id*. The "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop" and seized Plaintiffs' animals, loading them into vans, trucks, and trailers. *Id.* Plaintiffs allege the animals were being "darted" to "immobilize" them. *Id.* at PageID.21.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—an MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. *Id.* Sharon called Peggy—who was not present at the farm when the "mob" allegedly stormed it—but an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." *Id.* at PageID.34. Sharon was not permitted to leave until the search concluded and alleges two armed MSP officers guarded her during the entire search. *Id.* at PageID.22. When Peggy returned to the farm, she was allegedly told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began. *Id.*

At some point after Peggy arrived, Defendants Lee and Henderson left. *Id.* at PageID.36. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E. Gage, a Gladwin County Prosecutor, and Defendant Magistrate Judge Steven Worpell. *Id.* at PageID.37–38. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized nor described the property to be searched. *Id.* at PageID.41. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. *Id.* at PageID.39. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. *Id.* at PageID.57. Plaintiffs allege that Defendant Lee did just that and "exploit[ed] the media" to "achieve maximum attainable publicity" to "put Sharon in jail." *Id.* According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon. *Id.* (cleaned up).

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County Prosecutor—filed a felony information charging only Sharon with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. *Id.* at PageID.40. Sharon alleges she was not arraigned on the felony charge until April 26, 2021. *Id.* at PageID.50, 56. Defendant Rebecca Kreisher—an attorney previously appointed to represent

Sharon in five misdemeanor cases—was appointed to represent her for this felony charge and attended the April 26, 2021 virtual arraignment before Judge Joshua Farrell. ECF Nos. 43-3 at PageID.800–01; 49-1 at PageID.866; 1 at PageID.43. According to Sharon, she was muted whenever she tried to speak during the virtual arraignment. ECF No. 1 at PageID.53. And Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal assistance when representing Sharon in the six criminal cases and conspired to deprive Plaintiffs of their constitutional rights. *See* ECF Nos. 49-1 at PageID.869–79; ECF No. 1 at PageID.45.

ECF No. 104 (citations in original, internal footnotes omitted).

On October 24, 2023, Plaintiffs sued Gladwin County, the Township of Butman, and 12 individual Defendants involved in the November 2020 search and subsequent criminal and civil forfeiture proceedings involving Plaintiffs. ECF No. 1. Plaintiffs' Complaint includes the following claims:

| Count | Claim | Defendants |
|---|---|---|
| I | Deprivation "of Rights Under Color of Law" | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| IV | Eighth Amendment Excessive Bail | Joshua M. Farrell |
| V(1)[1] | No record of a hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
| V(2) | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| VI | Fifth and Fourteenth Amendment Deprivation of Property | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| VII | "False Light" | Robert Lee |

---

[1] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

| VIII | *N/A (does not exist)* | *N/A (does not exist)* |
|---|---|---|
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Joshua M. Farrell; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | (1) Joshua M. Farrell; (2) Aaron Miller |
| XII | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

*See generally id.*

**B.**

This Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 5. On January 12, 2024, Defendant Chickering filed a motion to dismiss. ECF No. 22. One month later, Defendant Henderson did the same. ECF No. 34. Judge Morris issued a report (R&R), recommending that this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58. On July 24, 2024, the R&R was adopted in large part. ECF No. 86. As a result, this Court (1) dismissed Counts I, X, and XII as they relate to Defendant Chickering because those counts failed to adequately state a claim against her, (2) dismissed Counts X and XII as they relate to Defendant Henderson because those counts failed to adequately state a claim against him, (3) stayed Count II based on the *Younger* abstention doctrine, *see Younger v. Harris*, 501 U.S. 37 (1971), until the state criminal case against Plaintiff Sharon Zlatkin is resolved, (4) *sua sponte* dismissed Defendant Farrell based on judicial immunity, and (5) *sua sponte* dismissed Count XII as it relates to all Defendants because 18 U.S.C. § 241 does

not create a private cause of action. *See id.* PageID.1662–63.

Shortly after Defendants Chickering and Henderson moved to dismiss the claims against them, Defendant Kreisher—the attorney appointed to represent Sharon in six state criminal proceedings—sought summary judgment. ECF No. 43. Sharon responded to Defendant Kreisher's Motion for Summary Judgment and, in the same document, filed a cross-motion for summary judgment. ECF No. 49. On May 7, 2024, Judge Morris issued an R&R addressing these motions and recommending summary judgment in favor of Defendant Kreisher. ECF No. 61. On January 15, 2025, the R&R was largely adopted, and Defendant Kreisher was dismissed from the case. *See* ECF No. 104.

The following claims remained:

| Count | Claim | Defendants |
|---|---|---|
| I | Conspiracy to Deprive Rights Under Color of Law | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| V(1) | No record of a hearing under the Fifth and Fourteenth Amendments | Gina Coon |
| VI | Fifth and Fourteenth Amendment Deprivation of Property | (1) Gladwin County; (2) Aaron Miller |
| VII | "False Light" | Robert Lee |
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Robert Lee; (2) James Maveal Jr.; (3) Norman E. Gage |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | Aaron Miller |

*See generally id.*

## C.

The same day Defendant Kreisher was dismissed from the case, Plaintiffs moved to amend their Complaint. ECF No. 105. In essence, Plaintiffs seek to add allegations conveying that "[t]he search warrants" authorizing the search of the farm contained the forged signature of "Magistrate Steven Worpell." *Id.* at PageID.1880–82. They claim that they previously believed "that the warrants were signed by defendant Magistrate Steven Worpell," but after further investigation, Plaintiffs now believe that they were not. *Id.* at PageID.1880. Plaintiffs further seek to add a new claim against Defendants Henderson and Lee for their alleged failure to advise Sharon of her rights when they arrested her.[2] ECF No. 105 at PageID.1882.

On July 30, 2025, Judge Morris issued an R&R recommending that this Court deny Plaintiffs' Motion for Leave to File an Amended Complaint without prejudice. ECF No. 141. Judge Morris noted that "Plaintiffs' proposed amendments . . . do nothing to change the nature of their claims" and seek only to "clarify the factual allegations supporting that claim." *Id.* at PageID.2378. But because the facts that "Plaintiffs seek to amend drive to the very heart of the" stayed claim, Count II, Judge Morris recommended denying the Motion until the "stay is lifted." *Id.* at PageID.2378–79. Presumably, waiting until the stay is lifted avoids potentially adding futile facts to the pleadings if Sharon is ultimately convicted in state court. And the R&R found that any delay in adding these factual allegations will not prejudice Plaintiffs because they can do so once the stay is lifted, depending on the outcome of the state case. *See id.*

Under Civil Rule 72, Judge Morris provided all Parties 14 days to object to the R&R. *Id.* at PageID.2379–80. On August 13, 2025, Plaintiffs filed objections. ECF No. 148.

---

[2] Plaintiffs have seemingly abandoned their desire to add this new claim. *See* ECF No. 154 at PageID.2509 (explaining that the proposed amendments seek to "clarify facts" and "add []newly identified res-gestae witnesses" to supplement the stayed Count II but do not "create a new claim").

## II.

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

## III.

Plaintiffs raise two objections. *See* ECF No. 148. First, they contend that the R&R constitutes an abuse of discretion because the facts they seek to add are, in their words, "fundamental to their court Fourth Amendment claim (Count II)." *Id.* at PageID.2460–61. Second, they argue that the R&R violates procedural due process because it was issued after several claims and Defendants had been dismissed or recommended for dismissal, despite their pending Motion for Leave to Amend. *Id.* at PageID.2461–64. Neither objection is persuasive.

When a court adopts an R&R without modification, it need not recount the specifics of its review. *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005). Rather, to avoid duplicity and creating confusion in the record, a court should state only that it conducted a *de novo*

review and adopts the R&R. *Id.* (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), aff'd, 290 F. App'x 769 (6th Cir. 2008); *see also Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).

This Court has reviewed the Complaint, ECF No. 1, Plaintiffs' Motion for Leave to Amend, ECF No. 105, the Responses and Replies, ECF Nos. 108; 111; 114, the R&R, ECF No. 141, Plaintiffs' Objections, ECF No. 148, the Responses and Replies, ECF Nos. 151; 154, and all other relevant documents in the record. Having undertaken a *de novo* review, this Court concludes that Judge Morris's factual findings are accurate and that her legal analysis is sound and not an abuse of discretion. Thus, the R&R will be adopted, Plaintiffs' Objections, ECF No. 148, will be overruled, and their Motion for Leave to File an Amended Complaint, ECF No. 105, will be denied without prejudice.

## IV.

Accordingly, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 141, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiffs' Objections to the Report and Recommendation, ECF No. 148, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint, ECF No. 105, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close this case.**

Dated: September 18, 2025  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge