*23-12693*

# UNITED STATES OF AMERICA
## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION



(30)

**SHARON ROSE ZLATKIN, and**
      **Plaintiffs,**

vs.

EXPARTA MOTION RECUSE JUDGE LUDINGTON
**CLERK COPY**

         No.

1:23-cv-12694
   Hon. Thomas Lamson Ludington
   Magistrate Judge: Patricia T. Morris

**TOWNSHIP OF BUTMAN, COUNTY OF GLADWIN**
**JOSHUA M. FARRELL,** *et al.* **individually and in their**
 **official capacities,**



FILED

SEP 21 2025

U.S. DISTRICT COURT
[BAY CITY?], MICHIGAN

Jointly & Severally Defendants.
Sharon Rose Zlatkin,
Peggy Zlatkin, Plaintiffs *in pro se*
6632 Telegraph Road
Bloomfield Hills, MI 48301
(989) 387-6522
Peggyz412@gmail.com

Cummings, McClory
By; Haider A. Kazim (P66146)
Attorney for Defendants Gladwin,
Farrell, Post, Worpell, Miller,
Gage, Coon and Moore
125 Park St., Ste 300
Traverse City, MI 49684
(231) 922-1888/FAX (231)
922-9888
hkazim@cmda-law.com

Kaufman, Payton & Chapa
By: Frank A. Misuraca (P55643)
Attorney for Kreisher
30833 Northwestern Highway, Ste.
200

Farmington Hills, MI 48334
(248) 626-5000/FAX (248)
626-2843
famisuraca@kaufmanlaw.com

Foster Swift
By: Thomas R. Meagher (P32959)
and
Mark T. Koerner (P66864)
Attorneys for Butman Township
313 S. Washington Square
Lansing MI 48933-2193
(517) 371-8100/FAX (517)
371-8161
tmeagher@fosterswift.com

Shelley M. McCormick (P80311)
Assistant Attorney General
Attorney for Lee and Henderson
MI Dept. of Attorney General
State Operations Division
P. O. Box 30754
Lansing, MI 48909

(517) 335-7573
McCormickS1@michigan.gov

Danielle Allison-Yokum (P70950)
Attorney for Chickering
MI Dept. of Attorney General
Environment, Natural Resources &
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
allisonyokomd@michigan.gov

UNITED STATES DISTRICT COURT                    CLERK COPY

EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

PEGGY ZLATKIN and SHARON ROSE ZLATKIN,

Plaintiffs,

v.                                    Case No. 1:23-cv-12693

                                      Hon. Thomas L. Ludington

BUTMAN TOWNSHIP, et al.,

Defendants.

_____

_____

NOTICE OF MOTION EX PARTA MOTION TO DISQUALIFY JUDGE

THOMAS L. LUDINGTON AND TO TRANSFER CASE

PLEASE TAKE NOTICE that Plaintiffs Peggy Zlatkin and Sharon Rose Zlatkin,

pro se, hereby move this Court for an Order disqualifying District Judge Thomas

L. Ludington pursuant to 28 U.S.C. § 455 and Canon 2 of the Code of Conduct for

United States Judges, and transferring this case to another division of the Eastern

District of Michigan (Detroit, Flint, or Ann Arbor) pursuant to 28 U.S.C. § 1404(a)

and Local Rule 83.10.

Respectfully submitted, Peggy Zlatkin & Sharon Zlatkin Pro Se Plaintiffs

1

EX PARTA MOTION TO DISQUALIFY JUDGE THOMAS L. LUDINGTON
AND TO TRANSFER CASE

Plaintiffs Peggy Zlatkin and Sharon Rose Zlatkin, proceeding pro se, respectfully
move this Court to disqualify District Judge Thomas L. Ludington from further
participation in this matter under 28 U.S.C. § 455, and to transfer this case out of
the Bay City Division pursuant to 28 U.S.C. § 1404(a) and Local Rule 83.10. As
set forth in the accompanying Memorandum of Law, Judge Ludington's ongoing
role as Secretary/Treasurer of the Gerstacker Foundation—which has funded the
Four Lakes Task Force and the Michigan State Police, both connected to
Defendants—creates an undeniable appearance of bias. Combined with Magistrate
Judge Patricia Morris's deep local ties to Gladwin County and procedural
irregularities in this case, these circumstances compel disqualification and transfer
to preserve due process and public confidence in the judiciary.

Respectfully submitted,

/s/sPeggy Zlatkin, Pro Se Plaintiff

    Peggy Zlatkin

/s/Sharon Rose Zlatkin, Pro Se Plaintiff

    Sharon Rose Zlatkin

2

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EX PARTA
MOTION TO DISQUALIFY AND TRANSFER

## I. INTRODUCTION

This case strikes at the heart of judicial integrity. Federal law requires not only the absence of actual bias, but also the avoidance of any appearance of bias. Judge Ludington's position as Secretary & Treasure of the Gerstacker Foundation—which has donated to the Four Lakes Task Force (where Defendant Karen Moore serves on the board and is also a commissioner of Gladwin County) and to the Michigan State Police (employer of Defendants Trooper Justin Henderson and Trooper Robert Lee)—creates precisely such an appearance. A reasonable observer could not have confidence in the impartiality of proceedings overseen by Judge Ludington. Magistrate Judge Patricia Morris's connections to the Gladwin County community, combined with her procedural failures, only deepen this appearance of partiality. Plaintiffs have further been treated unequally compared to represented litigants, in violation of the Equal Protection Clause. Disqualification and transfer are mandatory.

3

**Table of Authorities**                                        Clerk Copy

**Cases**

- *Liteky v. United States*, 510 U.S. 540 (1994)

- *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)

- *Martin Family Trust v. Heco/Nostalgia Enters.*, 186 F.R.D. 601 (E.D. Cal. 1999)

- *Shash v. Biogen, Inc.*, 2024 WL 2068462 (N.D. Ohio)

- *Berry v. Specialized Loan Servicing, LLC*, 2020 WL 3485577 (W.D. Tenn.)

- *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 409 (D.P.R. 1989)

- *United States v. Gonzales*, 268 F.3d 171 (3d Cir. 2001)

**Statutes**

- 28 U.S.C. § 455 (Disqualification of judges)

- 28 U.S.C. § 1404(a) (Transfer of venue)

**Rules**

- Fed. R. Civ. P. 16(b)(2), 16(f)(1), 15(a)(2), 12(c), 12(b)(6), 72(b), 6(d)

**Constitutional Provisions**

- U.S. Const. amend. V (Due Process)

- U.S. Const. amend. XIV (Equal Protection & Due Process)

**Other Authorities**

- Code of Conduct for United States Judges, Canon 2 & 3

## II. STATEMENT OF FACTS

1. Judge Ludington serves as Secretary and Treasurer of the Gerstacker Foundation, which has made substantial donations to the Four Lakes Task Force and the Michigan State Police.

2. Defendant Karen Moore, a Gladwin County Commissioner, sits on the Four Lakes Task Force Board.

3. Two Defendants in this action—Trooper Justin Ronald Henderson and Trooper Robert Lee—are employed by the Michigan State Police, a direct beneficiary of the Gerstacker Foundation.

4. Magistrate Judge Patricia Morris resides in Gladwin County, her late husband Hon. Thomas Evans was a judge there, and she personally knows many of the Defendants who live in Gladwin County.

5. Despite Federal Rule of Civil Procedure 16(b)(2), no scheduling order was issued within 90 days of service, while represented parties in comparable cases (e.g., Bigger v. Grubbs, Case No. 1:24-cv-10841) received timely scheduling orders.

6. On February 4, 2025, Magistrate Judge Morris issued a Report and Recommendation (ECF 113) joining a premature Rule 12(c)/12(b)(6) motion without any scheduling order in place and while a stay was in place on Count II.

4

7. On February 20, 2025, Judge Ludington adopted that R&R, granting summary judgment against Plaintiffs without ever enforcing Rule 16's mandatory procedures and not following Rule 6d which allows Plaintiffs who are served by mail an extra three days to file their objections to ECF No 113 which was not due until February 21, 2025.

III. **LEGAL STANDARD**

28 U.S.C. § 455(a) requires that any federal judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' Canon 2 of the Code of Conduct for United States Judges likewise mandates that judges avoid both impropriety and the appearance of impropriety in all activities. The test is an objective one: whether a reasonable person, knowing all the facts, would question the judge's impartiality.Legal Standard: Section 455's Appearance-of-Impropriety Test.

Under § 455(a), "[a]ny ... proceeding in which [a judge's] impartiality might reasonably be questioned" requires recusal. Liteky v. United States, 510 U.S. 540, 548 (1994). An objective test governs: could a reasonable observer doubt the judge's neutrality? In re San Juan DuPont Plaza Hotel Fire Litig., 129 F.R.D. 409, 415 (D.P.R. 1989).

Due process of law requires that "a neutral and detached judge" decide cases. Ward v. Village of Monroeville, 409 U.S. 57, 62 (1972). A judge must recuse where his or her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).8 And a judge must recuse when "he knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

# B. **A Cumulative Pattern of Conduct Creates an Undeniable Appearance of Partiality**

A single act may not require recusal, but a pattern of conduct can create an undeniable appearance of impropriety. Here, the cumulative record of procedural favoritism and denials of due process compels recusal.

This case is not merely about a dispute between citizens and local officials—it is about the integrity of the federal judiciary itself. Plaintiffs Peggy and Sharon Zlatkin have been systematically denied the most basic protections guaranteed by the U.S. Constitution, the Michigan Constitution, and the Federal Rules of Civil Procedure. Judge Thomas Ludington's dual role as presiding judge and Secretary/Treasurer of the Gerstacker Foundation—an entity that funds both the Four Lakes Task Force and the Michigan State Police, directly tied to Defendants—creates an inescapable appearance of bias. This conflict is not

hypothetical; Judge Ludington has already recused himself from similar cases on July 17, 2024 for this very reason (see ECF No.13 case No. 1:24-cv-11458 MFL-PTM). Yet here, he remains on the bench, overseeing a case where the same organizations and individuals are defendants.

The prejudice is not limited to financial conflicts. Magistrate Judge Patricia Morris, a longtime Gladwin County resident whose late husband was a county judge, has deep personal and professional ties to the very Defendants in this case. Together, Judge Ludington and Magistrate Morris orchestrated procedural maneuvers—delaying mandatory scheduling orders, taking motions out of order, and cutting off Plaintiffs' rights to object—that ensured Defendants would escape accountability for an unlawful raid carried out without a valid warrant.

The cumulative effect of these actions is unmistakable: Plaintiffs have been denied discovery, denied equal protection, and denied due process. This is not a judicial error. It is a willful and wanton scheme that violates the Federal Constitution, the Michigan Constitution, and the Code of Conduct for United States Judges. No reasonable observer could conclude that this Court has remained neutral. Recusal and transfer are mandatory.

1. **Family Connections to Defendant-Adjacent Offices:** Magistrate Judge Morris's late husband served as a Gladwin County judge and prosecutor —the very county whose employees are defendants here. Such a close, longstanding

7

professional and personal relationship with the county's legal and judicial

infrastructure "reasonably calls into question" her impartiality when presiding over

a case against that county's officers. Attorney Haider Kazim's Clients are from the

same courthouse, same community, same legal circle that Magistrate Morris'

deceased husband was a judge and prosecutor.

*In re Bellsouth Corp.*, 334 F.3d 941, 949 (11th Cir. 2003) (recusal required

where the judge's spouse once served as prosecutor in related cases). In such that

Judge Thomas Evans presided over cases that Peggy and Sharon Zlatkin were

Plaintiffs. With one of the same Defendant James Maveal. Both James Maveal and

Magistrate Judge Patricia Morris live in Beaverton .

2.  **Pattern of Extreme Delay and Disparate Treatment:** For nearly 2 years,

Magistrate Judge Morris failed to issue a Rule 16 scheduling order, leaving this

case in procedural limbo. She had a DUTY to issue scheduling orders within 60-90

days of any defendant that had been served under Rule 16 to issue scheduling

orders.* Service on the defendants was completed **October 30, 2023**.  Under

**Fed. R. Civ. P. 16(b)(2)** the district judge "shall issue a scheduling order …

**within the earlier of 90 days** after service **or** 60 days after any defendant

appears."  The 90-day deadline expired **≈ January 28, 2024**.  No

**Order — Scheduling Order** appears in the docket;  This dereliction stands in

stark contrast to her handling of the nearly identical case of *Bigger v. Grubbs*

(No. 1:24-cv-10841), where she issued a scheduling order in just 82 days. This vast

disparity between her treatment of a pro se litigant versus represented parties

creates a powerful inference of procedural favoritism that benefits the defense. Pro

Se Plaintiffs received markedly harsher treatment than a represented litigant

(Bigger v. Grubbs, No. 1:24-cv-10841), raising an equal-protection "class of one"

claim under Village of Willowbrook v. Olech, 528 U.S. 562 (2000) . Judge

Thomas Ludington and Magistrate Judge Patricia Morris who  willfully,

intentionally and unfairly impacted the justice process by not following the " rules"

to give Defendants favoritism . ECF No.13 PageID 661 case No. 1:24-cv-11458

Judge Ludington Stated:"As a former state-circuit-court judge and current United

States DistrictCourt Judge" with his experience Judge Ludington is very educated

on the Rules of the court. Judge Ludington also stated "I recognize that judges in

more rural locations and judges in metropolitan locations view the issues

differently. Simply stated, it is far more difficult for judges in smaller or rural

locales to routinely disqualify themselves based on personal relationships without

materially disrupting their docket, and materially delaying litigants." There is no

disruption in the docket and no materially delaying litigants,   these "personal

relationships"  have caused bias and prejudice in this case impacted the justice

process.

**Federal Judicial Code of Conduct (Canon 2 & Canon 3)**  Judge Ludington is violating **his own ethical duties**:

- **Canon 2(A):** "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."
- **Canon 2(B):** "A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment."
- **Canon 3(C)(1):** "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.

3. **\*\*Denial of Due Process:\*\***

This ECF No 141, 113 R&R Must Be Rejected as it Was Issued in a Manner That Violates Procedural Due Process and Fairness.

Provision Objected To:

The entirety of the R&R's analysis and recommendation, as they are the product of a fundamentally unfair procedural sequence.

**TIME LINE:**

The R&R of July 30, 2025, cannot be evaluated on its face alone. It is the final piece of a procedural sequence so irregular as to constitute a violation of due process. The timing of the court's orders demonstrates a strategic orchestration

10

designed to shield defendants from liability by withholding consideration of dispositive evidence. **Consider the undeniable timeline:**

January 15, 2025: Plaintiffs file their Motion for Leave to Amend (ECF No. 105), seeking to add newly discovered evidence that the search warrants were forgeries. This evidence is fatal to any claim of qualified immunity.

**February 4, 2025**: The Magistrate Judge issues a critical R&R recommending dismissal of most claims and defendants (ECF No. 113). Inexplicably, this R&R completely ignores the pending, fully-briefed Motion to Amend, which contained evidence directly refuting the basis for the recommended dismissals.

**February 20, 2025**: This Court prematurely adopts the R&R (ECF No. 113), one day before Plaintiffs' deadline to object had expired under Fed. R. Civ. P. 72(b)(2) and 6(d), thereby stripping Plaintiffs of their fundamental right to be heard.

July 30, 2025: Only after the defendants have been safely dismissed based on an incomplete record, the Magistrate Judge finally rules on the five-month-old motion to amend, recommending denial (ECF No. 141).

This is not a coincidence; it is a calculated denial of due process. By disposing of motions out of their logical sequence, the Court suppressed exculpatory evidence and ensured the dismissal of defendants who would have otherwise faced liability.

Basic fairness requires that courts "address all pending motions in fairness to the litigants." United States v. Gonzales, 268 F.3d 171, 180 (3d Cir. 2001) (reversing where district court failed to rule on a pending motion before sentencing). Because the instant R&R is the capstone of this unjust process, it must be rejected.


# C. **Recusal Is Required**

 On February 20, 2025, the District Court adopted a pivotal R&R (ECF 113) one day *before* Plaintiff's objection period expired under Fed. R. Civ. P. 72(b)(2) and 6(d). This premature order cut off Plaintiff's fundamental right to have her objections heard and receive de novo review, fatally tainting the proceeding. Magistrate Judge Patricia Morris Issue a Report and Recommendation on February 4, 2025 to remove all the Defendants in this case —and  just hours before Plaintiff's right to object expired on February 21—and intentionally excised every defendant save one Count. February 20th 2025   ECF No 116 where this Court prematurely gave summary judgement with prejudice where the Plaintiffs were falsely accused  for not filing their objections timely to ECF No 113. Plaintiffs' objections were not due until February 21 2025 under Rule 6(d).


The Plaintiff's timely motion to amend their complaint was filed January 15th 2025 to present expert handwriting analysis confirming forgery of Defendant

Magistrate Stephen Worpell's signature to a warrant was "subsequently" signed
after a search and seizure (People v. Dickerson, Ill. App. 1992), is now going
before the court ECF No 141 filed July 30th , it has taken Magistrate Morris five
months to address this motion. Magistrate Judge Patricia Morris filed ECF No 113
approximately two and half weeks after Plaintiffs filed to amend their complaint.
In (ECF No 105) the motion to amend was to add evidence by an Expert
handwriting proving judicial officer Stephen Worpell signature was forged,
 by skipping ( ECF No 105) would suppress the evidence and then do R&R on
(ECF No 113) first abort all the counts that had to do with immunity and
accountability.

The Potential Motive to Shield Dr.Vicki Chickering, represented by Attorney
Yokum,Trooper Robert Lee, Trooper Justin Henderson Represented by Attorney
Shelly McCormick and Attorney Haider Kazim's Clients. His clients are from the
same courthouse, same community, same legal circle that Magistrate Morris'
deceased husband was a judge and prosecutor.

The magistrate judge's "tight connection" rationale has served Kazim's clients well
by skipping ECF No 105 filed January 15th until Magistrate Judge Patricia Morris
would file ( ECF No 113) February 4 , 2025 getting rid of all the counts that had to
do with immunity and having Judge Ludington to prematurely sign his orders
adopted (ECF NO 113.)

R&R's reasoning—that because the amendments "drive to the very heart of the stay," the motion must be denied—is a non-sequitur that creates a procedural Catch-22. Plaintiffs discovered critical evidence that the warrants effectuating the seizure were forged. This evidence is fundamental to their core Fourth Amendment claim (Count II). Denying them leave to plead these facts actively prejudices them by preventing the record from reflecting evidence of fraud on the court, all while the case proceeds and defendants benefit from the delay. The assertion that there is "no prejudice to the parties by denying the motion" is plainly wrong; the prejudice to Plaintiffs is severe and immediate.

Pattern Suggesting Improper Coordination. The immediate circulation of the R&R to opposing counsel and rapid scheduling of objections deadlines, without convening a hearing on the amendment motion, suggests unusual coordination and warrants § 455 review.

This combination of factors—family ties, disparate case management, and the preemption of due process rights—creates a compelling picture of partiality that a reasonable observer could not ignore.

A reasonable observer would question the  Magistrate Judge's neutrality and Judge Thomas Ludington based on the following:

Family and Professional Connections: The Magistrate Judge's late husband served as both a judge and a prosecutor in Gladwin County—the very county whose law enforcement officers are the primary remaining defendants in this action. This close, long-standing personal and professional history with the county's legal and judicial infrastructure creates a powerful appearance of partiality.

Extreme and Disparate Case Mismanagement: For nearly two years , the Judge failed to issue a basic scheduling order under Rule 16, leaving these Plaintiffs' case to languish in procedural limbo. This dereliction stands in stark contrast to her prompt management of other cases involving represented parties, creating a powerful inference of procedural favoritism that inures to the benefit of the defense. Defendant Commissioner Karen Moore Gladwin County and board member of the Four Lakes Task Force connections to the Gerstacker Foundation that has given over $1,000,000 in funding that Judge Ludington is the secretary and treasurer. The Michigan State Troopers which Judge Ludington as Secretary and Treasurer Gerstacker Foundation donated funds to.

A Pattern of Prejudicial Rulings: The procedural machinations described in—culminating in the instant R&R—are not isolated errors. They form a pattern of judicial conduct that has consistently and systematically disadvantaged the Plaintiffs while insulating the defendants.

When viewed together, these factors—close county ties, extreme delay, and a pattern of prejudicial procedural rulings—create a compelling picture of partiality that a reasonable observer could not ignore. The lack of scheduling orders is the fruit of this poisoned tree and must be rejected. Further, the Judge's recusal is required to restore the integrity of these proceedings.

Legal Standard: Section 455's Appearance-of-Impropriety Test Under § 455(a), "[a]ny ... proceeding in which [a judge's] impartiality might reasonably be questioned" requires recusal. Liteky v. United States, 510 U.S. 540, 548 (1994). An objective test governs: could a reasonable observer doubt the judge's neutrality? In re San Juan DuPont Plaza Hotel Fire Litig., 129 F.R.D. 409, 415 (D.P.R. 1989).


# B. A Cumulative Pattern of Conduct Creates an Undeniable Appearance of Partiality

A single act may not require recusal, but a pattern of conduct can create an undeniable appearance of impropriety. Here, the cumulative record of procedural favoritism and denials of due process compels recusal.

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district or division where it might have been brought, 'in the interest of justice.' Local Rule 83.10 authorizes intra-district reassignment where necessary to preserve the appearance of fairness.

## IV. ARGUMENT

A. Judge Ludington's Role in the Gerstacker Foundation Creates a Clear Conflict of Interest

By serving as Secretary and Treasurer of the Gerstacker Foundation, Judge Ludington is directly associated with an entity that has funded two organizations linked to Defendants. These financial ties create at least the appearance of bias, if not actual bias. Indeed, Judge Ludington himself recognized such conflicts when he recused from other Four Lakes Task Force cases in July 2024. The same reasoning compels recusal here.

B. Magistrate Judge Patricia Morris's Local Ties Compound the Appearance of Bias

Magistrate Judge Morris resides in Gladwin County, where many Defendants also live and practice law, and are the Magistrate, Prosecutors of the 80th District Court. Her late husband was a Gladwin County judge, and she personally knows many of the Defendants. A reasonable litigant cannot expect impartiality under these circumstances.

C. **Plaintiffs Were Denied Equal Protection and Due Process**

The Court's failure to issue a Rule 16 scheduling order, while represented litigants in similar cases receiving such orders, constitutes unequal treatment. This violates the Equal Protection Clause as interpreted in Village of Willowbrook v. Olech, 528

17

U.S. 562 (2000). Plaintiffs were prejudiced by being denied basic procedural protections afforded to other parties.

D. Transfer Outside Bay City Is Required to Preserve Fairness

Even if Judge Ludington is recused, Bay City remains inappropriate because of its political and institutional ties to the Four Lakes Task Force and the Michigan State Police. To preserve public confidence, this matter must be reassigned by blind draw to Detroit, Flint, or Ann Arbor.

The trial Judge Thomas Ludington was to have overseen all pre- trial matters , he is responsible for Magistrate Judge Patricia Morris throughout this ongoing case.  He failed as an officer of the court to make sure the Judicial machinery could perform in its usual impartial manner.

Judicial fraud; Intentionally failing to inform the parties of necessary appointments or requirements, as an effort to impede the judicial process; and/or. Schemes considered to be unconscionable, as they attempt to deceive or make misrepresentations through the court system.

 Judge Thomas Ludington and Magistrate Judge Patricia Morris have violated Plaintiffs Constitutional Civil rights in court proceedings. The Bill of Rights under The Federal Constitution guarantees inalienable rights , Right to Due Process, Right to Access to the Court and the Right Self Representation.

The Michigan Constitution, art. I, § 2, guarantees equal protection of the laws. Article I, § 17, guarantees due process of law. The U.S. Constitution likewise guarantees due process and equal protection through the Fifth and Fourteenth Amendments. Together, these provisions require courts to administer justice impartially and without favoritism.

Account of Prejudice Caused**

The judge's failure to issue a scheduling order has had the following detrimental effects on the plaintiffs:

1. **Inability to Conduct Discovery:** Without a formal scheduling order, critical discovery procedures, including the serving of discovery requests, have not been conducted in a timely or organized manner.

2. **Deposition Difficulties:** The absence of established deadlines has hampered efforts to depose key witnesses essential to the development of the plaintiffs' case.

3. **Impaired Case Preparation:** The lack of procedural structure has prevented plaintiffs from organizing and preparing their case, placing them at a severe disadvantage in comparison to the opposing party.

4. **Obstruction of Access to the Court:** The failure to adhere to established rules not only impedes efficient case management but also fundamentally restricts the plaintiffs' right to seek redress through the judicial system.

## VI. NO SCHEDULING ORDERS

A.  The Court Never Issued a Required Scheduling Order; Thus No Deadline

Exists for Filing Motions  .A court's "procedural rules are not aspirational; they

have the force of law and must be followed." Mann v. Auto. Club Ins. Ass'n, No.

11-13583, 2012 U.S. Dist. LEXIS 129281, at *10 (E.D. Mich. Sep. 11, 2012). The

Court has the inherent authority to control its docket and enforce its rules. See Link

v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

* Service on the defendants was completed **October 30, 2023**.  Under

**Fed. R. Civ. P. 16(b)(2)** the district judge "shall issue a scheduling order …

**within the earlier of 90 days** after service **or** 60 days after any defendant

appears." The 90-day deadline expired **≈ January 28, 2024**.  No

**Order — Scheduling Order** appears in the docket; the magistrate's subsequent

orders (44, 45, 57, 85, 95) were entered **without** a scheduling order, violating

the statutory mandate.

* Because **no scheduling order exists**, any "deadline" imposed by the

magistrate is **void**.  The Court therefore lacks authority to deem any of the

Plaintiffs' motions untimely, and the plaintiffs are not barred from seeking

amendment.

B. The Magistrate's R&R (ECF 113) Is Void Because No Rule 16(b) Scheduling

Order Exists

The magistrate's Report & Recommendation (ECF 113) denies Plaintiffs' motion to amend and sets "deadlines" for discovery and dispositive motions despite the absence of a Rule 16(b) scheduling order. Under Rule 16(b)(2) the court must issue a scheduling order within 90 days of service; none was ever entered. Consequently, any "deadline-setting" order is void. Martin Family Trust v. Heco, 186 F.R.D. 601 (E.D. Cal. 1999) (sanctions for failure to comply with Rule 16(b)). The Court therefore must vacate ECF 113 in its entirety

; and (3) transfer this case by blind draw to another division of the Eastern District of Michigan outside Bay City.

## VII. CONCLUSION AND RELIEF

For all of the foregoing reasons, Plaintiffs respectfully request that this Court: (1) disqualify Judge Thomas L. Ludington; (2) vacate all orders entered after the expiration of the Rule 16 deadline Fed. R. Civ. P. 16(b)(2)** | "The district judge … **shall issue a scheduling order … within the earlier of (1) 90 days after any defendant is served** or (2) 60 days after any defendant appears." | Service occurred **October 30, 2023**; the **90-day deadline expired ≈ January 28, 2024**. The Court never issued a scheduling order, violating the mandatory requirement. |

| **Fed. R. Civ. P. 16(f)(1)** | "If a party … **fails to obey a scheduling or other pre-trial order**, the court may make any appropriate **just order**." | The

magistrate entered numerous pre-trial orders (e.g., Orders 44, 45, 57, 85, 95)

**without a prior scheduling order**, constituting a failure to obey a "scheduling

order" that never existed. |

| **Fed. R. Civ. P. 15(a)(2)** | "A party may amend its pleading **only** with the

**opposing party's consent** or **with leave of court** after the time for

amendment as a matter of course has passed." | Plaintiffs' amendment is filed

**after the "as-a-matter-of-course" period**; therefore, **leave of court** is

required. |

| **Fed. R. Civ. P. 12(c)** | "A motion for judgment on the pleadings

**automatically stays** discovery." | Defendants' Rule 12(c) motion (joined with

12(b)(6) in ECF 113) was filed **while the case was already stayed on Count II**;

filing a second stay is impermissible. |

| **Martin Family Trust v. Heco/Nostalgia Enterprises**, 186 F.R.D. 601

(E.D. Cal. 1999) | Sanctions may be imposed for failure to comply with Rule 16(b)

scheduling orders. | Demonstrates the Court's authority to sanction

non-compliance; here, the magistrate's orders should have been scrutinized for

sanctionability. |

| **López v. Thermo Tech Mechanical, Inc.**, 2023 WL 1272549 (E.D. Cal.) |

Clarifies that *Rule 16(f)* permits "just orders" when a scheduling order is

missing or defective. | Supports the argument that the magistrate's "just orders" (e.g., the deadline-setting orders) are improper absent a schedule. |

| **Shash v. Biogen, Inc.**, 2024 WL 2068462 (N.D. Ohio) | A Rule 12(c) motion **cannot be filed** when a prior stay already governs the case; such a motion must be dismissed. | Directly applicable: Defendants' Rule 12(c) motion in ECF 113 should have been dismissed as "premature" because the stay on Count II was already in effect. |

| **Berry v. Specialized Loan Servicing, LLC**, 2020 WL 3485577 (W.D. Tenn.) | Courts must freely grant leave to amend when the amendment **raises no new claim** and **does not prejudice** the opposing party. | Affirms that Plaintiffs' amendment—merely adding factual detail and witnesses—should be granted **without prejudice**. |

| **Sixth Circuit precedent** (e.g., *Musacchio v. United States*, 577 U.S. 237 (2016); *Foreman v. United States*, 2023 WL 9004913 (E.D. Mich.)) | The "law-of-the-case" doctrine requires courts to treat scheduling-order deadlines as controlling once established; absence of an order means none exists. | Reinforces that no deadline governs the current motions. |

Respectfully submitted,

/s/Peggy Zlatkin, Pro Se Plaintiff     /s/Sharon Rose Zlatkin, Pro Se Plaintiff

  Peggy Zlatlin                            Sharon Zlatkin

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTA MOTION TO

DISQUALIFY JUDGE THOMAS L. LUDINGTON AND TO TRANSFER CASE

Upon consideration of Plaintiffs' Motion, and for good cause shown, the Court

finds that Judge Thomas L. Ludington's impartiality might reasonably be

questioned under 28 U.S.C. § 455, and that transfer is necessary under 28 U.S.C. §

1404(a) and Local Rule 83.10. Accordingly, it is ORDERED that:

1. Judge Thomas L. Ludington is DISQUALIFIED from further proceedings in this

case;

2. All orders entered after January 28, 2024 (the Rule 16 deadline) are VACATED;

3. The Clerk shall reassign this case by blind draw to a District Judge sitting in

Detroit, Flint, or Ann Arbor.

IT IS SO ORDERED.

Dated: _____, 2025

_____

United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEGGY ZLATKIN and SHARON ROSE ZLATKIN,
Plaintiffs,

v.                                    Case No. 1:23-cv-12693
                                      Hon. Thomas L. Ludington

BUTMAN TOWNSHIP, et al.,
Defendants.

_____

AFFIDAVIT OF PEGGY ZLATKIN AND SHARON ROSE ZLATKIN

We, Peggy Zlatkin and Sharon Rose Zlatkin, being first duly sworn, depose and state as follows:

1. Judge Thomas L. Ludington currently serves as Secretary of the Gerstacker Foundation.

2. The Gerstacker Foundation has provided financial donations to the Four Lakes Task Force in Gladwin County.

3. Defendant Karen Moore, a Gladwin County Commissioner, is a member of the Four Lakes Task Force Board of Directors.

4. The Gerstacker Foundation has also made donations to the Michigan State Police.

5. Two Defendants in this case, Trooper Robert Lee and Trooper Justin Henderson, are employed by the Michigan State Police.

6. Magistrate Judge Patricia Morris resides in Gladwin County, her late husband was a judge there, and she personally knows many of the Defendants in this case.

7. Despite the requirements of Federal Rule of Civil Procedure 16(b)(2), no scheduling order was issued in this case within 90 days of service of process.

8. In contrast, in another case before this Court, Bigger v. Grubbs, Case No. 1:24-cv-10841, the Court issued a timely scheduling order within approximately 82 days of filing, demonstrating unequal treatment of pro se litigants compared to represented parties.

9. On February 4, 2025, Magistrate Judge Patricia Morris issued a Report and Recommendation (ECF 113) relying on a premature Rule 12(c)/12(b)(6) motion, even though no Rule 16 scheduling order had been entered.

10. On February 20, 2025, Judge Ludington adopted that Report and Recommendation and entered judgment against Plaintiffs, despite the clear procedural defects and conflicts of interest.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

Executed on September 21, 2025.

/s/Peggy Zlatkin, Pro Se Plaintiff        /s/SharonRose Zlatkin
    Peggy Zlatkin                         Sharon Rose Zlatkin, Pro Se Plaintiff

CERTIFICATE OF SERVICE

We, Peggy Zlatkin and Sharon Rose Zlatkin, certify that on September 21, 2025,

we filed the foregoing Ex Parte Motion to Disqualify and Transfer with the Clerk

of Court for the Eastern District of Michigan, Northern Division, Bay City. Service

was made via CM/ECF to all registered counsel of record, and by U.S. Mail,

postage prepaid, to any non-CM/ECF participants listed below:

[Insert names/addresses here]

_____

/s/Peggy Zlatkin, Pro Se Plaintiff

   Peggy Zlatkin


_____

/s/Sharon Rose Zlatkin, Pro Se Plaintiff

   Sharon Rose Zlatkin

Clerk of Court

U.S. District Court, Eastern District of Michigan

Bay City Division

1000 Washington Avenue

Bay City, MI 48708


Re: Zlatkin et al. v. Butman Township et al., Case No. 1:23-cv-12693

Dear Clerk of Court:

Enclosed for filing please find Plaintiffs' Ex Parta Motion to Disqualify Judge

Thomas L. Ludington and Transfer Case, together with supporting Memorandum

of Law, Proposed Order, and Certificate of Service and Affidavit


Respectfully,

_____

Peggy Zlatkin, Pro Se Plaintiff


_____

Sharon Rose Zlatkin, Pro Se Plaintiff