UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

          Plaintiffs,          Case No. 1:23-cv-12693

v.          Honorable Thomas L. Ludington
          United States District Judge
TOWNSHIP OF BUTMAN, et al.,

          Honorable Patricia T. Morris
          Defendants.          United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

This case stems from a search of Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin's farm in Butman Township, Gladwin County, Michigan. The search resulted in officials seizing many of Plaintiffs' farm animals and prosecuting Sharon. On October 24, 2023, Plaintiffs sued Gladwin County, Butman Township, and myriad public officials. Plaintiffs allege that Defendants violated their constitutional rights under 42 U.S.C. § 1983 and conspired to deprive them of those rights. On October 26, 2023, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris.

On April 23, 2024, Defendant Robert Lee filed a motion to dismiss. On July 23, 2024, Defendants Gina Coon, Norman E. Gage, Gladwin County, James Maveal, Jr, Aaron Miller, Karen Moore, Elizabeth M. Post, and Steven Worpell filed a joint motion for judgment on the pleadings. Plaintiffs later sought to strike the latter Motion, arguing it was premature.

On February 4, 2025, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that the Motion to Dismiss and Motion for Judgment of the Pleadings be granted in part and Plaintiffs' Motion to Strike be denied. On February 20, 2025, the R&R was adopted

under a clear-error standard of review.

The next day, Plaintiffs filed objections to Judge Morris's R&R. Shortly after filing those Objections, Plaintiffs moved for reconsideration of the February 20, 2025 Order (the "Order"), contending that their Objections were timely and would change the outcome. As explained below, Plaintiffs are correct that their Objections were timely, meaning that the portions of the R&R to which they properly objected must be reviewed *de novo*. But those Objections will be overruled and therefore do not change the outcome of the Order. Thus, Plaintiffs' Motion for Reconsideration will be denied.

**I.**

**A.**

This case's underlying facts were summarized in a prior Opinion and Order:

> In August 2015, Plaintiff Sharon Rose Zlatkin and her mother, Plaintiff Peggy Zlatkin, purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm, "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." Plaintiffs also had livestock on their farm.
>
> Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine. These neighbors allegedly surveil Plaintiffs, "patrol" their farm, and trespass onto the farm to destroy Plaintiffs' property. Plaintiffs also allege these neighbors "have spread rumors in the community and defamed" them.
>
> In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." In response to the complaints, Defendant Maveal issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. After a hearing in May 2017, Defendant Maveal allegedly told Sharon to stop farming, return the farm to its former owner, and "go back down state." Plaintiffs further allege that Defendant Maveal told Sharon that if

she did not follow his advice, he would ensure she would never own an animal again and lose everything.

In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about Plaintiffs and their animals, resulting in "five manufactured misdemeanor animal-at-large tickets." A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest based on those tickets.

In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sheriff about the complaint but instead contacted the Michigan State Police (MSP). Plaintiffs allege that around 9:15 AM on November 4, 2020, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered Plaintiffs' farm with Defendant Maveal. The "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop" and seized Plaintiffs' animals, loading them into vans, trucks, and trailers. Plaintiffs allege the animals were being "darted" to "immobilize" them.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—an MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. Sharon called Peggy—who was not present at the farm when the "mob" allegedly stormed it—but an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." Sharon was not permitted to leave until the search concluded[,] and [she] alleges [that] two armed MSP officers guarded her during the entire search. When Peggy returned to the farm, she was allegedly told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began.

At some point after Peggy arrived, Defendants Lee and Henderson left. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E. Gage, a Gladwin County Prosecutor, and Defendant Magistrate Judge Steven Worpell. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized nor described the property to be searched. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. Plaintiffs allege that Defendant Lee did just that and "exploit[ed] the media" to "achieve maximum attainable publicity" to "put Sharon

in jail." According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon.

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County Prosecutor—filed a felony information charging only Sharon with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. Sharon alleges she was not arraigned on the felony charge until April 26, 2021. Defendant Rebecca Kreisher—an attorney previously appointed to represent Sharon in five misdemeanor cases—was appointed to represent her for this felony charge and attended the April 26, 2021 virtual arraignment before Judge Joshua Farrell. According to Sharon, she was muted whenever she tried to speak during the virtual arraignment. And Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal assistance when representing Sharon in the six criminal cases and conspired to deprive Plaintiffs of their constitutional rights.

ECF No. 104 (internal footnotes and citations omitted).

On October 24, 2023, Plaintiffs sued Gladwin County, the Township of Butman, and 12 individual Defendants who were involved in the November 2020 search and subsequent criminal and civil-forfeiture proceedings against Plaintiffs. ECF No. 1. Plaintiffs' Complaint includes the following claims:

| Count | Claim | Defendants |
|---|---|---|
| I | "Depr[i]vation of Rights Under Color of Law" | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| III | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| IV | Eighth Amendment Excessive Bail | Joshua M. Farrell |

| V(1)[1] | No record of hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
|---|---|---|
| V(2) | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| VI | Fifth and Fourteenth Amendment "Depr[i]vation of Property" | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| VII | "False Light" | Robert Lee |
| VIII | *N/A (does not exist)* | *N/A (does not exist)* |
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Joshua M. Farrell; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | (1) Joshua M. Farrell; (2) Aaron Miller |
| XII | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

*See generally id.*

**B.**

This Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 5. On January 12, 2024, Defendant Chickering filed a motion to dismiss. ECF No. 22. One month later, Defendant Henderson did the same. ECF No. 34. Judge Morris issued a report (R&R), recommending that this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58. On July 24, 2024, the R&R was adopted in large part. ECF No. 86. As a result, this Court (1) dismissed Counts I, X, and XII as they relate to

---

[1] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

Defendant Chickering because those counts failed to adequately state a claim against her, (2) dismissed Counts X and XII as they relate to Defendant Henderson because those counts failed to adequately state a claim against him, (3) stayed Count II based on the *Younger* abstention doctrine, *see Younger v. Harris*, 501 U.S. 37 (1971), until the state criminal case against Plaintiff Sharon Zlatkin is resolved, (4) *sua sponte* dismissed Defendant Farrell based on judicial immunity, and (5) *sua sponte* dismissed Count XII as it relates to all Defendants because 18 U.S.C. § 241 does not create a private cause of action. *See id.* PageID.1662–63.

Shortly after Defendants Chickering and Henderson moved to dismiss the claims against them, Defendant Kreisher—the attorney appointed to represent Sharon in six state criminal proceedings—sought summary judgment. ECF No. 43. Sharon responded to Defendant Kreisher's Motion for Summary Judgment and, in the same document, filed a cross-motion for summary judgment. ECF No. 49. On May 7, 2024, Judge Morris issued an R&R addressing these motions and recommending summary judgment in favor of Defendant Kreisher. ECF No. 61. On January 15, 2025, the R&R was largely adopted, and Defendant Kreisher was dismissed from the case. *See* ECF No. 104.

The following claims remained:

| Count | Claim | Defendants |
|---|---|---|
| I | Conspiracy to Deprive Rights Under Color of Law | (1) Township of Butman; (2) County of Gladwin; (3) Elizabeth M. Post; (4) Robert Lee; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Karen Moore |
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| V(1) | No record of a hearing under the Fifth and Fourteenth Amendments | Gina Coon |
| VI | Fifth and Fourteenth Amendment "Depr[i]vation of Property" | (1) Gladwin County; (2) Aaron Miller |

| VII | "False Light" | Robert Lee |
|---|---|---|
| IX | "Right to Privacy" | James Maveal Jr. |
| X | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Robert Lee; (2) James Maveal Jr.; (3) Norman E. Gage |
| XI | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | Aaron Miller |

*See generally id.*

### C.

Amid the gust of dispositive motions, on April 23, 2024, Defendant Robert Lee filed a motion to dismiss for failure to state a claim. ECF No. 54. Three months later, on July 23, 2024, Defendants Coon, Gage, Gladwin County, Maveal, Miller, Moore, Post, and Worpell jointly moved for judgment on the pleadings.[2] ECF No. 82. Butman Township did not join either motion. *See generally* ECF Nos. 54; 82. Plaintiffs then sought to strike the latter Motion, contending that it was premature because the moving Defendants had yet to file an answer. ECF No. 94.

On February 4, 2025, Judge Morris issued an R&R addressing these motions. ECF No. 113. The R&R began by noting that Count II had previously been stayed under the *Younger* abstention doctrine. *Id.* at PageID.2004–05. From there, the R&R recommended denying Defendants' Motions to the extent they sought dismissal of Count II. *Id.* The R&R then properly rejected Plaintiffs' Motion to Strike, explaining that, even if the Motion for Judgment on the Pleadings was premature, the Court could construe it as a motion to dismiss. *Id.* at PageID.2005 (citing *Heggem v. Valvoline*, LLC, No. 1:23-CV-00584-JDA, 2024 WL 895151, at *3 (N.D. Ohio Mar. 1, 2024)).

---

[2] Defendant Farrell joined the motion, but he is not included in this discussion because he was entitled to judicial immunity and *sua sponte* dismissed. *See* ECF No. 86; *see also supra* Section I.

Next, the R&R turned to the merits. It recommended dismissing Count I—Plaintiffs' § 1983 conspiracy claim—as to all remaining Defendants, including Butman Township.[3] *Id.* at PageID.2008–09. The R&R reasoned that Plaintiffs' conspiracy claim is not pleaded with sufficient specificity and noted that several Defendants have already been dismissed on that basis. *Id.* The R&R likewise recommended dismissing Counts VI, X, and XI—Plaintiffs' deprivation of property, suppression of exculpatory evidence, and ex parte communication claims—reasoning that Defendants Miller and Gage were entitled to prosecutorial immunity and that Plaintiffs had failed to specify what exculpatory evidence Defendants Lee and Maveal allegedly withheld or how it affected any verdict. *Id.* at PageID.2009–12, 2015–17.

The R&R then addressed Counts V(1), IX, and VII. First, it found that Count V(1)—Plaintiffs' claim against Defendant Coon for allegedly failing to fulfill court reporter duties during a state proceeding—is barred by judicial immunity. *Id.* at PageID.2012–13 (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)). Second, the R&R concluded that Count IX—Plaintiffs' Fourteenth Amendment right to privacy claim against Defendant Maveal—should be dismissed because the release of Plaintiffs' address was not a plausible basis for the claim. *Id.* at PageID.2014–15 (citing *Lambert v. Hartmann*, No. 1:04CV837, 2006 WL 3833529, at *5 (S.D. Ohio Dec. 29, 2006), *aff'd sub nom. Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008)). Third, the R&R found that Count VII—Plaintiffs' state-law false light claim against Defendant Lee—is barred by Michigan's one-year statute of limitations. *Id.* at PageID.2017 (citing *Anderson v.*

---

[3] The fact that Defendant Butman Township did not join the relevant Motions does not prevent Court from *sua sponte* dismissing Count I as it relates to Defendant Butman Township. Indeed, the R&R and prior orders have placed Plaintiffs on notice that their § 1983 conspiracy claim was deficient for all Defendants. *See Doe v. Oberlin Coll.*, 60 F.4th 345, 352 (6th Cir. 2023).

*Clinton Twp. Police Dep't*, No. 18-11291, 2020 WL 597688, at *8 (E.D. Mich. Jan. 3, 2020), *report and recommendation adopted*, 2020 WL 587019 (E.D. Mich. Feb. 6, 2020)).

In sum, the R&R recommended dismissing all claims against all Defendants, except Count II, which was stayed under the *Younger* abstention doctrine. *Id.* at PageID.2018. Accordingly, the R&R recommended dismissing any Defendant not named in Count II. *Id.* Judge Morris gave the Parties 14 days to object. *Id.* at PageID.2018–19.

No objections had been filed within the 16 days after Judge Morris issued the R&R, so on February 20, 2025, this Court reviewed the R&R under a clear-error standard and adopted it. ECF No. 116. The next day, Plaintiffs filed over 70 pages worth of objections. ECF No. 117. Soon after, Plaintiffs sought reconsideration of the February 20, 2025, Opinion and Order (the "Order") that adopted Judge Morris's R&R under a clear error standard of review. ECF No. 118.

## II.

Reconsideration is permitted under three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Here, Plaintiffs have identified a misstep in the Order. Plaintiffs contend that because they were served Judge Morris's R&R by mail, their Objections, filed 17 days after its issuance, were timely under Civil Rule 6(d). *See generally* ECF No. 118. They are correct. Civil Rule 6(d) provides that when service is made under Civil Rule 5(b)(2)(C)—that is, by mail—three days are added to the prescribed period. FED. R. CIV. P. 6(d). Because Plaintiffs were served the February 4, 2025 R&R by mail, their fourteen-day objection period was extended to seventeen days. Their Objections, filed on February 21, 2025, *see* ECF No. 117, fell within that enlarged window.

Accordingly, notwithstanding the Order's statement that no party had timely objected, *see* ECF No. 116 at PageID.2067, this Court will treat Plaintiffs' Objections as timely filed, shifting the standard of review from clear error to *de novo*.

But the Objections do not change the Order's outcome. Even under a *de novo* standard of review, adopting the R&R, ECF No. 113, is warranted. As a result, Plaintiffs' Motion for Reconsideration, ECF No. 118, lacks merit.

If a party properly objects, then "[t]he district judge must determine *de novo*" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). When reviewing an R&R *de novo*, courts must review at least the evidence that the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3). If the court adopts the R&R, then it may simply "state that it engaged in a *de novo* review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Objections, ECF No. 117, and all other relevant filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct and her legal reasoning is sound. Thus, Plaintiff's Objections, *id.*, will be overruled, and their Motion for Reconsideration, ECF No. 118, will be denied.

## III.

Having resolved Plaintiffs' Motion for Reconsideration, still, only one claim remains in this case, which is stayed pending resolution of Sharon's state criminal case:

| Count | Claim | Defendants |
|---|---|---|
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpell; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Objections, ECF No. 117, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 118, is **DENIED**.

**This is not a final order and does not close this case**.

Dated: February 20, 2026         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge