UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

                    Plaintiffs,                Case No. 1:23-cv-12693

v.                                       Honorable Thomas L. Ludington
                                           United States District Judge

GLADWIN COUNTY, et al.,

                                          Honorable Patricia T. Morris
                    Defendants.       United States Magistrate Judge

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFFS' OBJECTIONS, (3) DENYING PLAINTIFF PEGGY ZLATIKIN'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFFS' MOTION TO REMOVE MAGISTRATE JUDGE, (5) DENYING PLAINTIFF PEGGY ZLATKIN'S MOTION TO STRIKE, (6) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE EXCESS PAGES, AND (7) DENYING DEFENDANTS' MOTION TO STRIKE**

      This case stems from a search of Plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin's farm in Butman Township, Gladwin County, Michigan. The search resulted in officials seizing many of Plaintiffs' farm animals and prosecuting Sharon. On October 24, 2023, Plaintiffs sued Gladwin County, Butman Township, and myriad public officials. Plaintiffs asserted several claims and alleged that Defendants violated their constitutional rights under 42 U.S.C. § 1983 and conspired to deprive them of those rights. On October 26, 2023, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris.

      After several dispositive motions, only one of Plaintiffs' claims remains: a Fourth Amendment unlawful search and seizure claim, which is stayed pending the resolution of Plaintiff Sharon Zlatkin's prosecution. Still, Plaintiff Peggy Zlatkin sought summary judgment on liability on the stayed claim. Shortly after, Plaintiffs moved for Judge Morris to disqualify herself from the

case. During the briefing process for Peggy's Motion for Summary Judgment, Plaintiffs sought to strike Defendants' response to their Motion. For their part, Defendants moved to strike several documents filed by Plaintiffs throughout this litigation, and Plaintiffs sought leave to file a response—and did so—that exceeded briefing page limits.

Judge Morris issued an R&R recommending that this Court deny Plaintiff Peggy Zlatkin's Motion for Summary Judgment and Motion to Strike and deny Plaintiffs' Motion to Disqualify Judge Morris. Plaintiffs objected.

For the reasons explained below, Plaintiffs' Objections will be overruled, and Judge Morris's R&R will be adopted. As a result, Plaintiff Peggy Zlatkin's Motion for Summary Judgment will be denied without prejudice, Plaintiff Peggy Zlatkin's Motion to Strike will be denied as moot, and Plaintiffs' Motion for Judge Morris's disqualification will be denied. Moreover, Plaintiffs' Motion for Leave to file a brief exceeding the page limits will be granted, and Defendants' Motion to Strike will be denied.

## I.

### A.

This case's underlying facts were summarized in a prior Opinion and Order:

> In August 2015, Plaintiff Sharon Rose Zlatkin and her mother, Plaintiff Peggy Zlatkin, purchased a 187-acre farm in Butman Township—in Gladwin County, Michigan—which contained a brick house and several other buildings. In addition to using the farm as their "residence," Plaintiffs also "operated a small business" on the farm, "training other peoples' dogs and giving free [dogs] to [v]eterans [with] PTSD." Plaintiffs also had livestock on their farm.
>
> Since August 2015, Plaintiffs allege they "have been subject to animosity and discrimination" by two of their neighbors, William Roggow and James Augstine. These neighbors allegedly surveil Plaintiffs, "patrol" their farm, and trespass onto the farm to destroy Plaintiffs' property. Plaintiffs also allege these neighbors "have

spread rumors in the community and defamed" them.

In 2017, Plaintiffs allege that Roggow began complaining about Sharon to Defendant James Maveal Jr., "the [p]urported Gladwin County Animal Control Officer." In response to the complaints, Defendant Maveal issued five tickets to Sharon based on an ordinance that Plaintiffs allege does not exist. After a hearing in May 2017, Defendant Maveal allegedly told Sharon to stop farming, return the farm to its former owner, and "go back down state." Plaintiffs further allege that Defendant Maveal told Sharon that if she did not follow his advice, he would ensure she would never own an animal again and lose everything.

In 2018, Plaintiffs allege that Roggow and Defendant Maveal filed more complaints about Plaintiffs and their animals, resulting in "five manufactured misdemeanor animal-at-large tickets." A few months later, Defendant Aaron Miller, the Gladwin County Prosecuting Attorney, issued a warrant for Sharon's arrest based on those tickets.

In late October 2020, Defendant Maveal received another complaint about alleged animal abuse at Plaintiffs' farm. Plaintiffs allege that Defendant Maveal did not notify the Gladwin County Sheriff about the complaint but instead contacted the Michigan State Police (MSP). Plaintiffs allege that around 9:15 AM on November 4, 2020, while Sharon was home alone, a "mob of approximately 100 strong," including MSP officers, entered Plaintiffs' farm with Defendant Maveal. The "mob" entered Plaintiffs' "home, barns, stables, kennels, and chicken coop" and seized Plaintiffs' animals, loading them into vans, trucks, and trailers. Plaintiffs allege the animals were being "darted" to "immobilize" them.

Plaintiffs allege that Sharon demanded to see a warrant, and in response, Defendant Robert Lee—an MSP trooper—"flashed a piece of paper," told Sharon she "[didn't] need to see it," and returned it to his pocket. Sharon called Peggy—who was not present at the farm when the "mob" allegedly stormed it—but an officer placed a hand on Sharon's shoulder and told her to "[c]ome out of the house with [them]." Sharon was not permitted to leave until the search concluded[,] and [she] alleges [that] two armed MSP officers guarded her during the entire search. When Peggy returned to the farm, she was allegedly told she could not see the warrant, was required to remain in her car, and was "not free to go" until the search ended, some eight hours after it began.

At some point after Peggy arrived, Defendants Lee and Henderson left. Around 4:30 PM, Defendant Lee returned with two warrants signed by Defendant Norman E. Gage, a Gladwin County

Prosecutor, and Defendant Magistrate Judge Steven Worpell. Plaintiffs allege that neither warrant identified the livestock or dogs to be seized nor described the property to be searched. Sharon was provided a document that allegedly outlined the property seized during the search, but Plaintiffs allege the document was indecipherable. Before leaving Plaintiffs' farm, Plaintiffs allege that Defendant Lee announced that he would tell everyone that Sharon was an animal abuser and would issue a press release about it. Plaintiffs allege that Defendant Lee did just that and "exploit[ed] the media" to "achieve maximum attainable publicity" to "put Sharon in jail." According to Plaintiffs, Defendant Lee's press releases were issued with the "intent to intimidate, harass, silence, and threaten" Sharon.

On December 16, 2020, based on the search of Plaintiffs' farm and the animals seized from it, Defendant Miller—the Gladwin County Prosecutor—filed a felony information charging only Sharon with felonious "Abandoning/Cruelty to twenty-five or more animals," three misdemeanor counts of "burial of" an animal, and one misdemeanor count related to kennel facility violations. Sharon alleges she was not arraigned on the felony charge until April 26, 2021. Defendant Rebecca Kreisher—an attorney previously appointed to represent Sharon in five misdemeanor cases—was appointed to represent her for this felony charge and attended the April 26, 2021 virtual arraignment before Judge Joshua Farrell. According to Sharon, she was muted whenever she tried to speak during the virtual arraignment. And Plaintiffs allege that Defendant Kreisher provided Sharon inadequate legal assistance when representing Sharon in the six criminal cases and conspired to deprive Plaintiffs of their constitutional rights.

ECF No. 104 (internal footnotes and citations omitted).

On October 24, 2023, Plaintiffs sued Gladwin County, the Township of Butman, and 12 individual Defendants who were involved in the November 2020 search and subsequent criminal and civil-forfeiture proceedings against Plaintiffs. ECF No. 1. Plaintiffs' Complaint includes the following claims:

| Count | Claim | Defendants |
|-------|-------|------------|
| I | "Depr[i]vation of Rights Under Color of Law" | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Robert Lee; (6) James Maveal Jr.; |

| | | (7) Aaron Miller; (8) Norman E. Gage; (9) Vicki Sue Chickering; (10) Rebecca Kreisher; (11) Karen Moore |
|---|---|---|
| **II** | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpel; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |
| **III** | Sixth and Fourteenth Amendment Ineffective Assistance of Counsel | Rebecca Kreisher |
| **IV** | Eighth Amendment Excessive Bail | Joshua M. Farrell |
| **V(1)**[1] | No record of hearing under the Fifth and Fourteenth Amendments | (1) Joshua M. Farrell; (2) Gina Coon |
| **V(2)** | Fifth and Fourteenth Amendment Procedural Due Process | Joshua M. Farrell |
| **VI** | Fifth and Fourteenth Amendment "Depr[i]vation of Property" | (1) Gladwin County; (2) Joshua M. Farrell; (3) Aaron Miller |
| **VII** | "False Light" | Robert Lee |
| **VIII** | *N/A (does not exist)* | *N/A (does not exist)* |
| **IX** | "Right to Privacy" | James Maveal Jr. |
| **X** | Fifth and Fourteenth Amendment "Suppression of Exculpatory Evidence" | (1) Joshua M. Farrell; (2) Robert Lee; (3) Justin Ronald Henderson; (4) James Maveal Jr.; (5) Norman E. Gage; (6) Vicki Sue Chickering |
| **XI** | Fifth and Fourteenth Amendment "Ex Communication—Party in Interest to Judge" | (1) Joshua M. Farrell; (2) Aaron Miller |
| **XII** | Civil Conspiracy, 18 U.S.C. § 241. | (1) Township of Butman; (2) County of Gladwin; (3) Joshua M. Farrell; (4) Elizabeth M. Post; (5) Steven Worpel; (6) Robert Lee; (7) Justin Ronald Henderson; (8) James Maveal Jr.; (9) Aaron Miller; (10) Norman E. Gage; (11) Vicki Sue Chickering; (12) Gina Coon; (13) Rebecca Kreisher; (14) Karen Moore |

*See generally id.*

## B.

This Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 5.

---

[1] Two of Plaintiffs' claims are labeled as "Count V." *See* ECF No. 1 at PageID.50, 53. In this Opinion and Order, the first "Count V," ECF No. 1 at PageID.50, will be referred to as "Count V(1)," and the second "Count V," ECF No. 1 at PageID.53, will be referred to as "Count V(2)."

On January 12, 2024, Defendant Chickering moved to dismiss. ECF No. 22. Defendant Henderson followed one month later. ECF No. 34. ECF No. 34. Following that, Judge Morris issued a report (R&R), recommending that this Court grant in part and deny in part Defendant Chickering's and Defendant Henderson's motions to dismiss. ECF No. 58.

On July 24, 2024, the R&R was adopted in substantial measure. ECF No. 86. The consequences were straightforward. First, Counts I, X, and XII were dismissed as to Defendant Chickering for failure to state a claim. Second, Counts X and XII were dismissed as to Defendant Henderson on the same ground. Third, Count II was stayed under the *Younger* abstention doctrine pending resolution of the state criminal proceedings against Plaintiff Sharon Zlatkin. Fourth, Defendant Farrell was dismissed *sua sponte* based on judicial immunity. And fifth, Count XII was dismissed *sua sponte* as to all Defendants, as 18 U.S.C. § 241 affords no private cause of action. *See id.* at PageID.1662–63.

Shortly after Defendants Chickering and Henderson moved to dismiss the claims against them, Defendant Kreisher—the attorney appointed to represent Sharon in six state criminal proceedings—sought summary judgment. ECF No. 43. Sharon responded to Defendant Kreisher's Motion for Summary Judgment and, in the same document, filed a cross-motion for summary judgment. ECF No. 49. On May 7, 2024, Judge Morris issued an R&R addressing these motions and recommending summary judgment in favor of Defendant Kreisher. ECF No. 61. On January 15, 2025, the R&R was largely adopted, and Defendant Kreisher was dismissed from the case. *See* ECF No. 104.

Amid this gust of dispositive motions, on April 23, 2024, Defendant Robert Lee filed a motion to dismiss for failure to state a claim. ECF No. 54. Three months later, on July 23, 2024, Defendants Coon, Gage, Gladwin County, Maveal, Miller, Moore, Post, and Worpell jointly

moved for judgment on the pleadings.[2] ECF No. 82. On February 4, 2025, Judge Morris issued an R&R addressing these motions. ECF No. 113.

The R&R began by noting that Count II had previously been stayed under the *Younger* abstention doctrine. *Id.* at PageID.2004–05. From there, the R&R recommended denying Defendants' Motions to the extent they sought dismissal of Count II. *Id.* Next, the R&R turned to the merits. It recommended dismissing all claims against all Defendants, except Count II, which was still stayed under the *Younger* abstention doctrine. *Id.* at PageID.2018. Accordingly, the R&R recommended dismissing any Defendant not named in Count II. *Id.* Ultimately, the R&R was adopted over Plaintiffs' Objections, leaving the single, stayed claim:

| Count | Claim | Defendants |
|-------|-------|------------|
| II | Fourth Amendment Unlawful Search and Seizure | (1) County of Gladwin; (2) Steven Worpell; (3) Robert Lee; (4) Justin Ronald Henderson; (5) James Maveal Jr.; (6) Aaron Miller; (7) Norman E. Gage; (8) Vicki Sue Chickering |

**C.**

Despite Count II being stayed, on April 28, 2025, Plaintiff Peggy Zlatkin sought summary judgment on that claim, contending that the Court should lift the stay and address the merits of *her* claim because she is not a part of Plaintiff Sharon Zlatkin's state criminal prosecution. *See generally* ECF No. 120. After Defendants responded to her Motion, Plaintiff moved to strike their response as untimely. ECF No. 133. And both Plaintiffs moved for Judge Morris to disqualify herself from the case, arguing that (1) her past rulings, (2) her associations with Gladwin County based on her late husband being a former Gladwin County judge, and (3) the lack of a scheduling

---

[2] Defendant Farrell joined the motion, but he is not included in this discussion because he was entitled to judicial immunity and *sua sponte* dismissed. *See* ECF No. 86; *see also supra* Section I.

order create an appearance of impropriety. ECF No. 120. On July 7, 2025, Judge Morris issued an R&R recommending that all three motions be denied. ECF No. 136.

First, Judge Morris found that the issues raised in Peggy's and Sharon's claims under Count II are inextricably intertwined. *Id.* at PageID.2333–37 (distinguishing *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975)). In this way, lifting the stay and addressing the merits as to Peggy is unwarranted and risks prejudice and inconsistent decision-making between this Court and the state court conducting Sharon's criminal proceedings. *Id.* As a result, the R&R reasoned, the relief requested in Peggy's Motion for Summary Judgment is premature and should be denied without prejudice. *See id.*

Second, Judge Morris concluded that she need not disqualify herself from the case. *Id.* at PageID.2339–42. Taking Plaintiffs' arguments one by one, Judge Morris first concluded that the lack of a scheduling order was no basis for her recusal—especially when the only remaining claim was stayed, and no Party had offered a compelling reason to proceed with discovery. *Id.* Judge Morris then concluded that her late husband's connections to Gladwin County did not warrant recusal, either, because she was not associated with any of the Parties because of his connections. *Id.* Finally, Judge Morris noted that nothing in the prior proceedings demonstrated favoritism or bias, emphasizing this Court's review of her decisions. *Id.*

Third, Judge Morris recommended denying Plaintiff Peggy Zlatkin's Motion to Strike Defendants' response to her Motion for Summary Judgment. *Id.* at PageID.2342–43. In so doing, Judge Morris noted that if this Court were to adopt her recommendation to deny Peggy's Motion for Summary Judgment without prejudice, the Motion to Strike would effectively be moot. *Id.*

On July 24, 2025, Plaintiff Peggy Zlatkin filed timely objections to the R&R. ECF Nos.

139; 140. On August 13, 2025, Plaintiff Sharon Zlatkin filed a document purporting to submit an untimely objection to the R&R, but it contained no objections, so it will not be addressed. ECF No. 145.

While the review of those objections has been pending, Defendants moved to strike several documents filed by Plaintiffs that they contend are vexatious and frivolous. ECF No. 150. Plaintiffs filed a response exceeding page limits for briefs, simultaneously seeking leave to exceed the page limits. ECF No. 155.

## II.

Begin with Plaintiff Peggy Zlatkin's Objections to Judge Morris's R&R. ECF Nos. 139; 140. She lodges five objections.

First, she contends that the R&R erred in denying her Motion for Summary Judgment as to her claim in Count II because no genuine dispute of fact exists concerning that claim. ECF Nos. 139 at PageID.2351–53; 140 at PageID.2368–70. Second, Peggy argues that the R&R should have lifted the stay of Count II as it relates to her so that she could litigate the merits of her claim. ECF No. 139 at PageID.2353–57. Third, and relatedly, she argues that the R&R erred in declining to sever her claim from Sharon's. *Id.* at PageID.2357–58. Fourth, she argues that Judge Morris erred in not recusing herself. *Id.* at PageID.2358–59. In so doing, she cites a case that does not exist— "*Wells v. UPS Airlines*, -- F. Supp. 3d --, 2022 WL 1234567 (W.D. Ky. Mar. 30, 2022)."[3] *Id.* at PageID.2359. Fifth, Peggy asserts that the R&R erred by denying her Motion for Summary Judgment as premature. *Id.* In that Objection, she critiques the R&R for failing to cite or analyze

---

[3] To be sure, there is a decision named *Wells v. United Parcel Serv. Airlines*, 688 F. Supp. 3d 567, 570 (W.D. Ky. 2023). But that case addressed no issue of recusal, was decided in a different year than the fake authority Plaintiff invokes, and appears at a different reporter citation than the one she provides. In short, it is not the case Plaintiff purports to cite.

a "binding" case. *Id.* at PageID.2360. But like before, the "binding" case that she cites, "*ABC Corp. v. XYZ Inc.*, 123 F.3d 456 (6th Cir. 2019)," does not exist. *Id.*

If a party properly objects, then "[t]he district judge must determine *de novo*" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). When reviewing an R&R *de novo*, courts must review at least the evidence that the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3). If the court adopts the R&R, then it may simply "state that it engaged in a *de novo* review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiffs' Objections, ECF Nos. 139; 140, and all other relevant filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct and her legal reasoning is sound. Thus, Plaintiff's Objections, *id.*, will be overruled, and Judge Morris's R&R, ECF No. 136, will be adopted. As a result, Plaintiff Peggy Zlatkin's Motion for Summary Judgment, ECF No. 120, will be denied without prejudice, Plaintiff Peggy Zlatkin's Motion to Strike, ECF No. 133, will be denied as moot, and Plaintiffs' Motion for Judge Morris's disqualification, ECF No. 121, will be denied. Finally, Plaintiff Peggy Zlatkin is admonished that any further citation to nonexistent

authority or otherwise asserting arguments without support in law or fact will result in the imposition of sanctions.

### III.

Turn, now, to Defendants' Motion to Strike, ECF No. 150, and Plaintiffs' Motion for leave to file a response brief that exceeds page limitations, ECF No. 155. Given that Plaintiffs simultaneously filed their Response brief that exceeded page limitations, ECF No. 156, their Motion for leave to file that document, ECF No. 155, will be granted. And because all the documents Defendants seek to strike relate to matters already resolved, their Motion to Strike, ECF No. 150, will be denied.

### IV.

Accordingly, it is **ORDERED** that Plaintiff Peggy Zlatkin's Objections, ECF Nos. 139; 140, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 136, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff Peggy Zlatkin's Motion for Summary Judgment, ECF No. 120, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff Peggy Zlatkin's Motion to Strike, ECF No. 133, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs' Motion for Magistrate Judge Patricia T. Morris to Disqualify, ECF No. 121, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Leave to File Excess Pages for Response, ECF No. 155, is **GRANTED**.

Further, it is **ORDERED** that Defendants' Motion to Strike, ECF No. 150, is **DENIED**.

**This is not a final order and does not close this case**.

Dated: February 20, 2026    <u>s/Thomas L. Ludington</u>
              THOMAS L. LUDINGTON
              United States District Judge