UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEGGY ZLATKIN and SHARON ZLATKIN,

        Plaintiffs,                        Case Number 23-12693

v.                                             Honorable David M. Lawson
                                                Magistrate Judge Patricia T. Morris

GLADWIN COUNTY, STEVEN WORPELL,
ROBERT LEE, JUSTIN R. HENDERSON,
JAMES MAVEAL, JR., AARON MILLER,
NORMAN E. GAGE, VICKI SUE CHICKERING,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY AND STRIKING PROPOSED ORDER

On September 21, 2025, the plaintiffs, Peggy and Sharon Zlatkin, filed an *ex parte* motion to disqualify the Honorable Thomas L. Ludington. The motion contains no information as to why the plaintiffs were proceeding *ex parte* or any indication that the plaintiffs sought concurrence in the requested relief from counsel for the defendants before filing the motion.

In this district, movants must seek concurrence in the relief requested before filing a motion with the Court. E.D. Mich. LR 7.1(a)(1). "To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion," and "[t]he conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter." *Ibid.* "If concurrence is not obtained, the motion or request must state: (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its

legal basis and requested but did not obtain concurrence in the relief sought; [or] (B) despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference."  E.D. Mich. LR 7.1(a)(2).

The plaintiffs did not state in the motion that they sought concurrence from counsel for the defendants before filing the motion, as they were required to do under this Court's local rules. Moreover, the plaintiffs provided no basis for proceeding *ex parte*.  Accordingly, the motion will be denied.

Moreover, the plaintiffs attached to their motion a proposed order granting the relief that they request.  However, Rule 12 of this Court's Electronic Filing Policies and Procedures provides that proposed orders (1) "must be submitted . . . via the link located under the Utilities section of ECF," not on the docket, and (2) may "not be combined with *ex-parte* motions."  The plaintiffs' attached proposed order complies with either of those requirements and will therefore be stricken from the record.

Accordingly, it is **ORDERED** that the plaintiffs' motion to disqualify (ECF No. 162) is **DENIED**.

It is further **ORDERED** that the proposed order attached to the plaintiffs' motion to disqualify is **STRICKEN** from the record.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  March 16, 2026