UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

23-12693

CLERK COPY

*F I L E D*
MAR 2 6 2026
CLERK'S OFFICE
DETROIT

SHARON ROSE ZLATKIN, and
PEGGY ZLATKIN,

        Plaintiffs,

vs.

    No.  1:23-cv-12694
Hon. Thomas Lamson Ludington
Magistrate Judge: Patricia T. Morris

TOWNSHIP OF BUTMAN, COUNTY OF
 GLADWIN, JOSHUA M. FARRELL et al.
individually and in their official capacities
        Jointly and Severally, Defendants.

_____/

## PLAINTIFFS MOTION SUPPORT TO DISQUALIFICATION OF DISTRICT JUDGE THOMAS L. LUNDINGTON AND MAGISTRATE JUDGE PATRICIA T. MORRIS *Supported by Affidavit and Brief*

Sharon Rose Zlatkin &Peggy Zlatkin, Plaintiffs *in pro se*
6632 Telegraph Road
Bloomfield Hills, MI 48301
(989) 387-~~6522~~ 6577
~~Peggyz412@gmail.com~~  *Peggyz7412@gmail.com*

Cummings, McClory
By; Haider A. Kazim (P66146)
Attorney for Defendants Gladwin, Farrell, Post, Worpell, Miller, Gage, Coon
and Moore
125 Park St., Ste 300
Traverse City, MI 49684
(231) 922-1888/FAX (231) 922-9888
hkazim@cmda-law.com

Shelley M. McCormick (P80311)
Assistant Attorney General
Attorney for Lee and Henderson
MI Dept. of Attorney General
State Operations Division
P. O. Box 30754
Lansing, MI 48909
(517) 335-7573
McCormickS1@michigan.gov
 Danielle Allison-Yokum (P70950)
Attorney for Chickering
MI Dept. of Attorney General
Environment, Natural Resources & Agriculture Division
mailto:allisonyokomd@michigan.gov
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
allisonyokomd@michigan.gov

UNITED STATES DISTRICT COURT        To ~~Cerk~~ Clerk

EASTERN DISTRICT OF MICHIGAN


SHARON ROSE ZLATKIN  and PEGGY J. ZLATKIN,


              Plaintiffs,

v.                           Case No. 1:23-cv-12693

                           Hon. Thomas L. Ludington

TOWNSHIP OF BUTMAN, et al.,


              Defendants.

**\*\*PLAINTIFFS' MOTION FOR DISQUALIFICATION OF DISTRICT JUDGE THOMAS L. LUDINGTON AND MAGISTRATE JUDGE PATRICIA T. MORRIS AND FOR REASSIGNMENT\*\***

Pursuant to Local Rule 7.1(a), concurrence was not sought because this motion seeks judicial disqualification, for which concurrence is not required.

**INTRODUCTION**

Plaintiffs Sharon Rose Zlatkin and Peggy J. Zlatkin, proceeding pro se, respectfully

move for the disqualification of District Judge Thomas L. Ludington and

Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. §§ 144 , 455 and  E.D.

Mich. L.R. 83.11.

This motion is based upon a combination of disqualifying conflicts of interest and

a pattern of severe procedural irregularities that have created an undeniable

appearance of partiality and violated Plaintiffs' fundamental due process rights.

The specific facts and legal analysis supporting this motion are detailed in the

contemporaneously filed **Brief in Support of Plaintiffs' Motion for

Disqualification** and the **Affidavit of Peggy J. Zlatkin**.

**GROUNDS SUPPORTING DISQUALIFICATION**

An important Sixth Circuit case is:

Hughes v. United States (Sixth Circuit) 899 F.2d 1495, 1501 (6th Cir. 1990).

The court explained that:

"The standard is whether a reasonable person, knowing all the circumstances,

would harbor doubts about the judge's impartiality."

1

United States v. Sammons (Sixth Circuit) Citation: 918 F.2d 592 (6th Cir. 1990)

Court: United States Court of Appeals for Sixth Circuit

The Sixth Circuit explained that recusal under 28 U.S.C. §455(a) is required whenever:"a reasonable person knowing all the facts would question the judge's impartiality." The other one key point is that the test is objective, meaning it is not about whether the judge believes they are unbiased, but whether a reasonable outside observer might question impartiality.

The cumulative procedural history of this case, when viewed in its entirety, would cause a reasonable observer to question the impartiality of the proceedings. The grounds for disqualification are detailed fully in Plaintiffs' Brief and Affidavit and are summarized here:

1.  **Judge Ludington's Disqualifying Conflicts:** Judge Ludington has disqualifying financial and fiduciary conflicts of interest stemming from his role with the Rollin M. Gerstacker Foundation, which funds both an entity connected to Defendant Karen Moore (the Four Lakes Task Force) and the employer of other Defendants (the Michigan State Police). Judge Ludington previously recused himself in another case for these same reasons. Further, his pending state criminal matter and resulting leave of absence create an independent appearance of

2

impropriety. *(See Brief in Support, Section II; Affidavit of Peggy J. Zlatkin for full analysis).*\

2.  **Magistrate Judge Morris's Disqualifying Conflicts:** Magistrate Judge Morris has undisclosed spousal and professional conflicts of interest due to her late husband's role as the presiding judge in the 80th District Court, where many Defendants were colleagues and employees. This appearance of partiality was amplified by the Court's irregular handling and acceptance of a disputed and unauthenticated audio recording (Exhibit G, related to ECF Nos. 84, 90) in violation of that same court's administrative orders. *(See Brief in Support, Section III; Affidavit of Peggy J. Zlatkin for full analysis).*\

3.  **Failure to Issue Mandatory Scheduling Order and Denial of Discovery:** For nearly two and a half years, the Court has failed to issue a mandatory scheduling order as required by Fed. R. Civ. P. 16(b). This breach of duty has completely deprived Plaintiffs of the ability to conduct any discovery, fundamentally prejudicing their ability to prosecute their claims. *(See Brief in Support, Section IV.A for full analysis).*\

3

4. **Failure to Rule on Plaintiffs' Objections to Evidence:** The Court accepted and considered disputed evidence (Exhibit G; ECF No. 84) while simultaneously failing to rule on Plaintiffs' multiple, timely-filed objections challenging the authenticity and admissibility of that same evidence (ECF Nos. 87, 89, 90, 91, 94, 98). *(See Brief in Support, Section IV.B for full analysis).*\

5. **Contradictory Qualified Immunity Rulings:** The Court's handling of qualified immunity has been inconsistent and prejudicial. The Court initially **denied** qualified immunity to Trooper Justin Henderson and Dr. Vicki Chickering (ECF Nos. 58 and 86), finding Plaintiffs had sufficiently alleged a warrantless search. However, the Court later effectively ignored this finding and granted immunity to other defendants based on the same operative facts, creating a direct contradiction that undermines the fairness of the proceedings. *(See Brief in Support, Section IV.C for full analysis).*\

6. **Improper Handling of Motion to Amend and Suppression of Evidence:** The Court deliberately delayed and improperly denied Plaintiffs' Motion to Amend (ECF No. 105), which sought to add evidence of a forged search warrant. Magistrate Judge Morris acknowledged the motion was pending (ECF No. 113) but waited months before recommending its denial using a flawed "heart of the stay"

4

rationale (ECF Nos. 141 and 159). This sequence shielded Defendants from case-dispositive evidence of fabrication. *(See Brief in Support, Section IV.D for full analysis).*\

7. **Premature Rulings and Denial of De Novo Review:** Judge Ludington entered an Order (ECF No. 116) adopting the Magistrate Judge's Report and Recommendation (ECF No. 113) on February 20, 2025—one day *before* Plaintiffs' deadline to file objections had expired. This action denied Plaintiffs their statutory right to a de novo review under Fed. R. Civ. P. 72(b)(3). *(See Brief in Support, Section IV.E for full analysis).*\

8. **Undocketed Recusal Motion:** A motion seeking Judge Ludington's recusal was mailed and confirmed delivered to the Bay City courthouse on September 25, 2025, but was never entered onto the official case docket. This failure to docket a critical filing further contributes to the pattern of procedural irregularities and the denial of Plaintiffs' access to the judicial process. *(See Brief in Support, Section II.B for full analysis).*\

5

**RELIEF REQUESTED**

WHEREFORE, for the reasons set forth in Plaintiffs' accompanying Brief and Affidavit, Plaintiffs respectfully request that the Chief Judge enter an Order:

1. **Entering Default Judgment** against all Defendants under the Court's inherent power for the cumulative effect of the systematic breakdown of the judicial process, repeated procedural violations, and the resulting constitutional deprivations on all counts;

2. **In the alternative**, grant the following relief:

   * Order the disqualification of the Honorable Thomas L. Ludington and the Honorable Patricia T. Morris pursuant to 28 U.S.C. §§ 144 and 455;

   * Vacate all dispositive orders entered by Judge Ludington and Magistrate Judge Morris;

   *Vacate all dispositive order entered by Judge Ludington after his arrest due to conflict of interest;

   * Reassign this matter to a different Article III judge through the Court's blind draw procedures, outside of the Bay City division, pursuant to Local Rule 83.11; and

   * Grant such other and further relief as the Court deems just and proper.

6

Respectfully submitted,

Date: March 9, 2026

_____

/s/Peggy J. Zlatkin

   Peggy Zlatkin

*Plaintiff, Pro Se*

_____

/s/Sharon R. Zlatkin

   Sharon Zlatkin

*Plaintiff, Pro Se*

6632 Telegraph Road

Bloomfield Hills, MI 48301

(989) 387-6577

7

**CERTIFICATE OF SERVICE**

PLAINTIFFS' MOTION FOR DISQUALIFICATION OF DISTRICT JUDGE THOMAS L. LUDINGTON AND MAGISTRATE JUDGE PATRICIA T. MORRIS AND FOR REASSIGNMENT**

I hereby certify that in March 23,2026, I served a copy of the foregoing Motion upon all counsel of record via the United States Postal Service the Court's Clerk will upload into the ECF system.

_____

/s/Peggy J. Zlatkin

8

UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN, and
PEGGY ZLATKIN,

To The Clerk

Plaintiffs,

vs.

No.  1:23-cv-12694
Hon. Thomas Lamson Ludington
Magistrate Judge: Patricia T. Morris

TOWNSHIP OF BUTMAN, COUNTY OF
 GLADWIN, JOSHUA M. FARRELL et al.   PLAINTIFF PEGGY ZLATKIN'S
individually and in their official capacities     ~~Affidivid~~  AFFiDAViTy
Jointly and Severally, Defendants.

_____/

Sharon Rose Zlatkin,
Peggy Zlatkin, Plaintiffs *in pro se*
6632 Telegraph Road
Bloomfield Hills, MI 48301
(989) ~~387-6522~~  387-6577
~~Peggyz412@gmail.com~~ peggyz7412@gmail.com

Cummings, McClory
By; Haider A. Kazim (P66146)
Attorney for Defendants Gladwin, Farrell, Post, Worpell, Miller, Gage, Coon
and Moore
125 Park St., Ste 300
Traverse City, MI 49684
(231) 922-1888/FAX (231) 922-9888
hkazim@cmda-law.com

Shelley M. McCormick (P80311)
Assistant Attorney General
Attorney for Lee and Henderson
MI Dept. of Attorney General
State Operations Division
P. O. Box 30754
Lansing, MI 48909
(517) 335-7573
McCormickS1@michigan.gov
Danielle Allison-Yokum (P70950)
Attorney for Chickering
MI Dept. of Attorney General
Environment, Natural Resources & Agriculture Division
mailto:allisonyokomd@michigan.gov
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
allisonyokomd@michigan.gov

2

UNITED STATES DISTRICT  COURT
EASTERN DISTRICT OF MICHIGAN                    To  The CHERK  Cl erk
SHARON ROSE ZLATKIN and
PEGGY J. ZLATKIN,

Plaintiffs,

v.                                    Case No. 1:23-cv-12693
                                      Hon. Thomas L. Ludington
                                      Magistrate Judge Patricia T. Morris

TOWNSHIP OF BUTMAN, et al.,

Defendants.

**PLAINTIFFS' AFFIDAVIT IN SUPPORT OF
DISQUALIFICATION OF DISTRICT JUDGE THOMAS L. LUDINGTON
AND MAGISTRATE JUDGE PATRICIA T. MORRIS
AND FOR REASSIGNMENT IN SUPPORT of MOTION and BRIEF**

Pursuant to 28 U.S.C. § 144 and E.D. Mich. L.R. 83.11.


AFFIDAVIT OF PEGGY J. ZLATKIN
I,Peggy J. Zlatkin, being first duly sworn, state as follows:



  I am the Plaintiff in the above-captioned matter, submit this affidavit on behalf of all Plaintiffs pursuant to 28 U.S.C. §144.as follows;

Submit this affidavit pursuant to 28 U.S.C.§144.as follows;

Submit this affidavit pursuant to 28 U.S.

C. §144 and 28 U.S.C. §455 in support of Plaintiffs' Motion for Disqualification of District Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris.

This affidavit is based upon my personal knowledge of the filings, docket entries, and procedural history of this case.

**PROCEDURAL TIMELINE**

October 24,2023 Plaintiffs filed their complaint

January 12, 2024 – ECF No. 22
Defendant Dr. Vicki Chickering filed a Motion to Dismiss in lieu of an answer pursuant to Rule 12(b)(6).

January 25, 2024
No Rule 16 scheduling conference or scheduling order had been entered.

February 20, 2024 – ECF No. 34
Defendant Trooper Justin Henderson filed a motion raising arguments under Rule 12(b)(6).

April 23, 2024 – ECF No. 54
Defendant Trooper Robert Lee filed a motion to dismiss in lieu of an answer.

Magistrate Judge Patricia Morris issued a Report and Recommendation addressing these motions.

April 25, 2024 The Report and Recommendation ECF No 58 recognized that Plaintiffs' complaint alleged a search conducted without a warrant and concluded that certain defendants were not entitled to qualified immunity at that stage regarding the Fourth Amendment claim.
July 23, 2024 – ECF No. 84
A transcript derived from an audio recording was uploaded to the docket as part of Defendants' filings.

July 24, 2024 – ECF No. 86
The Court entered an order staying Count II of the Complaint (Fourth Amendment) under the Younger abstention doctrine due to related state proceedings.

Defendants subsequently continued to raise qualified immunity arguments relating to Count II despite the stay.

Defendants' Rule 12(c) Motion – ECF No. 82
Defendants relied upon Exhibit G, a transcript derived from an audio recording.

Plaintiffs' Responses and Objections Filed
Plaintiffs filed responses and objections challenging the authenticity and admissibility of Exhibit G, including:
ECF No. 87
ECF No. 89
ECF No. 90
ECF No. 91

1

ECF No. 94
ECF No. 98

These filings raised concerns regarding the source and admissibility of the recording and transcript.
No Ruling on Plaintiffs' Objections
The docket does not reflect a ruling addressing Plaintiffs' objections or motion to strike regarding Exhibit G.

January 15, 2025 – Plaintiffs filed Motion to Amend (ECF 105).

February 4, 2025 – Magistrate issued R&R (ECF 113), acknowledged Motion to Amend but failed to rule on it.

February 20, 2025 – District Judge adopted R&R (ECF 116) one day before the objection deadline expired.

February 21, 2025 – Plaintiffs timely filed objections under Rule 6(d).

March 6, 2025 – Motion for Reconsideration filed (ECF 118). ( See ECF 160 & 161)(Y

July 30, 2025 – Second R&R (ECF 141) denying amendment using "heart of the stay" rationale.

September 18, 2025 – District Judge adopted second R&R (ECF 159).


**BACKGROUND OF THE CASE**

1.This civil rights action was filed on October 24, 2023.

2. Since the filing of this action, no scheduling order pursuant to Federal Rule of Civil Procedure 16(b) was entered.

3.As a result, Plaintiffs were not provided a clear discovery schedule and did not have the opportunity to conduct discovery under Rule 26.

**QUALIFIED IMMUNITY RULING**

4.At ECF No. 86, the Court addressed qualified immunity arguments raised by certain Defendants.

5.The Court determined that Defendants Trooper Justin Henderson and Dr. Vicki Chickering were not entitled to qualified immunity at that stage with respect to Count II of the Complaint,

2

which alleges violations of Plaintiffs' Fourth Amendment rights. ECF 58 & ECF No 86 (PageID 1658)

## STAY OF COUNT II

6. Count II was later stayed pursuant to the Younger abstention doctrine due to related state proceedings.

7. The stay applied specifically to Count II.

8. Count II was not dismissed on the merits and remained stayed at the time subsequent dispositive rulings were entered in this case.

## RULE 12(b)(6) AND RULE 12(c) MOTIONS PROCEDURAL IRREGULARITIES AND UNRESOLVED FILINGS REFLECTED IN THE DOCKET

9. After Count II was stayed, Defendants' dispositive motions filed under Federal Rule of Civil Procedure 12(b)(6) and Rule 12(c) were considered together for purposes of recommendation in ECF No. 113.

10. Federal Rule of Civil Procedure 12(d) provides that if matters outside the pleadings are presented to and not excluded by the Court when considering aRule 12(b)(6) or Rule 12(c) motion, the motion must be treated as one for summary judgment under Rule 56.

11. Materials outside the pleadings were relied upon in connection with these motions.

12. I was not provided notice that the motions would be treated as motions for summary judgment under Rule 56, nor was I provided an opportunity to present additional material as contemplated by Rule 56.

13. At the time these rulings were being considered, Count II of the Complaint remained stayed.

14. From my perspective as a litigant, the joinder and adjudication of Rule 12(b)(6) and Rule 12(c) motions while the central constitutional claim remained stayed created the appearance of procedural irregularity.

## MOTION TO AMEND

15. On January 15, 2025, Plaintiffs filed a Motion to Amend the Complaint (ECF No. 105).

16. The motion was based upon newly discovered evidence, including an expert handwriting analysis raising that the signature on the warrant was not that of Magistrate Stephen Worpell

3

regarding the warrant associated with the search of Plaintiffs' property. This evidence would have determined the qualified immunity against the Defendants on the remaining counts.

17. At that time, no comprehensive scheduling order governing amendment deadlines had been entered.

## TRANSCRIPT FILED AT ECF NO. 84

18. On July 23, 2024, a transcript derived from an audio recording of a state court proceeding was uploaded to the docket at ECF No. 84.

19.The transcript reflects approximately fifteen minutes of a state court proceeding that lasted more than two hours.

20.That transcript had not previously appeared in the certified state court record.

21. The 80th District Court operates under an administrative order restricting the copying and distribution of court recordings without authorization. It's a direct violation of a written rule. The 80th District Court's Administrative Order, co-signed by Magistrate Judge Morris's late husband, Judge Thomas Evans, explicitly forbids the removal and distribution of court recordings without a court order . (See ECF No 90 with exhibits)

22.I am not aware of any order in the state court record authorizing release of the recording underlying the transcript. This raises the question: How did they obtain a restricted recording when our own formal requests were denied? This suggests parties with inside connections may be receiving preferential treatment and circumventing rules that are applied to others, which is the essence of an unfair process.

23.The transcript was nevertheless prepared and uploaded to the docket of this case. Magistrate Judge Morris docketing the unauthenticated, improperly obtained material in less than an hour is a critical fact. By allowing this unauthenticated, partial recording onto the federal docket, the Court has permitted the official record to be tainted with evidence of questionable origin and reliability. Plaintiffs brief correctly points out that the recording is an unverified snippet of a much longer proceeding

24.The circumstances surrounding the filing of this transcript contributed to my concern regarding the integrity of the record. as this was part of Defendants premature 12c motion that was joined with 12(b)(6) in ECF No 113. This incident goes to the heart of the integrity of the judicial process .

4

## REPORT AND RECOMMENDATION – ECF NO. 113

25. On February 4, 2025, Magistrate Judge Patricia T. Morris issued a Report and Recommendation at ECF No. 113.

26. The Report and Recommendation addressed Defendants' Rule 12(b)(6) and Rule 12(c) motions joined them together.

27. The Report and Recommendation recommended dismissal of all remaining counts of the Complaint except Count II.

## OBJECTIONS TIMING AND RULE 6(d)

28.Under Federal Rule of Civil Procedure 72(b), parties have fourteen (14) days to file objections to a Report and Recommendation.

29.Plaintiffs are not participants in the Court's electronic filing system and receive service by mail.

30.Federal Rule of Civil Procedure 6(d) provides that when service is made by mail or other non-electronic means, three additional days are added to the prescribed response period.

31. Based on Rule 6(d), Plaintiffs calculated the objection deadline for the February 4, 2025 Report and Recommendation as February 21, 2025.

32. Plaintiffs filed objections on February 21, 2025 (ECF No. 117) in reliance on that rule. (See Brief E.Premature Rulings and Denial of De Novo Review**)

33. From my understanding of the rules, those objections were timely.

## ENTER OF SUMMARY JUDGMENT

34.The Court entered its Order adopting Magistrate Judge Patricia Morris  Report and Recommendation and granting summary judgment on February 20, 2025 (ECF No. 116).

35.That order was entered by Judge Ludington one day before the deadline Plaintiffs calculated for filing objections under Rule 6(d).

36.From my perspective as a litigant, it was unusual that dispositive judgment was entered before the time period for filing objections had expired.

5

37.Plaintiffs expected that their objections would receive de novo review pursuant to Rule 72(b)(3).

## MISSING RECUSAL MOTION

38.A motion seeking recusal of Judge Ludington was mailed to the Bay City courthouse and confirmed delivered by the ~~United States Postal~~ Service.

*by          FedEx*

39. That motion does not appear on the docket. It was received September 25,2025 in Bay City Michigan tracking number 884581205810 FedEx delivery.

## RECENT LEAVE OF ABSENCE

40. I later became aware through public reporting that Judge Thomas L. Ludington had taken a leave of absence from the United States District Court for the Eastern District of Michigan.

41. I make no allegation regarding the merits of that matter but note the timing in relation to the procedural concerns described above.

## CONFLICT-RELATED CONCERNS

42. Public records indicate that Judge Ludington serves as Secretary and Trustee of the Rollin M. Gerstacker Foundation.

43. The Gerstacker Foundation has provided funding to the Four Lakes Task Force.

44. Defendant Karen Moore, a Gladwin County Commissioner, serves on the Board of the Four Lakes Task Force.

45. The Gerstacker Foundation also provides funding to the Michigan State Police, which employs several Defendants in this case.

46. In a separate case, Judge Ludington recused himself citing personal connections to entities associated with the Four Lakes Task Force.

## MAGISTRATE JUDGE MORRIS

47. Magistrate Judge Patricia T. Morris's late husband, the Honorable Thomas Evans, served as a judge within the Gladwin County court system.

6

48. Several Defendants in this case served in official roles within the same county judicial structure.

49. These overlapping roles exist within a relatively small judicial community.

50. These relationships were not disclosed to Plaintiffs during the proceedings.

51. From my perspective, these circumstances create an appearance that the impartiality of the proceedings could reasonably be questioned.


## LEGAL STANDARD

52.The purpose of the federal recusal statutes is to ensure both actual impartiality and the appearance of impartiality.

53. The Supreme Court has explained that the purpose of 28 U.S.C. §455(a) is to avoid even the appearance of partiality and to maintain public confidence in the integrity of the judicial process.

## GOOD FAITH BASIS

54. This affidavit is not submitted for purposes of delay.

55. It is submitted because, based upon the cumulative procedural history described as above, I believe that a reasonable person could question the impartiality of the proceedings.
Caperton v. A.T. Massey Coal Co. (2009)

56. The Court held that due process requires recusal when the probability of bias is too high to be constitutionally tolerable.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 23 day of _March_, 2026.

Peggy J. Zlatkin
Plaintiff, Pro Se

MORGAN ALSTON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires February 17, 2028
Acting in the County of Oakland

7

**CERTIFICATE OF SERVICE**
**PLAINTIFFS' AFFIDAVIT FOR DISQUALIFICATION AND REASSIGNMENT**
**Pursuant to 28 U.S.C. §§ 144, 455, and Local Rule 83.11**

I hereby certify that on 3/23/26 , I served a copy of the foregoing Motion upon the Clerk of the Court by the United States Postal Service. The Clerk will upload the document into the ECF system, and all counsel of record will be notified via the Court's ECF system.

/s/ Peggy J. Zlatkin

8

UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN, and          CLERK COPY
PEGGY ZLATKIN,

            Plaintiffs,

vs.                                              No.  1:23-cv-12694
                                        Hon. Thomas Lamson Ludington
                                    Magistrate Judge: Patricia T. Morris

TOWNSHIP OF BUTMAN, COUNTY OF
 GLADWIN, JOSHUA M. FARRELL et al.
individually and in their official capacities
            Jointly and Severally, Defendants.
_____/

PLAINTIFFS BRIEF SUPPORT TO DISQUALIFICATION
OF DISTRICT JUDGE THOMAS L. LUNDINGTON AND MAGISTRATE
JUDGE PATRICIA T. MORRIS

Sharon Rose Zlatkin &Peggy Zlatkin, Plaintiffs *in pro se*
6632 Telegraph Road
Bloomfield Hills, MI 48301
(989) ~~387-6522~~   387-6577
~~Peggyz412@gmail.com~~   Peggyz7412@gmail.con

Cummings, McClory
By; Haider A. Kazim (P66146)
Attorney for Defendants Gladwin, Farrell, Post, Worpell, Miller, Gage, Coon
and Moore
125 Park St., Ste 300
Traverse City, MI 49684
(231) 922-1888/FAX (231) 922-9888
hkazim@cmda-law.com

Shelley M. McCormick (P80311)
Assistant Attorney General
Attorney for Lee and Henderson
MI Dept. of Attorney General
State Operations Division
P. O. Box 30754
Lansing, MI 48909
(517) 335-7573
McCormickS1@michigan.gov
 Danielle Allison-Yokum (P70950)
Attorney for Chickering
MI Dept. of Attorney General
Environment, Natural Resources & Agriculture Division
mailto:allisonyokomd@michigan.gov
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
allisonyokomd@michigan.gov

2

UNITED STATES DISTRICT COURT          CLERK COPY

EASTERN DISTRICT OF MICHIGAN


SHARON ROSE ZLATKIN and PEGGY J. ZLATKIN,          ~~TO CHIEF JUDGE~~



                        Plaintiffs,

v.                                    Case No. 1:23-cv-12693

                                      Hon. Thomas L. Ludington& Mag.Morris

TOWNSHIP OF BUTMAN, et al.,



                        Defendants.

_____

____


**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR DISQUALIFICATION

OF DISTRICT JUDGE THOMAS L. LUDINGTON AND MAGISTRATE

JUDGE PATRICIA T. MORRIS** BY MOTION & AFFIDAVIT

_____

____

**TABLE OF AUTHORITIES**

**Cases**

*Ball v. Union Carbide Corp.*, 385 F.3d 713 (6th Cir. 2004)

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)

*Danley v. Pitcher*, 675 F. App'x 526 (6th Cir. 2017)

*Foman v. Davis*, 371 U.S. 178 (1962)

*Heron Cove Association et al v. Midland County Board of Commissioners et al*,

Case No. 1:24-cv-11458 (E.D. Mich.)

*Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981)

*In re Bulger*, 710 F.3d 42 (1st Cir. 2013)

*In re Murchison*, 349 U.S. 133 (1955)

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)

*Liteky v. United States*, 510 U.S. 540 (1994)

*Mathews v. Eldridge*, 424 U.S. 319 (1976)

*Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986)

*Offutt v. United States*, 348 U.S. 11 (1954)

*Salehpour v. Univ. of Tenn.*, 159 F.3d 199 (6th Cir. 1998)

*Sokol v. Top Flight, Inc.*, 827 Fed. Appx. 543 (6th Cir. 2020)

1

*United States v. Sammons*, 918 F.2d 592 (6th Cir. 1990)

*United States v. Story*, 716 F.2d 1088 (6th Cir. 1983)


**Statutes**

28 U.S.C. § 144

28 U.S.C. § 455

28 U.S.C. § 455(a)


**Rules**

Fed.6d

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(d)

Fed. R. Civ. P. 15(a)(2)

Fed. R. Civ. P. 16(b)

Fed. R. Civ. P. 16(b)(2)

Fed. R. Civ. P. 56

Fed. R. Civ. P. 72(b)(3)

E.D. Mich. L.R. 83.11

Plaintiffs Sharon Rose Zlatkin and Peggy J. Zlatkin, proceeding pro se, respectfully submit this brief in support of their Motion for Disqualification of District Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris.

This motion is addressed to the Chief Judge for determination, as required when a party files a sufficient affidavit of prejudice under 28 U.S.C. §§ 144 and 455, and pursuant to E.D. Mich. L.R. 83.11.

Disqualification is mandated by a confluence of circumstances that have created an undeniable appearance of partiality and resulted in severe procedural prejudice. These circumstances include:

1. Judge Ludington's disqualifying financial conflicts of interest and his pending criminal charges, which have reportedly led to his leave of absence from the bench;

2. Magistrate Judge Morris's spousal and professional conflicts of interest, compounded by her role in the irregular handling of restricted court records;

3. A pattern of cumulative procedural violations that have deprived Plaintiffs of their right to due process.

Taken together, these facts would cause any reasonable observer to question the impartiality of the proceedings.

**I. LEGAL STANDARD FOR DISQUALIFICATION**

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective and does not require proof of actual bias. The inquiry is whether a "reasonable person, knowing all the circumstances, would expect that the judge would have a bias." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The purpose of § 455(a) is to "promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988). Due process requires the absence of even a "probability of unfairness," *In re Murchison*, 349 U.S. 133, 136 (1955), and recusal is required when the probability of bias becomes "constitutionally

4

intolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009). The Sixth Circuit applies this objective standard, asking whether a reasonable observer, informed of all the facts, would question impartiality. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983).

**II. GROUNDS FOR DISQUALIFICATION OF JUDGE LUDINGTON**

**A. Disqualifying Financial and Fiduciary Conflicts of Interest**

Judge Ludington has a direct, disqualifying conflict of interest due to his fiduciary role with the Rollin M. Gerstacker Foundation, which has significant financial ties to entities connected to this litigation. Judge Ludington serves as Secretary and Trustee of the Foundation. Public records confirm that this Foundation has provided approximately $1,000,000 in funding to the Four Lakes Task Force (FLTF). Defendant Karen Moore, a Gladwin County Commissioner, also serves on the Board of the FLTF.

This is not a remote or speculative conflict. The connection is so clear that Judge Ludington has already recognized it as disqualifying. On July 18, 2024, in *Heron

5

Cove Association et al v. Midland County Board of Commissioners et al*, Case No. 1:24-cv-11458 (E.D. Mich.), Judge Ludington formally recused himself, citing these exact family and financial ties to the FLTF. His refusal to do so in the present case, where the same conflict exists through Defendant Moore, is inconsistent and constitutes a plain violation of the impartiality standard under § 455(a).

Furthermore, the Rollin M. Gerstacker Foundation also provides funding to the Michigan State Police (MSP). Multiple Defendants in this action are MSP troopers alleged to have been involved in the unconstitutional search and seizure at the heart of Plaintiffs' claims. This financial connection creates an additional layer of institutional conflict that further undermines the appearance of neutrality.

**B. Pending Criminal Charges, Leave of Absence, and Missing Recusal Motion Create an Undeniable Appearance of Impropriety**

Separate and apart from his financial conflicts, Judge Ludington's recusal is independently required due to his pending state criminal charges for Driving Under the Influence (DUI). As has been widely reported, Judge Ludington took a leave of absence from the bench on or about February 24, 2026, following his arrest on

6

October 3, 2025. This development provides a powerful, independent basis for disqualification under 28 U.S.C. § 455(a).

A judge who is simultaneously a defendant in a criminal proceeding cannot, from the perspective of a reasonable observer, sit in impartial judgment of others. The situation creates an undeniable appearance of impropriety that erodes public confidence in the judiciary. A reasonable, well-informed observer would question the judge's fitness and impartiality. The judiciary's authority rests on its integrity, and allowing a judge facing criminal charges to preside over any matter compromises that integrity.

Courts have recognized that a judge's personal involvement in a criminal investigation or prosecution is a critical factor in the recusal analysis. In *In re Bulger*, 710 F.3d 42 (1st Cir. 2013), the First Circuit ordered the recusal of a judge whose home was part of a federal criminal investigation, even though the judge was not a target. The court held that the judge's proximity to a criminal investigation was enough to cause a reasonable person to question his impartiality. Here, Judge Ludington is not merely proximate to an investigation—he is the defendant. His pending charges and resulting leave of absence are not matters of

7

speculation; they are matters of public record that directly impact the institutional integrity of the Court.

Compounding these issues is another significant procedural irregularity. On September 25, 2025, a motion seeking Judge Ludington's recusal was mailed to the Bay City courthouse and confirmed delivered by the USPS. However, this motion was never entered into the official case docket. The failure to docket a party's filing, particularly one as significant as a recusal motion, contributes to the objective appearance that matters in this case are not being handled properly and that Plaintiffs are being denied access to fundamental judicial processes.

**III. GROUNDS FOR DISQUALIFICATION OF MAGISTRATE JUDGE MORRIS**

**A. Spousal and Professional Conflicts of Interest**

Magistrate Judge Morris's impartiality is reasonably questioned due to her late husband's role as the presiding Circuit Court Judge for Gladwin County (80th District Court), where the events underlying this case occurred. Many of the defendants in this action, including judicial officers, county officials, and law

8

enforcement, were colleagues and employees who worked within the same local judicial system as her husband, Judge Thomas Evans. These close, overlapping professional relationships in a small community would cause a reasonable person to doubt the Magistrate Judge's ability to remain impartial when adjudicating claims against her late husband's former associates and employees.

**B. Irregular Handling of Restricted Court Evidence**

This appearance of partiality was amplified by Magistrate Judge Morris's role in the improper admission of evidence into the federal record. On or about July 23, 2024, Defendants' counsel submitted a flash drive containing an unauthenticated audio recording of a state court hearing from April 26, 2021. This recording was subject to 80th District Court Administrative Order D80 2020-04J—an order co-signed by Magistrate Judge Morris's late husband, Judge Thomas Evans—which expressly prohibits court recordings from being removed or copied without a court order. (ECF No. 90-1, PageID.1728).(See  complete details with exhibits ECF No 90 PageID 1697-1751)

9

No such authorizing order from the 80th District Court appears in the record. Nevertheless, Magistrate Judge Morris accepted this restricted, unauthenticated recording and permitted its entry onto the federal docket (ECF No. 84) with unusual speed, reportedly within less than one hour of its submission. Plaintiffs' subsequent filings have demonstrated that the recording was obtained from an unknown source by an attorney not of record in this case and transcribed by a private service, in direct violation of the state court's administrative order. (ECF No. 90, PageID.1699–1701). The facilitation of the entry of improperly obtained evidence, protected by an order bearing her husband's signature, creates a severe appearance of impropriety and potential coordination with parties adverse to Plaintiffs.

**IV. CUMULATIVE PROCEDURAL VIOLATIONS AND PREJUDICE**

The aforementioned conflicts do not exist in a vacuum. They are set against a backdrop of profound and prejudicial procedural irregularities that have defined this case for years and violated Plaintiffs' right to due process.

**A. Dereliction of Mandatory Duty to Issue a Scheduling Order (Rule 16)**

10

The Court has violated a mandatory procedural rule by failing to issue a scheduling order at any point since this case was filed on October 24, 2023. Under Federal Rule of Civil Procedure 16(b)(2), the district judge "shall issue a scheduling order… within the earlier of 90 days after service or 60 days after any defendant appears." This deadline expired approximately on January 28, 2024. This is not a mere technicality, but a failure to fulfill a mandatory duty imposed on the Court by an Article III Judge. The Sixth Circuit has held that the establishment of a scheduling order under Rule 16(b) is not discretionary. See *Sokol v. Top Flight, Inc.*, 827 Fed. Appx. 543, 546 (6th Cir. 2020); *Danley v. Pitcher*, 675 F. App'x 526, 531 (6th Cir. 2017) (reversing the district court for failing to enter a scheduling order).

The failure to issue a scheduling order is not harmless; it has fundamentally prejudiced Plaintiffs by completely preventing them from conducting any discovery. For nearly two and a half years, Plaintiffs have been unable to serve interrogatories, request documents, or depose witnesses, fundamentally impairing their ability to develop the factual record needed to support their constitutional claims. The court then proceeded to grant dispositive motions and recommend summary judgment against Plaintiffs without them ever having had the opportunity to gather evidence.

11

**B. Failure to Rule on Objections and Improper Consideration of Disputed Evidence**

While depriving Plaintiffs of discovery, the Court simultaneously failed to rule on Plaintiffs' multiple, detailed objections to the admissibility of Defendants' Exhibit G. Plaintiffs filed numerous challenges to the authenticity and admissibility of this uncertified transcript and recording (ECF 87, 89, 90, 91, 94, 98), yet the Court never addressed them. Despite these unresolved objections, the disputed material was attached to Defendants' dispositive motion and treated as properly before the Court, further prejudicing Plaintiffs.

**C. Contradictory Qualified Immunity Rulings and Adjudication of Stayed Matters**

The Court's handling of qualified immunity has been inconsistent and procedurally improper. Initially, the Court found that Plaintiffs had sufficiently alleged a constitutional violation. In her Report and Recommendation (ECF No. 58), Magistrate Judge Morris found that the complaint sufficiently alleged a warrantless search. Subsequently, in his Order (ECF No. 86), Judge Ludington explicitly found

that Defendants **Trooper Justin Henderson and Dr. Vicki Chickering were *not* entitled to qualified immunity** at the pleading stage for the Fourth Amendment claim in Count II.

This initial ruling established the law of the case: that Plaintiffs' allegations of a warrantless search were sufficient to overcome qualified immunity for the officials directly involved. However, in subsequent dispositive rulings, this finding was effectively ignored as the Court granted immunity to other defendants based on the same operative facts. This was done while Count II was under a judicial stay (ECF No. 86), creating the appearance that the Court improperly adjudicated the core constitutional facts of the stayed claim indirectly through its immunity rulings for other parties, in direct contradiction of its own prior order.

**D. Improper Handling of Plaintiffs' Motion to Amend**

The Court's treatment of Plaintiffs' Motion to Amend (ECF No. 105) demonstrates a clear effort to shield Defendants from damaging evidence. The motion, filed January 15, 2025, sought to introduce critical new evidence: a handwriting expert's analysis concluding that the search warrant used to justify the raid was a forgery. The timeline of the Court's actions is revealing:

13

* **February 4, 2025:** In her R&R (ECF No. 113), Magistrate Judge Morris acknowledged the motion to amend was pending but improperly declined to rule on it before recommending dismissal of other claims based on the old complaint.
* **July 30, 2025:** Months later, she issued a second R&R (ECF No. 141) recommending denial of the motion to amend, inventing a new "heart of the stay" rationale to justify the denial.
* **September 18, 2025:** Judge Ludington adopted this second R&R (ECF No. 159) with an order that copied the Magistrate Judge's reasoning "word for word."

This sequence shows that the Court delayed and then ultimately blocked the introduction of crucial, case-altering evidence. This handling prevented a fair adjudication on the merits and contributed to the overwhelming appearance of partiality.

**E. Premature Rulings and Denial of De Novo Review**

Judge Ludington entered an Order (ECF No. 116) adopting the Magistrate Judge's first Report and Recommendation (ECF No. 113) on February 20, 2025—one day *before* Plaintiffs' deadline to file objections had expired. This action denied

14

Plaintiffs their statutory right to a de novo review under Fed. R. Civ. P. 72(b)(3). *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The premature adoption of the R&R effectively silenced Plaintiffs' objections and prevented the district judge from performing his mandatory duty.

Plaintiffs are not participants in the Court's electronic filing system and are served by mail; Federal Rule of Civil Procedure 6(d) adds three days to the fourteen-day objection period provided under Rule 72(b). Based on that rule, Plaintiffs calculated the deadline for objections to the February 4, 2025 Report and Recommendation (ECF No. 113) as February 21, 2025. Plaintiffs filed their objections on February 21, 2025 (ECF No. 117) in reliance on that rule.

Objection Deadline Calculation

Report and Recommendation issued:

February 4, 2025

Rule 72(b):

14 days to file objections

14 days from Feb 4 = February 18

Then Rule 6(d) adds 3 days

Final deadline = February 21

Plaintiffs therefore believed their objections were timely filed and expected that the objections would receive de novo review pursuant to Rule 72(b)(3).

**V. DEFAULT JUDGMENT: THE ONLY ADEQUATE REMEDY FOR THE SYSTEMATIC BREAKDOWN OF THE JUDICIAL PROCESS**

The request for default judgment is not based on a single error, but on the cumulative effect of a pattern of judicial conduct that has made a fair process impossible. When viewed together, these events demonstrate a wholesale collapse of due process that no lesser sanction can cure. Courts possess the inherent authority to impose default when judicial processes are abused. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991). This is not merely a tool to punish, but a necessary power to protect the integrity of the court itself.

The pattern here includes more than 24-month failure to issue a mandatory scheduling order and the premature adoption of a dispositive order (ECF No. 113) that denied Plaintiffs their right to object. This combination constitutes overwhelming evidence that the process has been fundamentally compromised.

16

Monetary fines or admonitions cannot repair over two years of mismanagement, restore a lost right to object, or unwind the prejudice inflicted upon the Plaintiffs. The process itself is broken. Where a party is subjected to a pattern of conduct that destroys the prospect of a fair outcome, default judgment is the only just result. The cumulative effect of these procedural and judicial failures serves to insulate the Defendants from accountability for their violation of Plaintiffs' fundamental Fourth Amendment rights. Default judgment is the only mechanism that can both vindicate those rights and deter future judicial misconduct.

**VI. CONSTITUTIONAL DUE PROCESS VIOLATIONS**Fifth and Fourteenth Amendment Due Process

The cumulative effect of these procedural and ethical failures rises to the level of a constitutional violation. The Fifth Amendment guarantees that no person shall be deprived of property "without due process of law." This guarantee encompasses two core principles that have been violated in this case: the right to a meaningful opportunity to be heard and the right to an impartial tribunal.

17

**A. Denial of a Meaningful Opportunity to Be Heard**

Due process requires that parties be given an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). This right has been abridged in two fundamental ways. First, the Court's failure to issue a mandatory Rule 16(b) scheduling order for over two years completely foreclosed Plaintiffs' ability to conduct discovery. By denying discovery in its entirety, the Court deprived Plaintiffs of the tools necessary to present their case, rendering their opportunity to be heard meaningless. Second, by adopting the Magistrate Judge's R&R a day before the deadline for objections had passed, and by improperly entering summary judgment without notice, the Court denied Plaintiffs their statutory and constitutional right to be heard before a final judgment was rendered.

**B. Denial of the Right to an Impartial Tribunal**

The Due Process Clause also requires a "neutral and detached" judge. To perform its function, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). The demonstrable financial and personal conflicts of interest of both Judge Ludington and Magistrate Judge Morris violate this fundamental requirement. As the Supreme Court held in *Caperton*, due process

18

is violated when circumstances create a "serious risk of actual bias," based on objective and reasonable perceptions. The undisclosed conflicts here deprived Plaintiffs of a fair and impartial tribunal, rendering the proceedings fundamentally unfair.

**VII. CONCLUSION**

The record before this Court depicts more than mere error; it shows a systematic failure of the judicial process. For over two years, Plaintiffs have been denied basic case management, while the judiciary has engaged in a pattern of conduct that creates an undeniable appearance of partiality. These are not isolated incidents but a cumulative series of violations that have made a fair adjudication impossible. The only adequate remedy is one that acknowledges the gravity of this breakdown. The integrity of these proceedings has been compromised. To restore public confidence and ensure Plaintiffs receive a fair and impartial adjudication, both judicial officers must be disqualified.

RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Chief Judge:

19

1.Enter Default Judgment against all Defendants under the Court's inherent power for the cumulative effect of willful case-management failures, repeated procedural violations, and the resulting constitutional deprivations on all counts;

2.In the alternative, and in support thereof, grant the following relief:

Order the disqualification of the Honorable Thomas L. Ludington and the Honorable Patricia T. Morris pursuant to 28 U.S.C. §§ 144 and 455;

Vacate  all dispositive orders entered by Judge Ludington and Magistrate Judge Morris;

3.Vacate all dispositive orders after the arrest of Judge Ludington

Restore all counts

4.Reassign this matter to a different Article III judge through the Court's blind draw procedures, outside of the Bay City division, pursuant to Local Rule 83.11; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: March 23,2026

/s/Peggy J. Zlatkin Plaintiff, Pro Se

Peggy J. Zlatkin

/s/Sharon R. Zlatkin Plaintiff, Pro Se Sharon R, Zlatkin

6632 Telegraph Road Bloomfield Hills, MI 48301 (989-387-6577)

CERTIFICATE OF SERVICE

BRIEF IN SUPPORT OF PLAINTIFFS MOTION FOR DISQUALIFICATION

OF DISTRICT JUDGE THOMAS L. LUDINGTON AND MAGISTRATE

JUDGE PATRICIA T.MORRIS

I hereby certify that on March 23, 2026, I served a copy of the foregoing Brief upon

all counsel of record via theUNITED STATES POSTAL SERVICE and the Clerk

of the  Court will upload into the  ECF system.


/s/Peggy J. Zlatkin

   Peggy J. Zlatkin

21



**FROM:** Peggy Zlatkin
6632 Telegraph Rd.
Bloomfield Hills, MI
48301

RECEIVED
MAR 26 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

**TO:**
U.S. District Court Clerk
Eastern Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226-2700

US POSTAGE PAID
$11.95
Origin: 48072
03/23/26
2582390103-12

PRIORITY MAIL®

1 Lb 0.10 Oz

RDC 03

EXPECTED DELIVERY DAY: 03/25/26

C052

SHIP
TO:
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS TRACKING® #

9505 5114 5878 6082 8815 73

FLAT RATE
ONE RATE ■ ANY

TRACKED

PS00001000

This package is made from...