UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON ROSE ZLATKIN,
and PEGGY J. ZLATKIN,

Plaintiffs,

v.

Case Number 23-12693
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

COUNTY OF GLADWIN, STEVEN WORPEL, ROBERT LEE, JUSTIN RONALD HENDERSON, JAMES MAVEAL, JR. AARON MILLER, NORMAN E. GAGE, and VICKI SUE CHICKERING,

Defendants.
_______________________________________/

**ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION**

On October 24, 2023, plaintiffs Sharon Rose Zlatkin and Peggy Zlatkin filed an action alleging defendants violated their constitutional rights under 42 U.S.C. § 1983 and conspired to deprive them of those rights. On September 21, 2025, plaintiffs filed an *ex parte* motion to disqualify the Honorable Judge Thomas L. Ludington and Magistrate Judge Patricia T. Morris. That motion was denied on March 16, 2026 because the plaintiffs failed to seek concurrence as required under Local Rule 7.1(a)(2) and the motion provided no basis for proceeding *ex parte*. On March 26, 2026, plaintiffs filed a second motion on the same grounds as the September 21, 2025 motion. That motion was also denied on April 1, 2026 for failure to comply with Local Rule 7.1(a). Plaintiffs then moved for reconsideration of both orders under Rule 7.1(h) of this District's Local Rules.

Under Rule 7.1(h), motions for reconsideration of nonfinal orders, like the orders denying the plaintiffs' disqualification motions, are disfavored. E.D. Mich. LR 7.1(h)(2). A motion for reconsideration "may be brought only upon the following grounds": (1) the court made a mistake that, if corrected, changes the outcome of the prior decision; (2) "an intervening change in

controlling law" dictates a different outcome; (3) newly discovered "facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Ibid.* The plaintiffs invoke the first ground for both motions for reconsideration, arguing that they needed to fully brief the Court and file a reply and that recusal motions should be considered without strict enforcement of concurrence requirements. *See* ECF No. 167; 173. These arguments lack merit.

There are no errors in the previous orders, let alone outcome-changing ones. First, Local Rule 7.1(a) explicitly lists denying a motion for failing to seek concurrence as one of the consequences. *See* LR 7.1(a) ("The court may impose sanctions for unreasonable withholding of consent and for violating this rule, which may include . . . denying the motion . . . ."). Second, even overlooking their noncompliance with the rule, the plaintiffs' motions to disqualify present no viable grounds for disqualification. The plaintiffs point only to unfavorable rulings by Magistrate Judge Patricia T. Morris as grounds for disqualification, but "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). So it is here. The motion to disqualify Judge Ludington is moot since the case is no longer assigned to him. The motions for reconsideration will therefore be denied.

Accordingly, it is **ORDERED** that the plaintiffs' motions for reconsideration (ECF Nos. 169; 173) are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 26, 2026