UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

SHARON ROSE ZLATKIN, and
PEGGY ZLATKIN,
Plaintiffs,
vs.
GLADWIN COUNTY, STEVEN WORPELL, ROBERT LEE, JUSTIN R. HENDERSON, JAMES MAVEAL, JR., AARON MILLER, NORMAN E. GAGE, VICKI SUE CHICKERING,

Defendants.
_____________________________________/

Case No. 1:23-cv-12693
Honorable David M. Lawson
Mag. Judge Patricia T. Morris

**PLAINTIFFS' OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE PATRICIA T. MORRIS' CERTIFICATION OF COMPLETION OF PRETRIAL PROCEEDINGS [ECF NO. 176]**

Plaintiffs, proceeding pro se, respectfully object to ECF 176 pursuant to FRCP(6)(d), Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and *E.D. Mich. LR 72.1(d) to the August 17,2026 "Certification of Completion of Pretrial Proceedings*" entered by Magistrate Judge Patricia T. Morris at ECF No. 176.

ECF No. 176 erroneously and incorrectly certifies: "*Discovery is closed and this action is ready for trial except for the following*:" and this statement is clearly erroneous causing great prejudice to these Pro Se Plaintiffs.

Nothing is identified following "*except for the following*."

*ECF No. 176 further states that the Order of Reference is "FULLY COMPLETED*" and returns the action to the District Judge.

Plaintiffs respectfully object to the entirety of ECF 176 because, as reflected

by the procedural history and docket of this action, the material factual predicates underlying those certifications are incorrect and clearly erroneous.

Discovery **has not** been completed.

Plaintiffs **have not** been afforded a Scheduling Order after more than two years.

Plaintiffs **have not** been afforded a discovery period in which to conduct discovery.

No Rule 16 Scheduling Order establishing a discovery cutoff or the other ordinary case-management deadlines has been entered after more than two years.

No depositions have been conducted.

Nor has this case proceeded through the other pretrial stages ordinarily necessary to render it ready for trial.

ECF No. 176 does not merely contain an arguable characterization of the procedural record. It affirmatively certifies the completion of proceedings that the docket demonstrates never occurred. The statement that "*discovery is closed*" cannot accurately describe a case in which a Scheduling Order was never entered, and a case in which discovery was never opened, no Scheduling Order established discovery or dispositive-motion deadlines, and the parties were afforded no discovery period. That objectively verifiable contradiction constitutes a clearly erroneous statement that misleads both the Honorable District Court Judge Lawson and the parties concerning the case's procedural posture. Correcting the defect necessarily requires a different disposition; withdrawal or vacate of the clearly erroneous Certification in its entirety at ECF 176 and entry of a lawful Scheduling Order and pretrial schedule.

Plaintiffs therefore respectfully request that this Honorable District Court vacate ECF 176 because it causes extreme prejudice to these Pro Se Plaintiffs because ECF 176 is clearly erroneous and/or contrary to law, and establish an orderly pretrial schedule and enter a Scheduling Order before this action is deemed

"*ready for trial*".

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) permits a party to object to a magistrate judge's determination of a nondispositive pretrial matter. The District **Judge must consider timely objections and "modify or set aside any part of the**

**order that is clearly erroneous or is contrary to law**."

Eastern District of Michigan Local Rule 72.1(d) likewise requires an objection under Rule 72 to specify the portion of the order, findings, recommendations, or report being challenged and state the basis for the objection.

The challenged certification, ECF 176, concerns the status and completion *of pretrial proceedings and discovery and arose from a referral "for the purpose of conducting all pretrial matters*."

Plaintiffs therefore submit these objections pursuant to Rule 72(a).

ECF 176 appears to be in response to ECF 166:

> *"ORDER CONTINUING REFERRAL TO THE ASSIGNED MAGISTRATE JUDGE FOR ALL PRETRIAL MATTERS"*
>
> *ECF 166 further states:*
> *"On October 26, 2023, Judge Thomas L. Ludington referred this matter to the assigned magistrate judge to handle all pretrial proceedings. On March 10, 2026, the case was reassigned to the undersigned. The Court has reviewed the record of the proceedings and finds that the progress of the case will be facilitated by a continuation of the referral.*
>
> *Accordingly, it is ORDERED that the referral of the case to Magistrate Judge Patricia T. Morris is CONTINUED under the previously issued order of referral (ECF No. 5). The referral of the case shall continue until the magistrate judge certifies that the case is ready for trial, or until further order of the Court.*"

## II. OBJECTIONS:

**OBJECTION NO. 1: THE CERTIFICATION THAT "DISCOVERY IS CLOSED" (ECF 176) IS CLEARLY ERRONEOUS AND WAS A PALPABLE DEFECT BECAUSE DISCOVERY WAS NEVER COMPLETED**

Plaintiffs specifically object to the statement in ECF No. 176 that: "*Discovery is closed*." The distinction between discovery being "*closed*"

**following an established and completed discovery period and no Scheduling Order ever being entered and discovery never having been conducted is fundamental.**

**There has been no Scheduling Order in this case after more than two years, and no completed discovery period in this action.**

No Rule 16 Scheduling Order was entered establishing a discovery deadline. No discovery cutoff expired following a court-authorized discovery period. Plaintiffs were not provided a defined period in which to conduct fact discovery and complete depositions before the Court declared discovery closed. No depositions have been conducted. Plaintiffs have not completed the discovery necessary to prepare their surviving claims for adjudication or trial.

Accordingly, this is not a situation in which the Court established and entered a Scheduling Order, or a discovery deadline, Plaintiffs conducted or had the opportunity to conduct discovery during that period, the deadline expired, and the Magistrate Judge Patricia T. Morris thereafter accurately certified that discovery had closed.

**Rather, the case erroneously reached ECF No. 176 without the ordinary Scheduling Order ever being entered and discovery process ever having been completed**.

The absence of a Scheduling Order and completed discovery cannot properly be transformed into a finding that discovery was completed merely by erroneously declaring "*Discovery is closed*." at ECF 176.

Federal Rule of Civil Procedure 16 contemplates active judicial case management through a Scheduling Order. Among other things, Rule 16(b)(3)(A) provides that the Scheduling Order must limit the time to join parties, amend pleadings, complete discovery, and file motions.

**Yet after more than two years, no Scheduling Order has ever been**

**entered in this case establishing those deadlines.**

There consequently is no previously established discovery cutoff that Plaintiffs failed to meet and no completed discovery period upon which the Clearly erroneous certification in ECF No. 176 can rest.

Plaintiffs therefore respectfully request that this Honorable District Court VACATE ECF 176 in its entirety.

**OBJECTION NO. 2: THE CERTIFICATION THAT THIS ACTION "*IS READY FOR TRIAL*" IS CLEARLY ERRONEOUS**

*Plaintiffs separately object to the certification that: "this action is ready for trial*." because it is clearly erroneous. The procedural record does not support that conclusion. Among other things, Plaintiffs respectfully state that:

• no Rule 16 scheduling order establishing the progression of this case through discovery and trial preparation was entered after more than two years;

• no completed discovery period occurred;

• no depositions were conducted;

• no discovery cutoff expired following an established discovery period;

• no dispositive-motion deadline was established through a scheduling order;

• no ordinary schedule for expert disclosures and expert discovery was established, to the extent expert testimony is necessary;

• no final pretrial process establishing the evidence and witnesses to be presented at trial has been completed; and

• unresolved matters remain that must be addressed before the claims remaining in this action can properly proceed to trial.

The Court's own one-page certification at ECF 176 illustrates the problem. The form states that the action is ready for trial "*except for the following*," but identifies nothing whatsoever after that language.

Thus, ECF No. 176 does not identify or explain how this action became trial-ready notwithstanding the absence of an entered Scheduling Order and a completed discovery and pretrial process.

Plaintiffs respectfully submit that an action cannot fairly be deemed ready for trial while simultaneously depriving Plaintiffs of the ordinary opportunity for a Scheduling Order to be entered and to discover evidence necessary to prove their claims and respond to Defendants' defenses.

Plaintiffs therefore request that this Honorable District Court VACATE ECF 176.

**OBJECTION NO. 3: CERTIFICATION THAT THE PRETRIAL REFERENCE IS "*FULLY COMPLETED*" IS NOT SUPPORTED BY THE PROCEDURAL RECORD**

*Plaintiffs specifically object to the additional statement: "the Order of Reference is now FULLY COMPLETED.*"

ECF No. 176 identifies the March 16, 2026 Order of Reference and states *that the matter had been referred "for the purpose of conducting all pretrial matters*." But the fact that Magistrate Judge Patricia T. Morris is returning the reference to the District Judge does not establish that all necessary pretrial proceedings have actually been completed. The record instead demonstrates that essential pretrial proceedings have never occurred and no Scheduling Order has been entered after more than two years.

There is an important distinction between terminating or returning an Order of Reference and making the factual determination that the pretrial proceedings contemplated by that reference have been "*FULLY COMPLETED*."

Plaintiffs object to the affirmative certification that the pretrial process **was "*FULLY COMPLETED*" when the essential Scheduling Order has never been entered, pretrial proceedings—including meaningful discovery and the scheduling process necessary to govern that discovery—has never been entered nor completed.**

Plaintiffs therefore request that the District Court VACATE ECF 176 in its entirely to the extent it constitutes a determination a valid Scheduling Order has

been entered and that all necessary pretrial proceedings including but not limited to discovery in this action have actually been completed.

**OBJECTION NO. 4: ECF 176 IS FACIALLY INCONSISTENT WITH ECF 5, ECF 166, AND THE DOCKET**

ECF 5 authorized Magistrate Judge Patricia T. Morris to manage the case, *but it conditioned any readiness certification on "completion of all pretrial* ***proceedings*****" and required certification only "*****if such is the case*****." The docket does not show that the essential pretrial process ever occurred.**

- **No Rule 16 Scheduling Order**
- **No Scheduling Conference**
- **No Rule 26(f) report or discovery plan**
- **No opening or closing of discovery**
- **No deadline for interrogatories, document requests, depositions, or expert discovery**
- **No dispositive-motion cutoff established by the Court**
- **No final-pretrial order, witness lists, exhibit lists, motions in limine, or proposed jury instructions**
- **No docket event demonstrating that the stayed claim was reinstated, adjudicated, severed, or otherwise rendered trial-ready**

Accordingly, ECF 176 does not merely omit an explanation. Its asserted predicate – that the referred pretrial proceedings were completed-is contradicted by the docket and clearly erroneous.

**<u>WHAT ECF 5 ACTUALLY REQUIRED:</u>**

In addition to Paragraph A, Paragraph B expressly assigned Magistrate Judge Patricia T. Morris responsibility for:

> "***<u>Organizing and implementing a discovery schedule</u>*****, *motion deadlines, and any other case management procedures which in her judgment are needed*****."

Nothing on the docket shows that Magistrate Judge Patricia T. Morris exercised that assigned responsibility by entering a discovery or case-management schedule.

**Page 2 of ECF 5, PageID.100**, imposed a condition on the eventual certification:

> "***upon completion of all pretrial proceedings as set forth herein (including the issuance of a Report and Recommendation on dispositive motions, if any are filed), the Magistrate Judge shall certify in writing to the Court that the matter is ready for trial, if such is the case*****."

The controlling words are:
**- "*upon completion*";**
**- "*all pretrial proceedings*";**
**- "*as set forth herein*"; and**
**- "*if such is the case.*"**

That language does not authorize a certification merely because no motions happened to be pending before Magistrate Judge Patricia T. Morris at that moment.

It contemplates completion of the case-management assignment itself.

**<u>WHAT ECF 166 DID – AND DID NOT DO:</u>**

Hon. Lawson's ECF 166 did not replace or narrow ECF 5. It expressly continued Magistrate Judge Patricia T. Morris's referral:

> "***until the magistrate judge certifies that the case is ready for trial, or until further order of the Court.***"

That provision describes when the referral terminates. It does not eliminate the prerequisites contained in ECF 5 or authorize certification before the case is actually ready for trial.

*ECF 166 also says that Hon. Lawson reviewed the record and believed "the progress of the case*" would be facilitated by continuing the referral. That is **difficult to reconcile with a certification five months later when the docket reflects no intervening Scheduling Order, discovery management, or discovery activity.**

The docket history contradicts ordinary trial readiness. The docket reflects extensive motion practice, but motion practice is not the same as completion of pretrial proceedings.

The existence or disposition of the many motions does not establish that discovery was completed. In particular, a party's early summary –judgment motion does not create a discovery cutoff and does not establish that every party received a meaningful opportunity to obtain discovery.

The decisive docket omission is not simply "there was little discovery." It is **that the Court never entered a Scheduling Order, and never established when**

**discovery began, when it ended, or when dispositive motions were due**.

A clearly erroneous certification that "*all discovery has been completed*" is materially different from a finding that the parties failed to conduct discovery **before a previously established cutoff. Here, the docket identifies no Scheduling Order was entered after more than two years, and no discovery cutoff that has expired.**

**OBJECTION 5. THE ABSENCE OF A RULE 16 SCHEDULING ORDER IS MATERIAL AND PREJUDICIAL TO PLAINTIFFS**

The absence of a scheduling order is not a technical or immaterial omission under these circumstances. Rule 16(b) establishes a mechanism for managing a civil action and setting deadlines necessary to move the case toward adjudication. A scheduling order ordinarily supplies the very deadline that would permit a court later to determine that discovery has "closed."

**Here, Plaintiffs respectfully submit that there is no Scheduling Order ever entered on the docket after more than two years establishing when discovery was to be completed.**

There is therefore no order from which Plaintiffs—or the District Court reviewing ECF No.176 can determine:

-when fact discovery was required to commence or conclude;
-when depositions were required to be completed;
-when expert disclosures or expert discovery were required to occur;
-when dispositive motions were required to be filed; or
-when the parties were required to complete the remaining steps necessary to prepare this action for trial.

Most significantly, Plaintiffs did not knowingly allow a court-established discovery period to expire.

**Plaintiffs' objection is that no such Scheduling Order or discovery schedule was established after more than two years and no meaningful discovery period was completed in the first instance.**

Erroneously declaring discovery "*closed*" under those circumstances would

effectively deprive Plaintiffs of discovery without first providing the procedural opportunity to conduct it.

**OBJECTION NO. 6: PLAINTIFFS SHOULD NOT BE PREJUDICED BY A CERTIFICATION THAT CREATES AN INACCURATE PROCEDURAL RECORD**

Plaintiffs object to the entirety of ECF 176 because leaving ECF No. 176 uncorrected will materially prejudice Plaintiffs.

The certification creates a formal docket record stating that discovery is closed, that this action is ready for trial, and that pretrial proceedings are fully completed.

Those statements could later be relied upon to deny discovery, prevent depositions, preclude evidence, reject dispositive motions as untimely, limit witnesses or exhibits, or otherwise suggest that Plaintiffs failed to act during a discovery or pretrial period that, in fact, was never established and completed.

Plaintiffs therefore object now to ECF 176 in its entirety so that their rights are preserved and the docket accurately reflects the procedural posture of this action.

Plaintiffs respectfully request that they not be deemed to have entry of a Scheduling Order, or waived discovery, or any other pretrial right based upon deadlines that were never established and the clearly erroneous ECF 176.

**OBJECTION 7: ALTERNATIVE REQUEST FOR CLARIFICATION AND RELIEF**

Even if the District Court determines that ECF No. 176 is an administrative certification rather than an "order" within the strict meaning of Rule 72(a), Plaintiffs respectfully request that the Court construe this filing according to its substance and exercise its authority to correct or clarify the procedural record.

The challenged and clearly erroneous document, ECF 176, is a signed judicial certification filed on the docket that affirmatively and simultaneously erroneously states that discovery "*is closed*," that the action "*is ready for trial*,"

and that the pretrial reference is "*FULLY COMPLETED*."

Those clearly erroneous certified statements filed at ECF 176 have substantive consequences for Plaintiffs' ability to litigate this action.

Accordingly, Plaintiffs alternatively request that the District Court construe these objections as a motion for clarification, reconsideration, modification, or other appropriate relief necessary to prevent ECF No. 176 from being construed as a determination that Plaintiffs completed, waived, or forfeited discovery or other pretrial proceedings, or to entry of a Scheduling Order.

**OBJECTION NO. 8: REQUEST TO STAY THE EFFECT OF ECF NO. 176 PENDING RESOLUTION OF PLAINTIFFS OBJECTIONS**

Plaintiffs respectfully request that this Honorable District Court stay the effect of the challenged portions of ECF No. 176 and vacate ECF in its entirety pending resolution of these objections.

ECF No. 176 does not merely return the Order of Reference to the District Judge. It affirmatively and erroneously certifies that "*Discovery is closed*," that *"this action is ready for trial," and that the Order of Reference is "FULLY COMPLETED*."

Unless the effect of those determinations is stayed, Plaintiffs will suffer substantial procedural prejudice before this Honorable District Court determines whether the certification – ECF 176 is clearly erroneous or contrary to law.

**As explained above, Plaintiffs contend that no Rule 16 Scheduling Order**

**has been entered after more than two years, no established discovery period or discovery cutoff was entered, no meaningful discovery period was completed, and no depositions were conducted**. Plaintiffs therefore are not **requesting anextension of a discovery deadline that they allowed to expire.**

Rather, Plaintiffs object that discovery has been erroneously declared "*closed*" by Magistrate Judge Patricia T. Morris without Plaintiffs first having been

afforded the ordinary Scheduling Order, and the scheduled discovery process necessary to prepare their remaining claims, and that clearly erroneous causing prejudice to Plaintiffs.

Without a stay or equivalent protective order, ECF No. 176 could be construed as immediately precluding Plaintiffs from conducting discovery, taking depositions, obtaining evidence, or otherwise completing necessary pretrial proceedings while their objections to the clearly erroneous ECF 176 remain unresolved. The action could also proceed toward trial based upon the disputed and clearly erroneous premise that discovery and all necessary pretrial proceedings have already been completed.

Such consequences could substantially impair the effectiveness of Rule 72(a) review. If Plaintiffs are required to proceed on the premise that discovery is closed and the action is trial-ready before the District Court determines whether those very conclusions are clearly erroneous, subsequent relief may not adequately cure the resulting prejudice.

A temporary stay would preserve the existing procedural status while imposing no comparable prejudice upon Defendants. Plaintiffs seek only to maintain the status quo until the Honorable District Judge determines whether ECF No. 176 is clearly erroneous and does not accurately reflect the procedural posture of this action.

Plaintiffs further respectfully note that E.D. Mich. LR 72.2 provides that a magistrate judge's ruling on a nondispositive motion or matter remains in full force and effect unless and until it is stayed. Accordingly, to the extent ECF No. 176 constitutes or operates as a nondispositive determination that discovery is closed and this action is ready for trial, Plaintiffs expressly request a stay of those determinations pending the Honorable District Court's review.

Alternatively, if the Court determines that the Certification is not an "order" or "ruling" subject to a stay under Rule 72(a) and LR 72.2, Plaintiffs respectfully

request an equivalent protective order or clarification providing that, pending disposition of these objections:

Plaintiffs shall not be deemed to have waived, forfeited, or completed discovery; no party shall be prejudiced based upon an asserted discovery cutoff that was not established by a Rule 16 Scheduling Order; ECF No. 176 shall not be construed as precluding Plaintiffs from requesting or conducting appropriate discovery if the Honorable District Court determines that a Scheduling Order and discovery remains necessary; Plaintiffs shall not be required to proceed to trial based upon the disputed and clearly erroneous premise that discovery and all necessary pretrial proceedings have been completed; and no trial-preparation deadline or other procedural consequence shall be imposed against Plaintiffs based solely upon the challenged and clearly erroneous determinations in ECF No. 176 before these objections are adjudicated.

OBJECTION No 9: **PLAINTIFF'S MOTION FOR RULE 16(b) SCHEDULING ORDER, OPENING OF DISCOVERY, AND OBJECTION TO MAGISTRATE'S CERTIFICATE OF READINESS**

Plaintiffs filed their complaint October 24,2023 and Defendants were served by October 30th. Under the Rules of Civil Procedure the Rule 26(f)was due by January 28,2024. Rule 16(b) is Non-Discretionary and Mandatory.

Federal Rule of Civil Procedure 16(b)(2) explicitly dictates that a scheduling order "**must issue... within 90 days after any defendant has been served**." The rule does not state that a court "may" issue an order; it uses the mandatory directive "**must**." The Sixth Circuit Court of Appeals has repeatedly reinforced that compliance with Rule 16 is mandatory for the orderly management of justice. In Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003), the Sixth Circuit emphasized that the text of Rule 16(b) is mandatory and that scheduling orders are essential procedural mechanisms that courts are required to implement to prevent arbitrary delays and ensure an orderly path to trial.

**The Court Cannot Bypass the Rules of Civil Procedure**.

A court cannot simply circumvent the established infrastructure of pretrial discovery. The Sixth Circuit addressed such structural circumventions in In re National Prescription Opiate Litigation, 956 F.3d 838 (6th Cir. 2020), holding that a court abuses its discretion when it abandons standard case management mechanics. The Federal Rules apply universally; a magistrate judge lacks the authority to construct an ad-hoc track that completely erases a litigant's right to discovery.

**Proceeding to Trial Without Discovery Violates Due Process.**

By certifying this case as "*ready for trial*" when no discovery has occurred, the court is effectively imposing an unstated, permanent stay of discovery. Federal jurisprudence establishes that an indefinite stay of discovery without a reasoned, highly specific protective order constitutes a clear abuse of discretion. Forcing a Plaintiffs to try a case without the ability to issue subpoenas or request documentation turns the federal legal process into an unconstitutional ambush.

**OBJECTION NO. 10: ECF 176 THE CERTIFICATE OF TRIAL READINESS IS ERRONEOUS AS A MATTER OF LAW BECAUSE IT DIRECTLY VIOLATES THIS COURT'S ACTIVE STAY OF PROCEEDINGS.**

A stay of proceedings possesses an absolute legal effect: it freezes a case in time, halts all litigation activities, and suspends all scheduling deadlines. A court cannot simultaneously maintain an active stay of proceedings and fast-track a case to a final trial. By entering a Certificate of Trial Readiness while the District Judge's stay order remained active, the Magistrate Judge acted ultra vires—beyond her legal authority. A Magistrate Judge lacks the power to unilaterally override or ignore a standing stay issued by the District Article III Judge. Because the stay legally prohibited the parties from taking any steps toward trial preparation, the Magistrate Judge's certification that this case is "*ready for trial*" is a legal fiction and a nullity that must be vacated immediately.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to STAY the effect of ECF No. 176 insofar as it determines that discovery is closed, that this action is ready for trial, and that all necessary pretrial proceedings have been completed, until the District Court adjudicates Plaintiffs' Rule 72(a) objections; or, alternatively, enter an appropriate protective or clarifying order preserving Plaintiffs' Scheduling Order, discovery, and pretrial rights pending resolution of these objections.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court:

A. SUSTAIN Plaintiffs' objections to ECF No. 176;

B. VACATE ECF 176 in its entirety or VACATE the portions of ECF No. 176 stating that "*Discovery is closed*"; and that "*this action is ready for trial*"; and that the pretrial reference is "*FULLY COMPLETED*"

E. Expressly find or clarify that Plaintiffs have not waived or forfeited their right to have a Scheduling Order entered, or to have discovery by failing to comply with a Scheduling Order and discovery deadline that was never established;

F. Enter an appropriate Scheduling Order under Fed. R. Civ. P. 16 establishing a meaningful period for discovery and appropriate deadlines for depositions, other discovery, dispositive motions, expert disclosures if applicable, witness and exhibit disclosures, and remaining pretrial proceedings;

G. Permit Plaintiffs a meaningful opportunity to conduct discovery necessary to prepare the remaining claims for adjudication and trial; and

H. Grant such other and further relief as the Court determines just and appropriate.

Respectfully submitted,

/s/ Peggy Zlatkin
Peggy Zlatkin, Plaintiff, Pro Se
6632 Telegraph Rd., #176
Bloomfield Hills, MI 48301
989.387.6577
peggyz7412@gmail.com

/s/ Sharon Rose Zlatkin
Sharon Rose Zlatkin, Plaintiff, Pro Se
6632 Telegraph Rd., #176
Bloomfield Hills, MI 48301
989.387.6577
peggyz7412@gmail.com

Dated: September 3, 2026

-
-
-
-
-
-
-
-
-
-
-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2026, I served a copy of PLAINTIFFS' OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE PATRICIA T. MORRIS' CERTIFICATION OF COMPLETION OF PRETRIAL PROCEEDINGS (ECF NO. 176) upon all counsel and/or parties entitled to service via the pro se upload system.

Sincerely,

Peggy Zlatkin, Plaintiff, Pro Se