29

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN**

**NORTHERN DIVISION**

FILED
NOV 17 2026
CLERK'S OFFICE
DETROIT

**PEGGY ZLATKIN and SHARON ZLATKIN,** **Case No. 1:23-cv-12693**

Plaintiffs, **HONORABLE DAVID M.LAWSON**

v.

**COUNTY OF GLADWIN,STEVEN WORPEL,ROBERT LEE,**

**JUSTIN HENDERSON,JAMES MAVEL,JR.,AARON MILLER,NORMAN GAGE,**

**VICKI SUE CHICKERING**

Defendants.

______________________________________________/

PLAINTIFFS' MOTION AND BRIEF FOR PRELIMINARY INJUNCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 65 TO ENJOIN ENFORCEMENT OF $250,000 CASH BOND AND TO ENJOIN FURTHER CRIMINAL PROCEEDINGS

______________________________________________/

STATEMENT OF CONCURRENCE (E.D. MICH. LR 7.1(a))

Pursuant to Eastern District of Michigan Local Rule 7.1(a), Plaintiffs certify that on November 9,2026, Plaintiffs conferred with counsel for Defendants via email and telephone], explaining the nature of this Motion and its legal basis, and requested concurrence in the relief sought. Counsel for Defendants for Robert Lee,Justin Henderson, Vickie Sue Chickering both AGs Defendants do not concur on 11/10/2026

/ Mr.. Wild CMDA Law firm for James Maveal Jr., Aaron Miller,Norman Gage,County of Gladwin did not respond after email and telephone call November 10,2026..

Margaret A. Bettenhausen (P75046). Haider Kazim(P66146) Danielle Allison-Yokum (P70950). Neal A.Wilds (P85924)

Assistant Attorney General

Attorney for Vicki Sue Chickening.

Michigan Dept. Attorney General

Attorney For Defendants

ENRA Division.

P.O. Box 30755, Lansing MI.48909.

517-335-7664.

bettenhausenm@michigan .gov

Allisonyokomd@michigan.gov

Matthew W.Cross(P77526)

CUMMINGS, McCLOREY,

Gladwin County,James Maveal Jr, Steven Worpel Aaron Miller, Norman Gage

125 Park Street,Suite 300

Traverse City,MI 49684

231-922-1888

hkazim@cmda-law.com

nwilds@cmda-law.com

Sharon Rose Zlatkin and

Peggy Zlatkin,

PLAINTIFFS, In Pro Se

6632 Telegraph Rd. # 176

Bloomfield Hills, MI 48301

(989) 387-6577

peggyz7412@gmail.com

Shelley M. McCormick (P80311)

Assistant Attorney General

MI Dept of Attorney General

State Operations Division

Atty for CoDef Justin R. Henderson and

Robert Lee

PO Box 30754, Lansing, MI 48909

517-335-7573

McCormickSl@michigan.gov

TABLE OF AUTHORITIES

United States Supreme Court


• Barker v. Wingo, 407 U.S. 514 (1972)

• Dombrowski v. Pfister, 380 U.S. 479 (1965)

• Hamilton v. Alabama, 368 U.S. 52 (1961)

• Katz v. United States, 389 U.S. 347 (1967)

• Mitchum v. Foster, 407 U.S. 225 (1972)

• Norton v. Shelby County, 118 U.S. 425 (1886)

• Rothgery v. Gillespie County, 554 U.S. 191 (2008)

• Strickland v. Washington, 466 U.S. 668 (1984)

• Thompson v. Clark, 596 U.S. 36 (2022)

• United States v. Cronic, 466 U.S. 648 (1984)

• United States v. Leon, 468 U.S. 897 (1984)

• Wong Sun v. United States, 371 U.S. 471 (1963)

• Younger v. Harris, 401 U.S. 37 (1971)


Sixth Circuit Court of Appeals


• Causey v. City of Bay City, 442 F.3d 524 (6th Cir. 2006)

• Daughenbaugh v. City of Tiffin, 150 F.3d 594 (6th Cir. 1998)

• Fieger v. Cox, 524 F.3d 770 (6th Cir. 2008)

• Fields v. Henry County, Tennessee, 701 F.3d 180 (6th Cir. 2012)

• Foster Wheeler Energy Corp. v. Metropolitan Knox Solid Waste Authority, 970 F.2d 199 (6th Cir. 1992)

- Heflin v. Stewart County, 958 F.2d 709 (6th Cir. 1992)
- Jones v. Caruso, 569 F.3d 258 (6th Cir. 2009)
- Jones v. Clark County, 959 F.3d 748 (6th Cir. 2020)
- Koontz v. Glossa, 731 F.2d 365 (6th Cir. 1984)
- Mitchell v. Mason, 325 F.3d 732 (6th Cir. 2003)
- Morgan v. Fairfield County 903 F. 3d 553 (6th Cir.2018)
- Smith v. Department of Public Health, 428 Mich. 540,410 N.W. 2d 749(1987)
- Speech First, Inc. v. Schlissel, 939 F.3d 756 (6th Cir. 2019)
- Tindall v. Wayne County Friend of the Court, 269 F.3d 533 (6th Cir. 2001)
- United Pet Supply, Inc. v. City of Chattanooga, 768 F.3d 464 (6th Cir. 2014)
- United States v. Dunn (U.S.)
- United States v. A. Erpenbeck, Jr., 682 F.3d 472 (6th Cir. 2012)
- United States v. Beaman, 631 F.2d 85 (6th Cir. 1980)
- United States v. Latham, 54 F. App'x 441 (6th Cir. 2002)
- United States v. McPhearson, 469 F.3d 518 (6th Cir. 2006)
- United States v. Powell, 847 F.3d 760 (6th Cir. 2017)
- United States v. Rohrig, 98 F.3d 1506 (6th Cir. 1996)
- United States v. Sutton, 862 F.3d 547 (6th Cir. 2017)
- United States v. Watford, 468 F.3d 891 (6th Cir. 2006)
- Van v. Jones, 475 F.3d 292 (6th Cir. 2007)
- Vitolo v. Guzman, 999 F.3d 353 (6th Cir. 2021)
- Watson v. Pearson, 928 F.3d 507 (6th Cir. 2019)

- Williams v. Haviland, 467 F.3d 527 (6th Cir. 2006)
- Wilson v. City of Zanesville, 954 F.2d 349 (6th Cir. 1992)
- Winter v. Wolnitzek, 834 F.3d 681 (6th Cir. 2016)

Michigan State Courts

- Corbitt v. Timmerman, 95 Mich. 581, 55 N.W. 437 (1893)
- People v. Jackson, 192 Mich. App. 10, 480 N.W.2d 283 (1991)

Statutes, Rules & Other Authorities

- 28 U.S.C. § 1331
- 28 U.S.C. § 2283 (Anti-Injunction Act)
- 42 U.S.C. § 1983
- Fed. R. Civ. P. 65
- E.D. Mich. LR 7.1
- Mich. Comp. Laws § 780.981 et seq. (Michigan Indigent Defense Commission Act)
- Mich. Ct. R. 6.104(F)
- MIDC Standard 5 (Independence from the Judiciary)
- MIDC Grant Manual § 3.3–3.4

COMES NOW Plaintiffs Peggy Zlatkin and Sharon Zlatkin, appearing pro se, and respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction enjoining Defendants Gladwin County and the Gladwin County Prosecuting Attorney from enforcing, collecting upon, or otherwise relying upon a $250,000 cash bond imposed on Co-Plaintiff Sharon Zlatkin, and enjoining all further criminal proceedings predicated upon a warrantless raid conducted without ordinance authority, through a void arraignment conducted without lawful counsel, without notice, and upon a docket reflecting no properly scheduled criminal arraignment. In support of this Motion, Plaintiffs state as follows:

STATEMENT OF ISSUES PRESENTED (E.D. MICH. LR 7.1(d)(2))

1. Whether this Court has authority under 42 U.S.C. § 1983 and the Mitchum v. Foster exception to the Anti-Injunction Act to enjoin enforcement of a $250,000 cash bond and further criminal proceedings where the State has abandoned the prosecution for over five years, and Younger abstention is inapplicable due to bad faith and the absence of an ongoing state enforcement action.

Plaintiffs answer: Yes.

2. Whether Plaintiffs satisfy the four-factor test for a preliminary injunction under Federal Rule of Civil Procedure 65 where the underlying criminal prosecution is void ab initio due to a warrantless search without ordinance authority, constructive denial of counsel at a critical stage, a five-year speedy trial violation, excessive bail, and due process violations.

Plaintiffs answer: Yes.

CONTROLLING OR MOST APPROPRIATE AUTHORITY (E.D. MICH. LR 7.1(d)(2))

• Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 exception to Anti-Injunction Act)

• Winter v. Wolnitzek, 834 F.3d 681 (6th Cir. 2016) (Younger abstention inapplicable absent ongoing enforcement action)

• Younger v. Harris, 401 U.S. 37 (1971) (Bad-faith exception to abstention)

• Norton v. Shelby County, 118 U.S. 425 (1886) (Unconstitutional acts confer no rights)

• Hamilton v. Alabama, 368 U.S. 52 (1961) & United States v. Cronic, 466 U.S. 648 (1984) (Denial of counsel at a critical stage)

• Barker v. Wingo, 407 U.S. 514 (1972) (Sixth Amendment right to a speedy trial)

• Fields v. Henry County, Tennessee, 701 F.3d 180 (6th Cir. 2012) (Eighth Amendment excessive bail)

• Jones v. Caruso, 569 F.3d 258 (6th Cir. 2009) & Vitolo v. Guzman, 999 F.3d 353 (6th Cir. 2021) (Preliminary injunction standard)

I. INTRODUCTION

This Motion seeks to enjoin enforcement of a $250,000 cash bond that has been hanging over Co-Plaintiff Sharon Zlatkin since April 26, 2021 — more than five years — on a criminal case that is dead (Exhibit 37, Register of Actions ). The State has admitted to law enforcement that it is "not interested in prosecuting the case at this time," that no active warrants exist, and that it is not interested in extradition (ECF No. 33 PageID 600), Affidavit of Lt. Carolyn Posey). Yet the $250,000 bond remains.

The bond must be exonerated — not reduced — and the criminal proceedings must be enjoined for three independent reasons:

1. The entire prosecution is void from its inception because it flows from a warrantless raid conducted without any ordinance authority. Under Norton v. Shelby County, 118 U.S. 425, 442 (1886), an unconstitutional act "confers no rights; it imposes no duties; it is, in legal contemplation, as inoperative as though it had never been passed."

2. The arraignment was void because the attorney who appeared, Rebecca Kreicher, had no legal authority. Her appointment derives from a Michigan Indigent Defense Commission ("MIDC") contract held by Commissioner Karen Moore's entity that violates MIDC Standard 5's independence requirements (Exhibit [_40__], MIDC Contract / Grant Records). A public contract entered in violation of statutory authority is void ab initio. Moreover, Kreicher had previously asked the state court to issue a show cause order against Sharon (Exhibit [_49__], Nov. 24, 2020 Tr. at 3) and was explicitly told by Judge Joshua M. Farrell not to do anything further to defend Sharon (Exhibit [_52__], Jan. 5, 2021 Tr. at 7, 10). Kreicher's appearance was therefore a legal nullity, and the $250,000 bond set at that uncounseled proceeding violates the Sixth Amendment.

3. The case is dead and Younger abstention does not apply. The Sixth Circuit has held that "in the absence of an ongoing enforcement action, Younger has no role to play." Winter v. Wolnitzek, 834 F.3d 681, 688 (6th Cir. 2016). The prosecutor's admission that it is not interested in prosecuting — documented in the sworn affidavit of Lt. Carolyn Posey (ECF No.33 PageID 600 — constitutes abandonment of the prosecution and termination in favor of the accused.

A federal court that grants this injunction does NOT take over the criminal charges. The federal court does not prosecute crimes. It simply orders the State to stop enforcing a void bond on a dead case. The criminal charges are not transferred to the federal system. After more than five years with no arrest, no prosecution, and the State's own admission that it has no interest in pursuing the case, the bond must be exonerated and any further proceedings enjoined. There is no lawful "starting over" available to the State — the statute of limitations has run, speedy trial violations apply to any re-initiation, and the fruit of the poisonous tree doctrine bars any evidence from the warrantless raid.

## II. JURISDICTION AND AUTHORITY FOR FEDERAL INJUNCTION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983 (civil rights). The claims arise under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

### B. Anti-Injunction Act — The Mitchum v. Foster Exception

The Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining state court proceedings. However, the Supreme Court held in Mitchum v. Foster, 407 U.S. 225, 242–43 (1972), that 42 U.S.C. § 1983 is one of the "expressly authorized" exceptions to the Anti-Injunction Act. This Court therefore has full authority to enjoin the state court proceeding and the enforcement of the bond.

### C. Younger Abstention — The Bad Faith Exception

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts generally abstain from interfering with ongoing state criminal proceedings. However, the Supreme Court recognized an exception for proceedings brought in bad faith or for the purpose of harassment. Younger, 401 U.S. at 54. The Sixth Circuit applies a three-factor test: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceeding. Fieger v. Cox, 524 F.3d 770, 775 (6th Cir. 2008). Even when these factors are met, federal intervention is warranted "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger, 401 U.S. at 45.

The bad faith exception applies here. Although the bad faith exception is narrow, it applies where state officials act in bad faith or for the purpose of harassing the plaintiff, supported by specific evidence rather than conclusory allegations. See Tindall v. Wayne Cnty. Friend of the Court, 269 F.3d 533, 539–40 (6th Cir. 2001); Dombrowski v. Pfister, 380 U.S. 479, 490 (1965). Lt. Carolyn Posey's sworn affidavit (ECF No.33 PageID 600) provides specific, objective evidence of bad faith: the State represented to the court that it could not locate Sharon, while simultaneously telling law enforcement that it had no interest in prosecuting her, no active warrants existed, and it was not interested in extradition.

D. Younger Abstention Does Not Apply — There Is No "Ongoing" Proceeding

The state criminal case against Co-Plaintiff Sharon Zlatkin is dead. It has been dead since July 21, 2021, when the Gladwin County Prosecutor's office told law enforcement — in a statement documented by Lt. Carolyn Posey's sworn affidavit (ECF 33, PageID 600) —

that it was "not interested in prosecuting the case at this time," that no active warrants existed, and that it was not interested in extradition.

1. No Ongoing Enforcement Action

In Winter v. Wolnitzek, 834 F.3d 681, 688 (6th Cir. 2016), the Sixth Circuit held:

"In the absence of an ongoing enforcement action, Younger has no role to play, leaving us with authority, indeed an obligation, to resolve the case."

Here, the State has not taken any enforcement action for over five years — no motion practice, no trial settings, no discovery, and no proceedings of any kind (Exhibit [37], State Court Docket). The prosecutor's office has affirmatively stated it is "not interested in prosecuting the case at this time" (ECF No.33 PageID 600). Younger has no role to play.

2. No "Interference" With State Proceedings

Younger abstention applies only when the requested relief would "interfere" with active state proceedings. Here, there are no active state court proceedings to interfere with. Enjoining enforcement of a void bond on an abandoned case does not interfere with any valid state judicial function. Moreover, the Sixth Circuit has held that "voluntary cessation of the alleged illegal conduct does not, as a general rule, moot a case." Speech First, Inc. v. Schlissel, 939 F.3d 756, 767 (6th Cir. 2019). The State's cessation of prosecutorial activity does not moot this Court's authority to act — and conversely, the State's inaction does not constitute an "ongoing proceeding" requiring abstention.

3. No Adequate State Forum

Younger requires that the state proceeding provide an "adequate opportunity" to raise federal constitutional challenges. Here, the State has provided no forum at all for over five years. and the state court records demonstrate, the state court process has broken down through uncertified and incomplete transcripts — (Exhibit [23] and Exhibit [_36__]), destroyed or withheld audio recordings, and non-compliance with Mich. Ct. R. 6.104(F) — rendering the state court incapable of providing an adequate mechanism for review. The missing 2.5-hour transcript of the April 26, 2021 proceeding means a verbatim record cannot be produced (Exhibit [_26__]).

E. The Prosecutor's Admission Constitutes Abandonment — The Case Is Terminated

The U.S. Supreme Court and the Sixth Circuit have recognized that when the government abandons a prosecution without a conviction, the case is terminated in favor of the accused. See Thompson v. Clark, 596 U.S. 36, 49 (2022) (holding that favorable termination requires only a showing that the criminal prosecution ended without a conviction); Jones v. Clark Cnty., 959 F.3d 748, 764 (6th Cir. 2020) (recognizing that abandonment of proceedings because a conviction has become improbable constitutes termination in favor of the accused).

Michigan law further supports this conclusion. In People v. Jackson, 192 Mich. App. 10, 15, 480 N.W.2d 283 (1991), the court held that a prosecutor's promise or agreement not to prosecute is binding and that allowing subsequent prosecution would be an abuse of prosecutorial authority. The prosecutor's official statement to Lt. Posey — a sworn law enforcement officer (ECF No. 33 PageID 600) — binds the State.

F. A Federal Court Does Not "Take Over" Criminal Charges

Granting this Motion does NOT transfer the criminal charges to federal court. The federal court does not prosecute state crimes or adopt the State's criminal case. It simply orders Defendants to stop enforcing a void bond on an abandoned case. There is no lawful path for the State to "start over":

• The statute of limitations has run on the underlying charges;

• Any re-initiation is barred by the Sixth Amendment right to a speedy trial;

• The fruit of the poisonous tree doctrine bars all evidence from the warrantless raid;

• No ordinance existed to authorize the raid; and

• The defective warrant and void arraignment cannot be cured by re-filing.

III. FACTUAL BACKGROUND

A. The Warrantless Raid

On or about November 4,2020, government officials conducted a raid of Plaintiffs' farm in Gladwin County, Michigan (Exhibit 37 , 47 Raid ). The farm was fenced, posted with "No Trespassing" signs, and private , Property / Signage Evidence). The raid was conducted without a search warrant and no ordinance authorized it (ECF No. 58 1115.. The Sixth Circuit has consistently held that such properties receive Fourth Amendment protection:

• Morgan v.Fairfield County,903 F.3d 553,561-62(6th Cir.2018) and United States v.Dunn, 480U.S. 294,301(1987): Locked gate, numerous "No Trespassing" signs, and private road all taken together constitute ample evidence of a subjective expectation of privacy.

• Causey v. City of Bay City, 442 F.3d 524, 529 (6th Cir. 2006): A fenced yard within the curtilage of the residence receives Fourth Amendment protection.

• Watson v. Pearson, 928 F.3d 507, 511–13 (6th Cir. 2019): Officers cannot enter curtilage to look for items without a warrant. Pursuant to United States v. Dunn, 480 U.S. 294, 301 (1987); Morgan v. Fairfield Cnty., 903 F.3d at 553; Causey v. City of Bay City, 442 F.3d 524, 529 (6th Cir. 2006); Watson v. Pearson, 928 F.3d 507, 511–13 (6th Cir. 2019); and Daughenbaugh v. City of Tiffin, 150 F.3d 594, 598–601 (6th Cir. 1998).

• Daughenbaugh v. City of Tiffin, 150 F.3d 594, 598–601 (6th Cir. 1998): Physical barriers establish curtilage and a reasonable expectation of privacy.

Under Wilson v. City of Zanesville, 954 F.2d 349, 351–52 (6th Cir. 1992), even when an ordinance exists, due process and the Fourth Amendment require a warrant. The absence of any ordinance makes the action completely unauthorized. See United Pet Supply, Inc. v. City of Chattanooga, 768 F.3d 464, 487–88 (6th Cir. 2014).

All evidence obtained from the raid is the fruit of an unconstitutional, unauthorized act. Wong Sun v. United States, 371 U.S. 471, 484–88 (1963); United States v. Powell, 847 F.3d 760, 768 (6th Cir. 2017). The good-faith exception under United States v. Leon, 468 U.S. 897 (1984), cannot apply because officers did not rely in good faith on a facially valid warrant — there was no warrant and no legal basis for the search whatsoever. See United States v. McPhearson, 469 F.3d 518, 526 (6th Cir. 2006).

Under Norton v. Shelby County, 118 U.S. 425, 442 (1886), this unconstitutional, unauthorized act "confers no rights; it imposes no duties; it is, in legal contemplation, as inoperative as though it had never been passed." The entire criminal prosecution — from

the raid through the arraignment to the $250,000 cash bond — lacks any lawful foundation.

B. The Void MIDC Contract, Adversarial Conduct, and Unauthorized Counsel

Commissioner Karen Moore operates Indigent Defense Consulting ("IDC"), which holds an exclusive MIDC contract for indigent defense services in Gladwin County and seven other counties (Exhibit [__24_], MIDC Contract / County Records). Moore's contract violates MIDC Standard 5 (Mich. Comp. Laws § 780.981 et seq.), which mandates independence from the judiciary and local enforcement, because Moore controlled the indigent defense budget while simultaneously overseeing animal control and ordinance enforcement — creating direct conflicts of interest prohibited by MIDC Grant Manual § 3.3–3.4. This contract is ultra vires and void ab initio under Smith v. Dep't of Pub. Health, 428 Mich. 540 (1987) and Foster Wheeler, 970 F.2d at 202–03, noting that unauthorized appearances are nullities under Corbitt v. Timmerman, 95 Mich. 581, 583 (1893).

The Sixth Circuit has held that a public entity's obligations are limited to those expressly authorized by law. Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., 970 F.2d 199, 202-203 (6th Cir. 1992) and Smith v. Department of Public Health, 428 Mich.540,N.W.2d 749(1987). A contract entered in violation of statutory authority is void ab initio. Rebecca Kreicher was a subcontractor appointed under Moore's void contract. Because the underlying contract was void, Kreicher's appointment had no legal foundation. Michigan law has long held that an attorney who appears without authority is a legal nullity. Corbitt v. Timmerman, 95 Mich. 581, 583, 55 N.W. 437 (1893)

(recognizing that a judgment resting upon the unauthorized appearance of an attorney may be set aside upon motion).

Even apart from the void contract, the certified transcripts of the 80th District Court (Files 18-1971-SM, 18-1972-SM, 19-1511-SM, 19-1576-SM, and 19-1626-SM) confirm that Kreicher acted adversarially toward Sharon and was relieved of any duty to defend her months before the April 26, 2021 bond proceeding:

• November 24, 2020 Pretrial: Instead of advocating for her putative client, Kreicher affirmatively asked the court to sanction Sharon, stating on the record: "We respectfully ask that a show cause order be entered in this matter" (Exhibit [_49__], Nov. 24, 2020 Tr. at 3).

• January 5, 2021 Hearing: During a hearing on Kreicher's motion to withdraw, District Judge Joshua M. Farrell instructed Kreicher on the record to cease all defense efforts, stating: "I'm not really asking, Mrs. Kreisher, of you to do anything above and beyond what you've already done" (Exhibit [_52__], Jan. 5, 2021 Tr. at 7) and "At this point, I don't know that there's much more you can do until she's picked up on the bench warrant. So, I'm certainly not expecting you to do anything further at this point" (Exhibit [_52__], Jan. 5, 2021 Tr. at 10).

C. The Criminal Arraignment — $250,000 Bond Set Without Valid Counsel

On April 26, 2021 — more than three months after Judge Farrell explicitly relieved Kreicher of doing anything further to defend Sharon (Exhibit [_52__]) — Kreicher appeared by Zoom in the 80th District Court for the criminal arraignment only. The Gladwin County Prosecuting Attorney sought and obtained a $250,000 cash bond on

Co-Plaintiff Sharon Zlatkin at this proceeding . Five facts demonstrate the arraignment and bond were void:

1. Counsel was ordered not to defend Sharon — Judge Farrell had already stated on the record on January 5, 2021, that he was not expecting Kreicher to do anything further to represent Sharon, and Kreicher had previously requested a show cause order against Sharon (Exhibit [__49_], Nov. 24, 2020 Tr. at 3; Exhibit [__52_], Jan. 5, 2021 Tr. at 7, 10).

2. No criminal arraignment appears on the docket — the proceeding was never properly docketed (Exhibit [_29__], State Court Docket).

3. Kreicher's name does not appear on the docket — she was never officially entered as appointed counsel (Exhibit [_29__]).

4. Sharon was never notified — denial of notice at a critical stage.

5. Kreicher never billed for her services — corroborating that no actual attorney-client relationship existed (Exhibit [__50_], Billing / FOIA Records).

D. The Civil Forfeiture Proceeding — No Counsel, No Notice

Kreicher appeared for the criminal arraignment only and did not appear for the civil forfeiture proceeding (Exhibit [_50__]). Under United States v. A. Erpenbeck, Jr., 682 F.3d 472, 476 (6th Cir. 2012), the government must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of" a forfeiture action. The complete absence of counsel and lack of direct notice violated due process. United States v. Latham, 54 F. App'x 441, 444 (6th Cir. 2002). Furthermore, converting a civil matter into a criminal proceeding without proper notice violated due

process (Exhibit [_29__]). See Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984); Williams v. Haviland, 467 F.3d 527, 535 (6th Cir. 2006).

E. Over Five Years of Inaction — The Lt. Posey Affidavit

The $250,000 bond was imposed on April 26, 2021 . Over five years have passed with no active court filings — no motion practice, no trial settings, and no discovery (ECF No.90 PageID 1733-1738_]). The State has represented that it could not locate Sharon, which is demonstrably false. The sworn affidavit of Lt. Carolyn Posey (ECF No.33 PageID 600) establishes that:

1. Lt. Posey called the Gladwin County Prosecutor's office and asked whether they wanted to extradite Sharon;

2. The prosecutor's office responded that it was "not interested in prosecuting the case at this time";

3. The prosecutor's office confirmed no active warrants existed; and

4. The prosecutor's office stated it was not interested in extradition.

Under Barker v. Wingo, 407 U.S. 514, 531 (1972), and United States v. Sutton, 862 F.3d 547, 559 (6th Cir. 2017), the government bears ultimate responsibility for bringing a defendant to trial, and deliberate or bad-faith delay weighs heavily against the State.

F. Procedural Posture — Dismissal of Individual Defendants Does Not Moot This Motion

Although individual defendants such as Rebecca Kreicher and Karen Moore have been dismissed or removed, effective relief can still be granted, and Gladwin County remains liable for unconstitutional policies or customs established by its policymaker( Exhibit No. 20). Heflin v. Stewart Cnty., 958 F.2d 709, 716 (6th Cir. 1992). Voluntary cessation of

enforcement does not moot Plaintiffs' entitlement to injunctive relief. Speech First, Inc. v. Schlissel, 939 F.3d 756, 767 (6th Cir. 2019).

IV. CONSTITUTIONAL VIOLATIONS

A. Fourth Amendment — Warrantless Raid Without Ordinance Authority

A warrantless search of private property is "per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967); accord United States v. Rohrig, 98 F.3d 1506, 1513 (6th Cir. 1996). The raid was conducted without a warrant and without any ordinance authorizing it (ECF No. 58 PageID 1115-1117). Under Wilson v. City of Zanesville, 954 F.2d 349, 351–52 (6th Cir. 1992), a warrant is required even when an ordinance exists; the complete absence of an ordinance renders the search wholly unauthorized. Under Norton v. Shelby County, 118 U.S. 425, 442 (1886), this unconstitutional act confers no legal authority, and all resulting evidence is inadmissible fruit of the poisonous tree. Wong Sun, 371 U.S. at 484–88; United States v. Powell, 847 F.3d 760, 768 (6th Cir. 2017).

B. Sixth Amendment — Right to Counsel at a Critical Stage

An arraignment and initial bail determination is a "critical stage" of a criminal prosecution requiring the presence of counsel. Hamilton v. Alabama, 368 U.S. 52, 54–55 (1961); Rothgery v. Gillespie Cnty., 554 U.S. 191, 211–12 (2008); Van v. Jones, 475 F.3d 292, 312 (6th Cir. 2007). The absence of valid counsel at a critical stage — or where counsel is judicially instructed not to act or abandons the duty of loyalty — is a constructive denial of counsel under United States v. Cronic, 466 U.S. 648, 659 (1984),

requiring reversal without a separate showing of prejudice under Strickland v. Washington, 466 U.S. 668 (1984).

Here, Kreicher's appointment derived from a void contract (Exhibit [41___]), she previously asked the court to enter a show cause order against Sharon (Exhibit [__49_], Nov. 24, 2020 Tr. at 3), and Judge Farrell explicitly instructed her on January 5, 2021, that he was not expecting her to do anything further to defend Sharon (Exhibit [_52__], Jan. 5, 2021 Tr. at 7, 10). Nominal physical presence on Zoom does not satisfy the Sixth Amendment when counsel lacks legal authority and has been relieved by the trial judge from performing any defense function. See Mitchell v. Mason, 325 F.3d 732, 742–44 (6th Cir. 2003). Kreicher never billed for her services (Exhibit [_50__]) and never entered an appearance on the docket (Exhibit [_50__]), confirming that no representation took place.

C. Sixth Amendment — Right to Speedy Trial

Over five years have passed since the $250,000 bond was imposed. Under Barker v. Wingo, 407 U.S. 514, 530 (1972), and Sixth Circuit precedent, a delay approaching or exceeding one year is "presumptively prejudicial." United States v. Watford, 468 F.3d 891, 901 (6th Cir. 2006). All four Barker factors weigh heavily in Sharon's favor:

Barker FactorAnalysis

1. Length of delay Over 5 years — far exceeds the one-year threshold (Watford, 468 F.3d at 901). Strongly favors Sharon.

2. Reason for delay The State has done nothing for five years . Deliberate delay weighs "heavily against the government" (Barker, 407 U.S. at 531). Strongly favors Sharon.

3. Assertion of right This Motion constitutes Sharon's formal assertion of her right (Barker, 407 U.S. at 531–32). Favors Sharon.

4. Prejudice Five years under a $250,000 cash bond, impaired defense, anxiety, and severe liberty restriction (Barker, 407 U.S. at 532). Favors Sharon.

D. Eighth Amendment — Excessive Bail

The test for excessiveness is whether the amount of bail is reasonably calculated to assure the defendant's appearance at trial. United States v. Beaman, 631 F.2d 85, 86 (6th Cir. 1980). The Eighth Amendment mandates that "when bail is granted, it may not be unreasonably high in light of the government's purpose for imposing it." Fields v. Henry Cnty., 701 F.3d 180, 184 (6th Cir. 2012). The $250,000 cash-only bond violates the Eighth Amendment because:

• The State has admitted it is "not interested in prosecuting the case at this time" (ECF No. 33 PageID [_33__]) — there is no trial to appear at;

• No active warrants exist (Exhibit [_1731-1732,1733-1738 Exhibit No. 37__]) — the bond secures nothing;

• The State is not interested in extradition (ECF No 33PageId 600) — it does not seek Sharon's appearance; and

• After five years of total inaction (ECF No. 90 Page ID 1737), the bond serves only an impermissible punitive purpose.

E. Fourteenth Amendment — Due Process Violations

Three independent due process violations occurred:

1. Civil forfeiture without counsel or notice: Kreicher did not appear for the civil forfeiture, and Sharon received no constitutionally adequate notice (ECF 1 PageID 45. Erpenbeck, 682 F.3d at 476; Latham, 54 F. App'x at 444.

2. Criminal arraignment without notice: Sharon was never notified of the April 26, 2021 arraignment, which was not even entered on the docket (ECF No. 1 PageId 45).

3. Civil-to-criminal conversion without notice: Converting a civil matter into a criminal prosecution without proper notice violated fundamental due process (EECF No.1 ). Koontz, 731 F.2d at 369; Williams, 467 F.3d at 535.

V. LEGAL STANDARD — FRCP 65 FOUR-FACTOR TEST

The Sixth Circuit applies a four-factor test when considering a motion for a preliminary injunction:

"(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction."

Jones v. Caruso, 569 F.3d 258, 265 (6th Cir. 2009).

In constitutional cases, "when constitutional rights are threatened or impaired, irreparable injury is presumed." Vitolo v. Guzman, 999 F.3d 353, 360 (6th Cir. 2021). Furthermore, "no cognizable harm results from stopping unconstitutional conduct, so 'it is always in the public interest to prevent violation of a party's constitutional rights.'" Id.

VI. FOUR-FACTOR ANALYSIS

Factor 1: Likelihood of Success on the Merits

Plaintiffs have a strong likelihood of success on the merits for seven independent reasons:

1. The warrantless raid was unconstitutional. Katz, 389 U.S. at 357; Wilson, 954 F.2d at 351–52.

2. The entire prosecution lacks lawful foundation under Norton v. Shelby County, 118 U.S. 425, 442 (1886).

3. All evidence is inadmissible fruit of the poisonous tree. Wong Sun, 371 U.S. at 484–88; Powell, 847 F.3d at 768.

4. The MIDC contract is void ab initio for violating MIDC Standard 5. Foster Wheeler, 970 F.2d at 202.

5. Kreicher's appearance was a legal nullity as an unauthorized attorney who was instructed not to defend Sharon (Exhibit [_52__]; . Corbitt, 95 Mich. at 583.

6. The $250,000 bond was set at an uncounseled critical stage — a per se Sixth Amendment violation. Hamilton, 368 U.S. at 54–55; Cronic, 466 U.S. at 659; Mitchell, 325 F.3d at 742–44.

7. The five-year delay violates the Sixth Amendment right to a speedy trial. Barker, 407 U.S. at 530–33; Watford, 468 F.3d at 901.

Factor 2: Irreparable Harm

The harm to Plaintiffs is ongoing and irreparable. "When constitutional rights are threatened or impaired, irreparable injury is presumed." Vitolo, 999 F.3d at 360. Specific

ongoing harms include enforcement of a void $250,000 cash bond, deprivation of the Sixth Amendment right to counsel at a critical stage, a five-year speedy trial violation, excessive bail under the Eighth Amendment, due process violations, and severe financial devastation resulting in the loss of Plaintiffs' family farm and ongoing homelessness.

Factor 3: No Substantial Harm to Others

No party suffers legitimate harm from enjoining enforcement of a void bond. The State has explicitly admitted to law enforcement that it has no interest in prosecuting the case or extraditing Sharon (ECF No.33 PageID 600). "No cognizable harm results from stopping unconstitutional conduct." Vitolo, 999 F.3d at 360.

Factor 4: Public Interest

"It is always in the public interest to prevent violation of a party's constitutional rights." Vitolo, 999 F.3d at 360. The public interest also strongly favors maintaining the integrity of the indigent defense system, enforcing lawful government contracting standards (Foster Wheeler, 970 F.2d at 202), and deterring misrepresentations by government officials.

Summary of Preliminary Injunction Factors

Factor Weighs in Favor?

1. Likelihood of success — seven independent constitutional grounds Yes — strongly

2. Irreparable harm — constitutional injury presumed, ongoing 5+ years Yes — strongly

3. No harm to others — State admitted no interest in prosecuting Yes — strongly

4. Public interest — constitutional rights and government accountability Yes — strongly

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order:

1. Granting a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining Defendants Gladwin County, the Gladwin County Prosecuting Attorney, their agents, employees, attorneys, successors, and all persons acting in concert with them, from enforcing, collecting upon, or otherwise relying upon the $250,000 cash bond imposed on Co-Plaintiff Sharon Zlatkin on or about April 26, 2021;

2. Enjoining all further criminal proceedings predicated upon, arising from, or relying upon the warrantless raid conducted without ordinance authority, the void arraignment, or the $250,000 cash bond;

3. Exonerating and discharging the $250,000 cash bond in its entirety — not reducing it — on the grounds that the prosecution is void from its inception and abandoned by the State, and the bond was imposed at an uncounseled, undocketed proceeding without notice;

4. Declaring the criminal arraignment and civil forfeiture proceedings void for lack of lawful counsel and lack of constitutionally adequate notice;

5. Enjoining enforcement of any plea, waiver, admission, or judgment arising from or predicated upon the void arraignment or void civil forfeiture proceeding;

6. Retaining jurisdiction to enforce the terms of the preliminary injunction;

7. Awarding Plaintiffs their costs and disbursements incurred in connection with this Motion; and

8. Granting such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted this November 122026,

/s/Peggy Zlatkin, Pro Se

6632 Telegraph Road

Bloomfield Hills, Mi 48301

989-387-6577

peggyz7412@gmail.com

/s/Sharon Zlatkin, Pro Se

6632 Telegraph Road

Bloomfield Hills,MI 48301

CERTIFICATE OF SERVICE Case No 1:23-cv-12693 DML-PTM

I hereby certify that on November 12,2026, I served a true and correct copy of the foregoing Plaintiffs' Motion and Brief for Preliminary Injunction Under Federal Rule of Civil Procedure 65 upon counsel for Defendants via the Clerk will upload to the Court's CM/ECF electronic filing system sent to the Court U.S. Mail postage prepaid], addressed to:

Eastern District Clerk Office Theodore Levin U.S. Courthouse

231 W.Lafayette Blvd: Room 599

Detroit, Mi 48226

Respectfully Submitted,

/s/Peggy Zlatkin

Peggy Zlatkin

6632 Telegraph Road

Bloomfield Hills, Mi 48301

989-387-6577

peggyz7412@gmail.com

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL®

PRIORITY MAIL
LARGE FLAT RATE
POSTAGE REQUIRED

RECEIVED
NOV 17 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM: Peggy Zlatkin
6632 Telegraph Rd
Bloomfield Hills, MI
48301

TO: Eastern District Clerk
OFFICE
Theodore Levin U.S.
Courthouse
231 W. Lafayette Blvd.
Room 599
Detroit, MI 48226

FOR DOMESTIC AND INTERNATIONAL USE
Label 228, December 2023

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$36.10
Origin: 48072
11/12/26
2582390103-41

PRIORITY MAIL®

6 Lb 0.70 Oz
RDC 01

EXPECTED DELIVERY DAY: 11/16/26

C052

TO:
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS TRACKING® #

9505 5114 5879 6316 9814 36

RECEIVED
NOV 17 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

LFRB November 2025
ID: 12 x 11.75 x 5.5
OD: 12.25 x 12 x 6

Flatten Before Recycling
PAPER
how2recycle.info

To schedule free Package Pickup, scan the QR code.

Label 106A, Nov 2018

PRIORITY MAIL FLAT RATE BOX
FOR DOMESTIC AND INTERNATIONAL USE